ROSA HIRJI, ESQ. | SBN 204722
  rosa@rkhlawoffice.com
ALEX RODRIGUEZ | SBN 322700
  alex@rkhlawoffice.com
**LAW OFFICES OF HIRJI & CHAU, LLP**
5173 Overland Avenue
Culver City, CA 90230
Tel. (310) 391-0330 // Fax (310) 943-0311

*Attorneys for Plaintiff* JOHN DOE

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN DOE,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>REGENTS OF THE UNIVERSITY OF CALIFORNIA, and DOES 1 through 10, inclusive,<br><br>　　　　　Defendants. | Case No.: 8:22-cv-01623 DOC (DFMx)<br><br>**PLAINTIFF'S NOTICE OF MOTION AND MOTION TO TRANSFER VENUE; MEMORANDUM OF POINTS AND AUTHORITIES, DECLARATION OF ALEX RODRIGUEZ**<br><br>Hearing Date:　October 16, 2022<br>Hearing Time:　8:30 AM<br><br>Complaint Filed:　August 31, 2022 |

**TO THE HONORABLE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that on October 16, 2022 at 8:30 AM, or as soon after that as the matter may be heard before the Honorable David O. Carter, in Department 10A, of the United States District Court for the Central District of California, located at the Ronald Reagan Federal Building, 411 West Fourth Street, Santa Ana, CA 92701, Plaintiff JOHN DOE will hereby move and hereby does move this Court for an order that venue for the above-entitled case be transferred

---
1
**PLAINTIFF'S MOTION TO TRANSFER VENUE**

to the United States District Court for the Southern District of California.

This Motion is made pursuant to 28 U.S.C. §1404(a) on the grounds that for the convenience of the parties and witness, and in the interest of justice, the United States District Court for the Southern District of California is the proper venue because (1) the Defendants Regents of the University of California operate the University of California San Diego School of Medicine within the Southern District; (2) most, if not all, of the potential witnesses are located in the Southern District, and (3) all of the alleged events or omissions giving rise to Plaintiff's claim occurred in the Southern District. In addition, this Court sua sponta may transfer any civil action to any other district court where it might have been brought, which in this instant matter the case could have been brought before the Southern District of California for the aforementioned reasons.

This Motion will be based upon this Notice, the attached Memorandum of Points and Authorities, the Declaration of Alex Rodriguez, the records and files in this action, and the oral and documentary evidence which may be introduced at the hearing.

DATED: September 14, 2022                   LAW OFFICES OF HIRJI & CHAU, LLP

_____
Alexander F. Rodriguez
Attorney for Plaintiff

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

This lawsuit arises from an action brought by Plaintiff John Doe for disability discrimination. Plaintiff alleges that Defendants Regents of the University of California and Does 1 through 10 failed to accommodate him while he was a medical student at the University of California San Diego ("UCSD") School of Medicine, resulting in disability-based discrimination.

On September 2012 Plaintiff enrolled at the UCSD School of Medicine, where for the first two years he proceeded at a normal schedule and was in good academic standing. On May 16, 2015, a drunk driver crashed into a vehicle that contained Plaintiff John Doe, along with other students from UCSD School of Medicine. Two students died in this tragic accident. Plaintiff suffered a fractured sternum, and a traumatic brain injury with loss of consciousness. He was subsequently diagnosed with a Specific Learning Disability, Post-Traumatic Stress Disorder, Post-Concussion Syndrome, and Specific Memory Difficulty. The accident derailed Plaintiff's life, and the pace upon which he could complete his M.D. graduation requirements. Despite his challenges, by September 1, 2020, Plaintiff had completed all of Defendants' graduation requirements with the exception of one medical licensing exam, the Step 2 examination, administered by the National Board of Medical Examiners. However, Defendants refused to allow him extra time to take and pass the Step 2 examination. On September 1, 2020, Defendants summarily dismissed Plaintiff from the UCSD School of Medicine, effectively ending Plaintiff's medical career.

Now, Plaintiff brings this Motion to Transfer Venue because the proper venue for this action lies within the United States District Court for the Southern District of California. The Motion to Transfer Venue should be granted because for the convenience of the parties and witness, and in the interest of justice, (1) the Defendants Regents of the University of California operate the University of

California San Diego School of Medicine within the Southern District, (2) most, if not all, of the potential witnesses are located in the Southern District, and (3) all parts of the alleged events or omissions giving rise to Plaintiff's claim occurred in the Southern District. See 28 U.S.C. §1404(a) In addition, this Court sua sponta may transfer any civil action to any other district court where it might have been brought, which in this instant matter the case could have been brought before the United States District Court for the Southern District of California for the aforementioned reasons. Furthermore, Defendant will not be prejudice by this transfer because this matter has just commenced, and Defendants will still have the opportunity to object by Rule 12 motion to both service of process and venue in the transferor district.

Therefore, Plaintiff respectfully request that the Court grant Plaintiff's Motion to Transfer Venue.

## II.   PROCEDURAL HISTORY

On August 31, 2022, Plaintiff John Doe filed a complaint before this Court for Damages and Injunctive Relief for Disability Discrimination, designated Case No. 8:22-cv-01623 DOC (DFMx). See Decl. Rodriguez, ¶3. Plaintiff alleges claims for relief for: (1) Americans with Disabilities Act (42 U.S.C. §§12181, et seq.); (2) Section 504 of the Rehabilitation Act of 1973 (29 U.S.C. §794, et seq.); (3) Unruh Civil Rights Act (Cal. Civ. Code §51(e)(1); and (4) California Government Code Section 11135. See Decl. Rodriguez, ¶4.

