UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN DOE,<br><br>    Plaintiff,<br><br>v.<br><br>REGENTS OF THE UNIVERSITY OF CALIFORNIA and DOES 1 through 10, inclusive,<br><br>    Defendant. | Case No.: 22-CV-1506 JLS (WVG)<br><br>**ORDER GRANTING PLAINTIFF'S MOTION TO PROCEED *IN FORMA PAUPERIS***<br><br>(ECF No. 1-2) |

Presently before the Court is Plaintiff John Doe's Motion to Proceed *In Forma Pauperis* ("IFP") (ECF No. 1-2). Having carefully considered Plaintiff's Complaint (ECF No. 1), his Motion to Proceed IFP, and the applicable law, the Court **GRANTS** Plaintiff's Motion to Proceed IFP.

**LEGAL STANDARD**

All parties instituting a civil action, suit, or proceeding in a district court of the United States, other than a petition for writ of habeas corpus, must pay a filing fee of $402.[1]

---

[1] In addition to the $350 statutory fee, civil litigants must pay an additional administrative fee of $52.  *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff.

28 U.S.C. § 1914(a). An action may proceed despite a party's failure to pay the filing fee only if the party is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a)(1).

Section 1915(a)(1) provides:

> [A]ny court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding . . . without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such [person] possesses that the person is unable to pay such fees or give security therefor.

As § 1915(a)(1) does not itself define what constitutes insufficient assets to warrant IFP status, the determination of indigency falls within the district court's discretion. *See Cal. Men's Colony v. Rowland*, 939 F.2d 854, 858 (9th Cir. 1991) ("Section 1915 typically requires the reviewing court to exercise its sound discretion in determining whether the affiant has satisfied the statute's requirement of indigency."), *reversed on other grounds by* 506 U.S. 194 (1993). "An affidavit in support of an IFP application is sufficient where it alleges that the affiant cannot pay the court costs and still afford the necessities of life." *Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015) (citing *Adkins v. E.I. Du Pont de Nemours & Co.*, 335 U.S. 331, 339 (1948)). "One need not be absolutely destitute to obtain benefits of the [IFP] statute." *Jefferson v. United States*, 277 F.2d 723, 725 (9th Cir. 1960). "Nevertheless, a plaintiff seeking IFP status must allege poverty 'with some particularity, definiteness[,] and certainty.'" *Escobedo*, 787 F.3d at 1234.

## ANALYSIS

Plaintiff claims an average monthly income of $999.00 from a combination of self-employment and public-assistance, roughly $100.00 in cash and checking accounts, and assets worth approximately $9,000.00. ECF No. 1-2 at 1–2. Plaintiff expected his income to increase to $1,139.00 in September. *See id.* Plaintiff's average monthly expenses equate

---

Dec. 1, 2020)). The additional $52 administrative fee does not apply to persons granted leave to proceed IFP. *Id.*

to $987.00 and encompass rent, food, and car maintenance. *Id.* at 4–5. Based on Plaintiff's average and projected monthly income, Plaintiff's expenses leave him between $12 and $152 to cover other expenses on a monthly basis. Plaintiff has spent or anticipates spending $6,000 for expenses or attorney's fees in conjunction with this litigation, which Plaintiff will pay for with money lent to him by his parents. *Id.* at 5. Plaintiff claims he recently filed for Chapter 7 bankruptcy, which was discharged on May 23, 2022. *Id.* Considering Plaintiff's circumstances as a whole, the Court is convinced that Plaintiff is unable to pay the requisite fees to maintain this suit while still being able to afford the necessities of life.

## CONCLUSION

Based on the foregoing, the Court **GRANTS** Plaintiff's Motion to Proceed IFP.

**IT IS SO ORDERED.**

Dated: October 7, 2022

Hon. Janis L. Sammartino
United States District Judge