SANDRA L. McDONOUGH (SBN 193308)
smcdonough@paulplevin.com
KELLY M. BUTLER (SBN 342394)
kbutler@paulplevin.com
**PAUL, PLEVIN, SULLIVAN & CONNAUGHTON LLP**
101 West Broadway, Ninth Floor
San Diego, California 92101-8285
Telephone: 619-237-5200
Facsimile: 619-615-0700

Attorneys for THE REGENTS OF THE UNIVERSITY OF CALIFORNIA

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN DOE,<br><br>    Plaintiff,<br><br>    v.<br><br>REGENTS OF THE UNIVERSITY OF CALIFORNIA and DOES 1 through 10, inclusive,<br><br>    Defendant. | Case No. 22-CV-1506 JLS (WVG)<br><br>**REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF DEFENDANT THE REGENTS OF THE UNIVERSITY OF CALIFORNIA'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT**<br><br>Date:    December 22, 2022<br>Time:    1:30 p.m.<br><br>Judge:       Hon. Janis L. Sammartino<br>Mag. Judge:  Hon. William V. Gallo<br>Crtrm.:      4D<br>Trial Date:  Not Set<br><br>**EXEMPT FROM FEES<br>GOVT. CODE § 6103** |

In connection with its Motion to Dismiss, Defendant The Regents of the University of California ("The Regents") respectfully requests that the Court take judicial notice of the following records in support of The Regents' motion to dismiss Plaintiff John Doe's ("Plaintiff") complaint:

**Exhibit 1** is an excerpt from the applicable University of California, San Diego ("UCSD") School of Medicine Advisor and Student Handbook regarding its administrative appeals process for student dismissals. While this policy was not physically attached to Plaintiff's complaint, it is cited and relied on by Plaintiff in his complaint. See, Complaint ¶¶ 75, 76, 81-83. As such, this document has been incorporated by reference into Plaintiff's complaint as therefore may be properly considered in connection with The Regents' motion to dismiss. *See*, *Tellabs, Inc v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322-23 (2007) ("[C]ourts must consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice."); *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001) ("[D]ocuments…not physically attached to the complaint…may be considered if the documents' authenticity is not contested and the plaintiff's complaint necessarily relies on them.") (internal quotations and alteration omitted); *Lapidus v. Hecht*, 232 F.3d 679, 682 (9th Cir. 2000) (Courts "may also consider documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading.") (internal quotation marks omitted).

Further, the Court may take judicial notice of this document because it constitutes facts which are "not subject to reasonable dispute because it…can be accurately and readily determined from sources whose accuracy cannot be reasonably be questioned." Fed. R. Ev. 201(b)(2).

/ / /

/ / /

**Exhibit 2** is Appendix III to the applicable UCSD School of Medicine Advisor and Student Handbook regarding its administrative appeals process for denials of requests for accommodations.  While this appeals policy was not physically attached to Plaintiff's complaint, it is cited and relied on by Plaintiff in his complaint.  See, Complaint ¶¶ 82, 83.  As such, this document has been incorporated by reference into Plaintiff's complaint as therefore may be properly considered in connection with The Regents' motion to dismiss.  *See*, *Tellabs, Inc v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322-23 (2007) ("[C]ourts must consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice."); *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001) ("[D]ocuments…not physically attached to the complaint…may be considered if the documents' authenticity is not contested and the plaintiff's complaint necessarily relies on them.") (internal quotations and alteration omitted); *Lapidus v. Hecht*, 232 F.3d 679, 682 (9th Cir. 2000) (Courts "may also consider documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading.") (internal quotation marks omitted).

Further, the Court may take judicial notice of this document because it constitutes facts which are "not subject to reasonable dispute because it…can be accurately and readily determined from sources whose accuracy cannot be reasonably be questioned."  Fed. R. Ev. 201(b)(2).

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

For the foregoing reasons, The Regents respectfully requests the Court take judicial notice of **Exhibits 1 and 2**, which are a proper subjects of judicial notice and are incorporated by reference in Plaintiff's complaint, and consider the exhibits in connection with The Regents' motion to dismiss, filed concurrently herewith.

Dated: November 23, 2022         PAUL, PLEVIN, SULLIVAN & CONNAUGHTON LLP

By:    /s/ *Sandra L. McDonough*
SANDRA L. McDONOUGH
KELLY M. BUTLER
Attorneys for THE REGENTS OF THE UNIVERSITY OF CALIFORNIA