ROSA HIRJI, ESQ. | SBN 204722
　*rosa@rkhlawoffice.com*
ALEX RODRIGUEZ | SBN 322700
　*alex@rkhlawoffice.com*
**LAW OFFICES OF HIRJI & CHAU, LLP**
5173 Overland Avenue
Culver City, CA  90230
Tel. (310) 391-0330 // Fax (310) 943-0311

*Attorneys for Plaintiff* JOHN DOE

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN DOE,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>REGENTS OF THE UNIVERSITY OF CALIFORNIA, and DOES 1 through 10, inclusive,<br><br>　　　　　Defendants. | Case No.: 22-CV-1506 JLS (WVG)<br>*Assigned for all purposes to the Honorable Janis L. Sammartino*<br><br>**PLAINTIFF'S REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS**<br><br>**[Filed concurrently with Plaintiff's Opposition to Defendant's Motion to Dismiss]**<br><br>Hearing Date:　December 22, 2022<br>Hearing Time:　1:30 PM |

//
//
//
//
//

---

**1**
**PLF'S REQ. FOR JUDICIAL NOTICE IN SUPPORT OF PLF'S OPP. TO DEFENDANT REGENTS OF THE UNIVERSITY OF CALIFORNIA'S MOTION TO DISMISS**

**PLEASE TAKE NOTICE** that Plaintiff JOHN DOE will and hereby does request the Court to take judicial notice of the attached documents in support of Plaintiff' Opposition to Defendant Regents of the University of California's Motion to Dismiss, as follows:

1. Exhibit A" is a true and correct copy of the Federation of State Medical Boards, which provides information on State Specific Requirements for Initial Medical Licensure dated July 12, 2022.
2. Exhibit B" is a true and correct copy of a December 29, 2020 Letter from Dr. Steven R. Garfin from the UCSD School of Medicine.
3. "Exhibit C" is a true and correct copy of Dr. Laura Baker's from the UCSD School of Medicine electronic correspondence informing Plaintiff he had exhausted his formal appeal rights.

Federal Rule of Evidence ("FRE") 201(b) provides that "the court may judicially notice a fact that is not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot be reasonably questioned." In addition, "a court may take judicial notice of 'matters of public record' ... as long as the facts noticed are not 'subject to reasonable dispute.'" *Intri-Plex Technologies, Inc. v. Crest Group, Inc*., 499 F.3d 1048, 1052 (9th Cir. 2007). Section (c) of FRE 201 states that "the court must take judicial notice if a party requests it and the court is supplied with the necessary information." If the Court takes judicial notice of a matter, it may consider the matter in determining a Federal Rule of Civil Procedure 12(b)(6) motion to dismiss. See *United States v. Ritchie*, 342 F.3d 903, 907-08 (9th Cir. 2003).

Here, judicial notice of Exhibit A is proper because it is an excerpt from the Federation of State Medical Boards, which provides information on State Specific Requirements for Initial Medical Licensure dated July 12, 2022. While the policy was not physically attached to Plaintiff's complaint, it is relied on by Plaintiff, and therefore may be properly considered in connection to oppose Defendant's Motion

to Dismiss. *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322-23 (2007) ("[C]ourts must consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice."); *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001) ("[D]ocuments...not physically attached to the complaint...may be considered if the documents' authenticity is not contested and the plaintiff's complaint necessarily relies on them.") (internal quotations and alteration omitted); *Lapidus v. Hecht*, 232 F.3d 679, 682 (9th Cir. 2000) (Courts "may also consider documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading.") (internal quotation marks omitted). Furthermore, the Court may take judicial notice of this document because it constitute facts which are "not subject to reasonable dispute because it…can be accurately and readily determined from sources whose accuracy cannot be reasonably be questioned." Fed. R. Ev. 201(b)(2). In addition, judicial notice of Exhibit B is proper because it is a letter that Defendant authored the letter and provided it to Plaintiff in response to Plaintiff's October 31, 2020 administrative appeal. Moreover, judicial notice of Exhibit C is proper because it is a July 12, 2022 email that Defendant authored and provided to Plaintiff notifying him that he had exhausted his formal appeal rights. Lastly, Exhibits A, B, and C are relevant to dispute Defendant's assertions in its motion to dismiss.

    For the reasons stated herein, Plaintiff respectfully requests this Court to take judicial notice of Exhibits A, B, and C.

DATED: December 22, 2022        LAW OFFICES OF HIRJI & CHAU, LLP

_____
Alexander F. Rodriguez
Attorney for Plaintiff