SANDRA L. McDONOUGH (SBN 193308)
smcdonough@paulplevin.com
KELLY M. BUTLER (SBN 342394)
kbutler@paulplevin.com
**PAUL, PLEVIN, SULLIVAN & CONNAUGHTON LLP**
101 West Broadway, Ninth Floor
San Diego, California 92101-8285
Telephone: 619-237-5200
Facsimile: 619-615-0700

Attorneys for THE REGENTS OF THE UNIVERSITY OF CALIFORNIA

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN DOE, <br><br> Plaintiff, <br><br> v. <br><br> REGENTS OF THE UNIVERSITY OF CALIFORNIA and DOES 1 through 10, inclusive, <br><br> Defendant. | Case No. 22-CV-1506 JLS (WVG) <br><br> **REPLY IN SUPPORT OF DEFENDANT THE REGENTS OF THE UNIVERSITY OF CALIFORNIA'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT** <br><br> **[Fed. R. Civ. P. 12(b)(1) & (6)]** <br><br> Date:       N/A <br> Time:       N/A <br><br> Judge:       Janis L. Sammartino <br> Mag. Judge:  Hon. William V. Gallo <br> Crtrm.:      4D <br> Trial Date:  Not Set <br><br> **EXEMPT FROM FEES** <br> **GOVT. CODE § 6103** |

## I. INTRODUCTION

Plaintiff's Opposition fails to sufficiently rebut The Regents' key arguments – including case dispositive immunity arguments -- and thus the motion to dismiss should be granted.

First, Plaintiff apparently concedes that the state law claims are not warranted in this action and thus those claims should be dismissed.

Second, Plaintiff disingenuously argues that his case is not about the decision to deny his fifth request for accommodation, but is instead about the University's alleged discrimination against him when it dismissed him because it was not willing to grant his fifth request for accommodation. This argument is circular and asserts a distinction without a difference. According to Plaintiff's theory in the complaint, if the University had granted Plaintiff's fifth accommodation request, he would not have been dismissed at that time. Therefore, the accommodation and dismissal are so interdependent that they are one and the same decision.

Third, while Plaintiff argues the University admitted that he exhausted his appeal rights, Plaintiff has not submitted any allegations or evidence of such exhaustion or that such exhaustion was as to the University's Educational Policy Committee. But, even if he had exhausted his rights through the Educational Policy Committee or was not allegedly required to do so, he still must challenge any final decision by way of a writ of mandamus. Whether the alleged internal exhaustion of appeal rights was as to the Educational Policy Committee or the Standings and Promotions Committee, the final decision of either or both committees is a final decision of an administrative agency that must be overturned prior to bringing a claim for damages. Further, Plaintiff's focus on whether a hearing was required by the administrative agency is nothing more than turning a blind eye to an alternate method of seeking writ review – through California Code of Civil Procedure section 1085 ("Section 1085"), which is specifically invoked when a hearing is not required by law. There is no evidence that Plaintiff filed a writ under any statute, including

Section 1085.

Finally, Plaintiff failed to show that his claims should withstand Eleventh Amendment immunity.

In sum, Plaintiff's Opposition provides only circular arguments and does not overcome his failure to exhaust administrative and/or judicial remedies or Eleventh Amendment immunity. As such, The Regents' motion to dismiss should be granted without leave to amend.

## II. ARGUMENT

### A. Plaintiff's Opposition Does Not Sufficiently Address His Failure to Appeal to the University's Educational Policy Committee

As Plaintiff admits in his Opposition, "to satisfy the [administrative] exhaustion requirement, a party must fully present its arguments and evidence at the administrative hearing, and take advantage of every stage of the administrative grievance process provided." Opposition, p. 12 (citations omitted). Indeed, "exhausting all possibilities for relief at the administrative level is generally a prerequisite to obtaining judicial review of administrative findings." *State Bd. of Chiropractic Examiners v. Superior Court*, 45 Cal.4th 963, 972-73 (Cal. 2009).