Now, Plaintiff brings this Motion to Transfer Venue to the proper venue before the United States District Court for the Southern District of California before the Defendants have been served in this instant matter, and the action has commenced any further.

## III.   ARGUMENT

If Plaintiff commences the action in the wrong district or division, the federal court will, upon timely and proper motion, and in the interest of justice transfer the

case to any district or division where it could have been brought. 28 U.S.C. §1406(a); see *District No. 1, Pac. Coast Dist., M.E.B.A. v. State of Alaska*, 682 F.2d 797, 799 (9th Cir. 1982). Normally, if there is another district or division in which the action could have been brought, transfer is preferred to the harsh remedy of dismissal because transfer avoids any statute of limitations problems and the necessity of filing and serving a new action. *Minnette v. Time Warner*, 997 F.2d 1023, 1026-1027 (2nd Cir. 1993).

The court must balance three factors: (1) convenience of the parties; (2) convenience of the witnesses; and (3) the interests of justice. 28 U.S.C. §1404(a); *Pfeiffer v. Himax Technologies, Inc.*, 530 F. Supp. 2d 1121, 1123 (C.D. Cal. 2008). Though broadly defined, the "interests of justice" may also involved consideration of: (1) the location where the relevant agreements were negotiated and executed; (2) the state that is most familiar with the governing law; (3) the plaintiff's choice of forum; (4) the respective parties' contracts with the forum; (5) the contacts relating to the plaintiff's cause of action in the chosen forum; (6) the differences in the costs of litigation in the two forums; (7) the availability of compulsory process to compel attendance of unwilling non-party witnesses; and (8) the ease of access to sources of proof. *Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498-99 (9th Cir. 2000). Furthermore, an action may be transferred only to a district in which "it could have been brought." 28 U.S.C. § 1406(a). This is interpreted to mean that the proposed transferee court must have: (1) subject matter jurisdiction, (2) proper venue, and (3) defendant must be subject to personal jurisdiction and be amenable to service of process in that district. Absent any of these factors, the action cannot be transferred to the proposed forum. See *Shapiro v. Bonanza Hotel Co.* 185 F2d 777, 780 (9th Cir. 1950).

Here, the United States District Court for the Southern District of California is the proper venue for this Action because most, if not all, witnesses in the action should reside in the Southern District of California. Furthermore, the Southern

District of California is the proper venue because the Defendants Regents of the University of California operate the University of California San Diego School of Medicine within the Southern District. In addition, the Southern District of California is the proper venue because in the interest of justice all parts of the alleged events or omissions giving rise to Plaintiff's claim occurred in the Southern District.

Furthermore, at the time the action commenced, the action could have been brought before the Southern District. First, the Southern District of California has subject matter jurisdiction because Plaintiff brings his claims under federal question. In addition, the Southern District is the proper venue because the aforementioned reasons above. Furthermore, the Southern District is appropriate because the Defendants are subject to personal jurisdiction and amenable to service of process in that district because Defendants operate the University of California San Diego within the Southern District of California.

In addition, Plaintiff will suffer extreme prejudice if the Court chooses the harsh remedy of dismissing the action because the potential statute of limitations on some of Plaintiff's claims may have been September 1, 2022, which this action was filed on August 31, 2022. See *Phillips v. Seiter*, 173 F3d 609, 610 (7th Cir. 1999)—statute of limitations would run if case dismissed and recommenced in correct district; *Munns v. Kerry*, 782 F3d 402, 414 (9th Cir. 2015). In addition, Plaintiff will suffer prejudice if the Court chooses the harsh remedy of dismissing the action because Plaintiff will have to undergo the necessity of filing a new action, which might affect his ability to bring claims that might be subject to a two-year statute of limitation.[1] Furthermore, Defendant will not be prejudice by this transfer because this matter has just commenced, and Defendants will still have the

---

[1] Currently, the California Courts are divided on where a 2 year or 3 year statute of limitations applies for disability discrimination under the Americans with Disabilities Act (42 U.S.C. §§12181, et seq.), Section 504 of the Rehabilitation Act of 1973 (29 U.S.C. §794, et seq.), the Unruh Civil Rights Act (Cal. Civ. Code §51(e)(1), and California Government Code Section 11135.

opportunity to object by Rule 12 motion to both service of process and venue in the transferor district. See *Ellis v. Great Southwestern Corp.*, 646 F2d 1099, 1105 (5th Cir. 1981). Similarly, the fact that service of process was incomplete or improper does not bar transfer under 28 U.S.C. §1406(a).

Lastly, this Court *sua sponta* may transfer any civil action to any other district court where it might have been brought, which in this instant matter the case could have been brought before the United States District Court for the Southern District of California for the aforementioned reasons above. In addition, this Court in the interest of justice may transfer a complaint filed in the wrong district to the correct district. See 28 U.S.C. § 1406(a); *Starnes v. McGuire*, 512 F.2d 918, 932 (D.C. Cir. 1974).

Therefore, for the convenience of the parties and witnesses, and in the interest of justice, Plaintiff respectfully request that this Court transfer this Action to the United States District Court for the Southern District of California.

## IV. CONCLUSION

For all the foregoing reasons, Plaintiff respectfully requests that the Court GRANT Plaintiff's Motion to Transfer Venue.

DATED: September 14, 2022            LAW OFFICES OF HIRJI & CHAU, LLP

_____
Alexander F. Rodriguez
Attorney for Plaintiff