This remains true regardless of the court in which the claim is brought. *E.E.O.C. v. Farmer Bros Co.*, 31 F.3d 891, 899 (9th Cir. 1994) (finding that exhaustion of administrative remedies was required in order to establish federal subject matter jurisdiction). Further, the Ninth Circuit has made clear that substantial compliance with administrative agency procedures "*is* a jurisdictional prerequisite" for Rehabilitation Act claims. *Leong v. Potter*, 347 F.3d 1117, 1121-22 (9th Cir. 2003) (affirming district court's determination that it lacked subject matter jurisdiction over plaintiff's Rehabilitation Act claim because the plaintiff failed to exhaust his administrative remedies); *see also Vinieratos v. United States Dep't of Air Force*, 939 F.2d 762, 773 (9th Cir. 1991) ("Our holding that appellant failed to exhaust those remedies forecloses any claim to jurisdiction under the

Rehabilitation Act.").

Here, in order to fully exhaust his administrative remedies, Plaintiff was required to appeal his denial of accommodations to the University's Educational Policy Committee. *See* Defendant's Request for Judicial Notice in Support of Motion to Dismiss ("RJN"), Exhibit 2. Plaintiff does not allege he made any attempt to exhaust this administrative remedy.[1] Rather, Plaintiff argues he did not need to appeal the University's denial of his request for accommodations to the Educational Policy Committee "because this was not an issue of a 'disagreement to the response for a request for accommodations,'" but rather, an issue of whether "Defendant discriminated against Plaintiff by failing to provide him his accommodations when he requested it on August 14, 2020." Opposition, p. 13. However, whether the University's response to Plaintiff's request for accommodations was discriminatory is, in and of itself, essentially a disagreement as to the University's response to his request for accommodations. Merely recharacterizing the issue does not eliminate Plaintiff's responsibility to appeal his denial to the appropriate committee and exhaust his administrative remedies. Plaintiff points to no legal authority to indicate otherwise.

Surprisingly, Plaintiff also argues he was not required to appeal his denial of accommodations because "there was nothing for Plaintiff to appeal to the University's Educational Policy Committee because Plaintiff was already awarded the accommodation of extended time to complete his graduation requirements."

---

[1] In his Opposition, Plaintiff asserts that The Regents "misleads this Court in alleging Plaintiff did not exhaust his administrative remedies because Plaintiff 'did not allege he appealed the Committee's decision to deny his fifth request for accommodations.'" Opposition, p. 13. This same argument, however, only confirms that Plaintiff has not satisfied his administrative exhaustion requirements. Def.'s Motion to Dismiss, p. 11-12. Plaintiff also argues that The Regents has conceded that he exhausted his appeal rights. Opposition, p. 17; Exhibit C. Even if this statement, taken out of context, applies to the Educational Policy Committee appeal process, Plaintiff's work is not done: he would still need to exhaust his *judicial* remedies if he had indeed exhausted his internal *administrative* remedies. (See Section II(B), infra.)

Opposition, p. 13.  Plaintiff cannot argue both that he could not bring the issue to the Educational Policy Committee because he was granted an accommodation of additional time, and that he was discriminated against because he was not granted an accommodation of additional time.

Because Plaintiff failed to appeal his denial of accommodations to the Educational Policy Committee, he failed to exhaust his administrative remedies and is precluded from bringing his claims in civil court.

### B. Plaintiff's Opposition Fails to Show Judicial Exhaustion, or an Excuse Therefrom

#### 1. Plaintiff fails to identify relevant legal authority in support of his argument that he was not required to exhaust his judicial or administrative remedies

Plaintiff admits he is required to exhaust his judicial remedies before proceeding with his state claims, but argues that no such requirement exists for proceeding with his federal claims.  Opposition, p. 14-17.  In support of this argument, Plaintiff cites extensively to *Felder v. Casey*, 487 U.S. 131 (1988) and *Patsy v. Board of Regents of Florida*, 457 U.S. 496 (1982), but these cases are inapplicable here.  Both deal solely with 42 U.S. Code section 1983 claims ("Section 1983 claims"), and do not expand their holdings to other federal statutory schemes.  *See Felder*, 487 U.S. at 139 ("§ 1983 provides 'a uniquely federal remedy against incursions…upon rights secured by the Constitution and laws of the Nation,'… and is to be accorded 'a sweep as broad as its language'" (citations omitted)); *Patsy*, 457 U.S. at 516 ("Based on the legislative histories of both § 1983 and § 1997e, we conclude that exhaustion of state administrative remedies should not be required as a prerequisite to bringing an action pursuant to § 1983.").  Thus, *Felder* and *Patsy* cannot reasonably be expanded to the instant case, in which Plaintiff has not asserted a Section 1983 claim, nor alleged any substantive connection between his claims and a Section 1983 claim.

By contrast, in *Westlake Community Hospital v. Superior Court*, 17 Cal.3d 465 (Cal. 1976), the California Supreme Court clearly held that unless a party to a quasi-judicial proceeding challenges the agency's adverse findings made in that proceeding, by means of a mandate action in superior court, those findings are binding in later actions. *Westlake*, 17 Cal.3d 465; *see also Johnson v. City of Loma Linda*, 24 Cal.4th 61, 69-70 (Cal. 2000), *Briggs v. City of Rolling Hills Estates*, 40 Cal.App.4th 637, 645-646 (Cal. Ct. App. 1995). There is no basis for concluding a different rule should apply to the exhaustion of judicial remedies before bringing an action under Title II or the Rehabilitation Act, especially given the important public policy affording deference to the administrative agency's decision, including on academic matters. *Akella v. Regents of University of California*, 61 Cal.App.5th 801, 815 (2021), *as modified on denial of reh'g (Mar. 26, 2021)*.

Plaintiff also argues that The Regents' cited authority in support of its position that Plaintiff was required to exhaust his judicial remedies is inapplicable, asserting they have "no bearing on judicial exhaustion, and instead only pertain to res judicata and collateral estoppel principles." Opposition, p. 16. Plaintiff's argument, however, ignores that judicial exhaustion "is a form of res judicata, of giving collateral estoppel effect to the administrative agency's decision, because that decision has achieved finality due to the aggrieved party's failure to pursue the exclusive *judicial* remedy for reviewing administrative action." *Briggs*, 40 Cal.App.4th at 646 (emphasis in original). Thus, The Regents' cited authority upholding dismissal after students' failure to file a writ of mandate – both in federal and state court, involving both federal and state claims – is applicable and binding here.

### 2. Judicial exhaustion applies regardless of whether an underlying hearing occurred or was required

Plaintiff also argues he was not required to judicially exhaust through a writ proceeding because there was no underlying quasi-judicial hearing. Even assuming

that Plaintiff's factual assumption that there was not a hearing is correct, his argument still fails because he fundamentally misunderstands that there are two judicial exhaustion avenues: California Code of Civil Procedure sections 1085 or 1094.5 ("Section 1094.5").

While Plaintiff argues that mandamus is not applicable when a hearing is not required, it is clear that the absence of an evidentiary hearing does not make mandate inapplicable; it merely affects the form of mandate that must be invoked. *DeCuir v. County of Los Angeles*, Cal.App.4th 75, 81 (Cal. Ct. App. 1998). In cases where administrative orders or decisions are "made as the result of a proceeding in which by law a hearing is required to be given, evidence is required to be taken, and discretion in the determination of facts is vested in the inferior tribunal . . . .", a Section 1094.5 proceeding governs. *Ibid.* In cases where a hearing is not required, ordinary mandamus under Code of Civil Procedure section 1085 must be used. *Saleeby v. State Bar*, 39 Cal.3d 547, 560-562 (Cal. 1985) ("Traditional mandamus will, of course, not lie to compel a particular method of exercising discretion . . . . However, [it] will lie to correct an *abuse* of discretion or the actions of an administrative agency which exceed the agency's legal powers." (emphasis in original)); *Thelander v. City of El Monte*, 147 Cal.App.3d 736, 748 (Cal. Ct. App. 1983). Here, Section 1085 would be the appropriate avenue under Plaintiff's theory that a hearing did not take place and was not required.

        **3.**      **Even if the University was required to render a "Quasi-Judicial" decision, the Standings and Promotions Committee's denial was a "Quasi-Judicial" decision**

As stated, a quasi-judicial decision is not the only administrative decision that triggers writ review. However, even if it were, Plaintiff's argument that there was no "quasi-judicial decision" demonstrates a misunderstanding of what constitutes a quasi-judicial decision under the exhaustion doctrine. *See* Opposition, p. 15. Under the terms of its creation, The Regents has been granted virtual autonomy in relation

to the management of its personnel, academic and student affairs.  *Regents of Univ. of Cal. v. City of Santa Monica* 77 Cal.App.3d 130, 135 (Cal. Ct. App. 1978).  Thus, where The Regents provides an administrative remedy, that remedy is a quasi-judicial administrative remedy and must be exhausted.  *Edgren*, *supra*, 158 Cal.App.3d 515, 515; *Ishimatsu v. Regents of Univ. of Cal.* 266 Cal.App.2d 854, 864 (Cal. Ct. App. 1968).

Plaintiff presents as Exhibit B to his Request for Judicial Notice, a final appeal decision on the Standing and Promotions Committee's denial of Plaintiff's request for further time to complete his graduation requirements.  In this letter, the Interim Dean of the UCSD School of Medicine specifically noted the basis of his decision: "I have read your appeal and the letters of support you submitted.  I have reviewed your academic file and the record of your appearances before and appeals to the Standings and Promotions Committee."  Plf.'s RJN, Exhibit B.  Thus, this review in itself involved a review of the records and evidence, including evidence submitted by Plaintiff.  Opposition, p. 16.

Additionally, in determining whether a quasi-judicial proceeding occurred so as to impose preclusive effect on an administrative decision, the California Supreme Court "has explained that the focus of our inquiry should be on whether the party against whom issue preclusion is being sought had 'an adequate opportunity to litigate' the factual finding or issue in the prior administrative proceeding."  *Murray v. Alaska Airlines*, 50 Cal.4th 860, 869 (Cal. 2010) (citing *Utah Construction Co.*, 384 U.S. at 422).  Here, as discussed above, Plaintiff had the opportunity to bring his claims to the Educational Policy Committee, but did not do so.  Further, he presumably had the opportunity to present all the information he wished to present to the Standing and Promotions Committee.  He is therefore not exempt from exhausting his judicial remedies by bringing a writ of mandamus in state court, and his failure to do so precludes his claims here.

/ / /

### 4. Plaintiff's futility argument has no merit

Finally, Plaintiff asserts he was not required to exhaust his judicial remedies because doing so would have been futile, but he fails to bring his case within the narrow futility exception.

Plaintiff first argues judicial "exhaustion is futile because there would be no jurisdiction for a court to hear a 1094.5 writ of mandate because there was no required hearing related to the dismissal." Opposition, p. 17. However, in the preceding sentence, Plaintiff points out that one of "the limited grounds for writ of mandate are that…the reviewing body failed to provide the member with a fair hearing." *Id*. (citations omitted). If Plaintiff is arguing he was not provided a fair hearing, by his own admission, this constitutes grounds for a writ of mandate and thus requires judicial exhaustion. *Abelleira v. District Court of Appeal, Third District* (1941) 17 Cal.2d 280, 301 (the futility exception has no application where the plaintiff may still challenge the administrative decision through mandamus).

Plaintiff further argues judicial exhaustion would be futile because The Regents "has 'positively declared' its ruling on its decision to dismiss, which makes any judicial remedies futile." Opposition, p. 17. Plaintiff mistakes the futility exception to judicial exhaustion, if any, with the futility exception to administrative exhaustion. *See Bollengier v. Doctors Medical Center*, 222 Cal.App.3d 1115, 1116 (Cal. Ct. App. 1990) (finding that *administrative* futility does "not apply unless the petitioner can state that *the administrative agency has declared what its ruling will be in a particular case* (emphasis added)."). Rather, the finality of an administrative decision only serves to trigger Plaintiff's duty to exhaust his judicial remedies.

Even if Plaintiff is arguing *administrative* exhaustion would be futile, courts have specifically held that the University's policies and procedures regarding administrative actions satisfy constitutional due process requirements. *Bockover v. Perko*, 28 Cal.App.4th 479 (Cal. Ct. App. 1994). This is true even if, for example, the procedures do not provide grievants the right to subpoena witnesses or

documents. *Id.* Similarly, an administrative remedy is not rendered futile even where the grievant believes the procedure is a sham, the witnesses are prevaricating, and the University has all relevant documents but does not make them available to the grievant. *Edgren*, *supra*, 158 Cal.App.3d 515, 515.

Finally, Plaintiff argues judicial exhaustion would be futile because "Plaintiff is not directly challenging the evidence, the procedures, or the failure to provide a fair hearing, but instead challenging that Defendant's decision to dismiss was discriminatory based on Plaintiff's known disabilities and need for accommodations." Opposition, p. 17-18. But, if Plaintiff is not challenging the University's evidence, procedures, or failure to provide a fair hearing, The Regents finds it difficult to ascertain how Plaintiff plans to show the University's decision was discriminatory. Indeed, if Plaintiff admits the denial of accommodations was based on substantial evidence, followed proper procedures, and provided a fair hearing, Plaintiff has simply failed to state a *prima facie* case of disability discrimination under Title II. Further, under the cases cited above, arguing that exhaustion is not required because the University engaged in discrimination is not sufficient to meet the futility test (i.e. the University has stated what its position will be *prior* to administrative exhaustion).

In sum, if Plaintiff's argument is that the University failed to provide a fair hearing (which The Regents does not concede), he is required to file a writ of mandamus in California Superior Court to challenge this alleged failure. Cal. Code Civ. Proc. § 1085. On the other hand, if Plaintiff concedes the fairness of the evidence and procedures used in the University's decision to deny his accommodations—as admitted in his Opposition—the University's decision stands and his claims fail as a result.

/ / /
/ / /
/ / /

### C. Plaintiff Admits the Only Case Which Could Stand For the Proposition that The Regents' Eleventh Amendment Immunity Should Be Abrogated Is Inapplicable to This Case

As discussed in The Regents' motion to dismiss, the Ninth Circuit has provided no clear guidance on whether Title II abrogates sovereign immunity in "irrational discrimination" cases, which involve violations of Title II but not a fundamental right. Def.'s Motion, p. 15. The Regents therefore was unable to cite to authority specifically relating to abrogation of Eleventh Amendment immunity in public education discrimination cases. However, Plaintiff explicitly concedes that the only Ninth Circuit case occasionally cited to support abrogation in irrational discrimination cases, *Phiffer v. Columbia River Correctional Institute*, 384 F.3d 791 (9th Cir. 2004), "has no bearing on Title II of the ADA as it relates to public education discrimination case because it is a case involving a prison inmate." Opposition, p. 20. The Regents agrees. Given Plaintiff's claim does not touch on any fundamental guaranteed Constitutional right and thus does not fit into the narrow subset of cases abrogating sovereign immunity, his claim for violation of Title II of the ADA is barred by sovereign immunity.

### III. CONCLUSION

The Regents requests that its Motion to Dismiss be granted in its entirety for the foregoing reasons and as more fully stated in the moving papers.

Dated: January 5, 2022

PAUL, PLEVIN, SULLIVAN & CONNAUGHTON LLP

By:  /s/ *Sandra L. McDonough*
SANDRA L. McDONOUGH
KELLY M. BUTLER
Attorneys for REGENTS OF THE UNIVERSITY OF CALIFORNIA