SANDRA L. McDONOUGH (SBN 193308)
sandy.mcdonough@quarles.com
KELLY M. BUTLER (SBN 342394)
kelly.butler@quarles.com
**QUARLES & BRADY LLP**
101 West Broadway, Ninth Floor
San Diego, California 92101-8285
Telephone: 619-237-5200
Facsimile: 619-615-0700

Attorneys for THE REGENTS OF THE UNIVERSITY OF CALIFORNIA

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN DOE,<br><br>   Plaintiff,<br><br>   v.<br><br>REGENTS OF THE UNIVERSITY OF CALIFORNIA and DOES 1 through 10, inclusive,<br><br>   Defendant. | Case No. 22-CV-1506 JLS (WVG)<br><br>**ANSWER TO COMPLAINT**<br><br>Judge:        Janis L. Sammartino<br>Mag. Judge:  William V. Gallo<br>Crtrm.:        4D<br>Trial Date:   Not Set |

Defendant The REGENTS OF THE UNIVERSITY OF CALIFORNIA ("Regents" or "Defendant") hereby answers, objects, and otherwise responds to Plaintiff JOHN DOE ("Plaintiff") Complaint [Dkt. No. 1] ("Complaint") on file herein as follows:

## INTRODUCTION

1. Defendant admits, on information and belief, that Plaintiff completed an undergraduate program at Purdue University and completed Master's programs at John Hopkins University and Yale University. Defendant lacks sufficient knowledge to respond to the remainder of the allegations in Paragraph 1 and, on that basis, denies.

2. Admit on information and belief.

3. Admit.

4. Defendant admits Plaintiff took a leave of absence because of his car accident. Defendant lacks sufficient knowledge to respond to the remainder of the allegations in Paragraph 4 and, on that basis, denies.

5. Defendant admits that by September 1, 2020, Plaintiff's remaining graduation requirement was to complete the Step 2 CK medical licensing examination administered by the National Board of Medical Examiners. Defendant denies the remaining allegations as phrased.

6. Defendant admits Plaintiff was dismissed from the UCSD School of Medicine after failing to comply with his graduation requirements. Defendant denies that it refused to allow Plaintiff extra time to take and pass the Step 2 examination. Defendant lacks sufficient knowledge to respond to the remainder of the allegations in Paragraph 6 and, on that basis, denies.

7. Paragraph 7 contains a legal statement that requires no response.

## JURISDICTION AND VENUE

8. Paragraph 8 contains a legal conclusion that requires no response. To the extent a response is required, denied.

9. Paragraph 9 contains a legal conclusion that requires no response. To the extent a response is required, denied.

10. Paragraph 10 contains a legal conclusion that requires no response. To the extent a response is required, denied.

## PARTIES

11. Defendant lacks sufficient knowledge to respond to the allegations in Paragraph 11 and, on that basis, denies.

12. Admit.

13. Paragraph 13 contains only legal conclusions and allegations that requires no response. To the extent a response is required, denied.

## FACTS COMMON TO ALL CLAIMS

14. Defendant admits Plaintiff completed his courses satisfactorily at the UCSD School of Medicine for the first two years of his enrollment. Defendant admits, on information and belief, that Plaintiff attended an undergraduate program and two Master's programs prior to attending the UCSD School of Medicine. Defendant lacks sufficient knowledge to respond to the remainder of the allegations in Paragraph 14 and, on that basis, denies.

15. Admit based on information and belief.

16. Defendant admits Plaintiff requested accommodations based on his representation that his stated learning disability limited his ability to take tests, learn, read, maintain concentration, and attend school. Defendant lacks sufficient knowledge to respond to the remainder of the allegations in Paragraph 16 and, on that basis, denies.

17. Defendant admits Plaintiff was eligible to be enrolled in and receive educational services from the UCSD School of Medicine prior to September 2, 2020. Defendant denies Plaintiff was eligible to be enrolled in and receive educational services from the UCSD School of Medicine after September 2, 2020.

18. Defendant admits that obtaining a Physician's and Surgeon's License requires passing the United States Medical Licensing Examination ("USMLE"), which consists of three Step examinations administered by the National Board of Medical Examiners ("NBME"). Defendant admits the USMLE provides a common standard for evaluating applications for licensure and that the total number of attempts allowed by the NBME per Step examination is four. Defendant admits USMLE scores are valid for a period of 10 years and expire on the last day of the month each examination was passed, and that prospective physicians are required to retake and pass any expired Step examinations. Defendant denies the remainder of the allegations in Paragraph 18.

19. Admit.

20. Defendant admits Plaintiff requested and received accommodation for his stated disabilities while he was enrolled at the UCSD School of Medicine, including time and a half on examinations, extended time to complete his graduation requirements and pass his Step examinations, testing in a quiet room, and the ability to read text out loud to himself. Defendant denies Plaintiff required time and a half on Step examinations. To the extent Plaintiff alleges Defendant was capable of providing time and a half on Step examinations, denied. Defendant lacks sufficient knowledge to respond to the allegation that Plaintiff continues to require accommodations and, on that basis, denies.

**Academic Excellence Prior to Entry into Medical School**

21. Admit.

22. Defendant admits Plaintiff took the Medical College Admissions Test ("MCAT") prior to his enrollment in the UCSD School of Medicine. Defendant lacks sufficient knowledge to form a belief as to the remainder of the allegations in Paragraph 22 and, on that basis, denies.

23. Admit.

24. Defendant admits, on information and belief, that Plaintiff graduated from Yale University with a Master's degree in October of 2010. Defendant lacks sufficient knowledge to form a belief as to the remainder of the allegations in Paragraph 24 and, on that basis, denies.

25. Defendant admits Plaintiff took the MCAT prior to his enrollment in the UCSD School of Medicine. Defendant lacks sufficient knowledge to form a belief as to the remainder of the allegations in Paragraph 25 and, on that basis, denies.

**Medical School**

26. Admit Plaintiff was actively enrolled at various points during the time period noted.

/ / /

27. Defendant admits Plaintiff completed 18 courses toward his medical degree and was in good academic standing between September 2012 and May 2013. Defendant admits Plaintiff received positive course evaluations from his professors from January 2013 to May 2013. Defendant lacks sufficient knowledge to respond to the remainder of the allegations in Paragraph 27 and, on that basis, denies.

28. Defendant admits Plaintiff took his first leave of absence from the UCSD School of Medicine from June 14, 2014 to Summer 2015 to address matters related to a research publication. Defendant lacks sufficient knowledge to form a belief as to the remainder of the allegations in Paragraph 28 and, on that basis, denies.

29. Admit on information and belief.

30. Admit.

31. Admit.

32. Admit.

## 2015-2016 School Year

33. Admit.

34. Admit.

35. Admit.

36. Defendant admits that Plaintiff provided a copy of his December 10, 2015 neuropsychological evaluation to the UCSD School of Medicine in December of 2015. The remainder of the allegations in Paragraph 36 contain a legal conclusion that requires no response. To the extent a response is required, denied.

37. Defendant admits Plaintiff had various in-person meetings with Dean Carolyn Kelly during his enrollment at the UCSD School of Medicine. Defendant lacks sufficient knowledge or information to respond to the allegation that Plaintiff had an in-person meeting with Dean Carolyn Kelly in December of 2015. Defendant denies the remainder of the allegations in Paragraph 37.

///

38. Defendant admits Plaintiff had various in-person meetings with Dean Jess Mandel during his enrollment at the UCSD School of Medicine. Defendant lacks sufficient information or knowledge to respond to the allegation that Plaintiff had an in-person meeting with Dean Jess Mandel in January 2016. Defendant denies the remainder of the allegations in Paragraph 38.

39. Defendant lacks sufficient knowledge to form a belief as to the allegations in Paragraph 39 and, on that basis, denies.

40. Defendant admits Plaintiff took his second leave of absence from January 3, 2016 through the Spring 2016 quarter, because he indicated he needed medical care during this time. Defendant lacks sufficient knowledge to form a belief as to the remainder of the allegations in Paragraph 40 and, on that basis, denies.

41. Defendant admits Plaintiff failed the USMLE Step 1 examination without requesting accommodations on his second attempt on May 12, 2016. Defendant admits Plaintiff remained on academic probation subject to dismissal for experiencing continued academic difficulty while on academic probation. Defendant denies Plaintiff was placed on academic probation in 2016.

42. Defendant admits Plaintiff took one course in the Summer 2016 quarter. Defendant admits Plaintiff's grade was "Incomplete," until he later completed a clerkship, and his grade was changed to "Pass" during the Summer 2017 quarter.

**2016-2017 School Year**

43. Admit.

44. Admit.

45. Admit.

46. Defendant admits Plaintiff took his third leave of absence from September 18, 2016 through the Summer 2017 quarter based on his representation that he needed medical care during this time. Defendant lacks sufficient knowledge

to respond to the remainder of the allegations in Paragraph 46 and, on that basis, denies.

47. Defendant admits that on November 7, 2016, the Standings and Promotions Committee ("SPC") held an informal meeting with Plaintiff to discuss his plans to retake the Step 1 examination and complete his graduation requirements within seven years. Defendant admits that during the meeting, Plaintiff informed the SPC he was working to treat his mental health and disabilities. Defendant denies Plaintiff's allegation that at no point during the meeting did the SPC inform Plaintiff that he could request accommodations from the UCSD School of Medicine and NBME to complete his graduation requirements. At the time of the meeting and as discussed during the meeting, Plaintiff had already requested accommodations from both the UCSD School of Medicine and the NBME.

48. Defendant admits Plaintiff finished his previous Summer 2016 course during the Summer 2017 quarter. Defendant admits that, after receiving a grade of "Incomplete" during the Summer 2016 quarter, Plaintiff completed the additional class requirements and his grade was changed to "Pass."

**2017-2018 School Year**

49. Defendant admits Plaintiff took two courses during the Winter 2018 quarter. Defendant denies the remainder of the allegations in Paragraph 49.

50. Defendant admits Plaintiff took his fourth leave of absence from March 27, 2018 to Summer 2018 based on his representation that he needed medical care during this time. Defendant lacks sufficient knowledge to respond to the remainder of the allegations in Paragraph 50.

51. Admit.

52. Admit.

53. Defendant admits that on February 1, 2018, the UCSD Office for Students with Disabilities provided Plaintiff with accommodations of (1) "Extended test time (1.5 times the standard amount of time…)"; (2) "Separate, quiet,

distraction-reduced testing"; and (3) "Extended time to complete program requirements and graduation requirements (petition required-student to complete all standard processes to obtain time limit extensions)." Defendant denies that this was the first time the UCSD School of Medicine provided Plaintiff with accommodations.

54. Admit.

55. Defendant admits that on May 15, 2018, the SPC held a meeting to discuss Plaintiff's academic standing, during which Plaintiff informed the SPC that he was working with his mental health providers to develop studying and test-taking strategies to improve his ability to timely complete his graduation requirements. Defendant denies the remainder of the allegations in Paragraph 55.

### 2018-2019 School Year

56. Admit.

57. Defendant admits that on March 29, 2019, Plaintiff failed the USMLE Step 2 CK examination on his first attempt.

58. Admit.

59. Defendant admits that on April 29, 2019, the SPC granted Plaintiff's request for extension to complete his graduation requirements by May 30, 2020.

60. Admit.

61. Defendant lacks sufficient knowledge or information to respond to the allegations in Paragraph 61, and on that basis, denies.

62. Defendant lacks sufficient knowledge or information to respond to the allegations in Paragraph 62 and, on that basis, denies.

63. Defendant admits that on January 23, 2020, Susan Kelly, Senior Disability Specialist at the UCSD School of Medicine, completed a Certification of Prior Test Accommodations documenting the accommodations the UCSD School of Medicine was providing to Plaintiff. Defendant denies the remainder of the allegations in Paragraph 63.

64. Admit.

65. Admit.

66. Defendant admits that on April 9, 2020, the UCSD School of Medicine distributed notices to its medical students regarding various extended deadlines to pass the Step examinations due to the COVID pandemic.

67. Defendant admits that, on May 4, 2020, the SPC informed Plaintiff via email that his deadline to complete his graduation requirements was extended from May 24, 2020 to September 1, 2020. Defendant denies that this deadline was extended from June 30, 2020.

68. Defendant admits that Plaintiff took the USMLE Step 2 CK examination for the second time on July 15, 2020 without appealing his request for accommodations. Defendant admits Plaintiff did not pass. Defendant lacks sufficient information or knowledge to respond to the remainder of the allegations in Paragraph 68 and, on that basis, denies.

69. Admit.

70. Admit.

71. Defendant admits the UCSD School of Medicine dismissed Plaintiff without a Review Hearing. Defendant denies Plaintiff was dismissed without a meeting. Defendant denies that Plaintiff was dismissed on September 1, 2020, as he was dismissed on September 2, 2020.

72. Defendant admits that the SPC received a letter from psychologist Dr. Mara Lynn Katzman dated October 6, 2020 requesting that Plaintiff be provided more time to take the USLME Step 2 CK examination. Defendant denies that Dr. Katzman informed the UCSD School of Medicine that she had been working with Plaintiff since January 12, 2016, as her letter indicated she had been working with Plaintiff since January 12, 2015. Defendant denies Dr. Katzman informed the UCSD School of Medicine in this letter that Plaintiff continues to need accommodations due to his disability-related needs.

73. Admit.

74. Admit.

75. Defendant admits the allegations in Paragraph 75 except, to the extent Plaintiff alleges he appealed his dismissal on the grounds outlined in SPC policy, denied.

76. Admit.

77. Defendant lacks sufficient knowledge or information to respond to the allegations in Paragraph 77 and, on that basis, denies.

78. Admit.

79. Defendant lacks sufficient knowledge or information to respond to the allegations in Paragraph 79 and, on that basis, denies.

80. Defendant admits UCSD School of Medicine students must complete their graduation requirements within six years. Defendant denies the remainder of the allegations in Paragraph 80.

81. Defendant lacks sufficient knowledge or information to respond to the allegations in Paragraph 81 and, on that basis, denies.

82. Defendant lacks sufficient knowledge or information to respond to the allegations in Paragraph 81 and, on that basis, denies.

83. Paragraph 83 contains legal statements that require no response. To the extent a response is required, denied.

84. Paragraph 84 contains a legal statement that requires no response.

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

# FIRST CLAIM OF RELIEF

# VIOLATIONS OF TITLE II OF THE ADA

### (By Plaintiff against All Defendants)

85. Defendant incorporates by reference its responses to Paragraphs 1 through 84, inclusive, as though fully set forth herein.

86. Paragraph 86 contains only legal statements that require no response. To the extent a response is required, denied.

87. Paragraph 87 contains only legal conclusions that require no response. To the extent a response is required, denied.

88. Paragraph 88 contains only legal conclusions that require no response. To the extent a response is required, denied.

89. Defendant lacks sufficient knowledge to respond to the allegations in Paragraph 89 and, on that basis, denies.

90. Paragraph 90 contains legal conclusions that require no response. To the extent Paragraph 90 contains factual allegations requiring a response, denied.

91. Defendant admits it was on notice of Plaintiff's requests for accommodations for his stated disability. Defendant denies the remainder of the allegations in Paragraph 91.

92. Paragraph 92 contains only a legal conclusion that requires no response. To the extent a response is required, denied.

93. Paragraph 93 contains only legal conclusions that require no response. To the extent a response is required, denied.

94. Paragraph 94 contains only legal conclusions that require no response. To the extent a response is required, denied.

95. Paragraph 95 contains only legal conclusions that require no response. To the extent a response is required, denied.

/ / /

96. Paragraph 96 contains only legal conclusions that require no response. To the extent a response is required, denied.

97. Paragraph 97 contains only legal conclusions that require no response. To the extent a response is required, denied.

98. Paragraph 98 contains only legal conclusions that require no response. To the extent a response is required, denied.

99. Paragraph 99 contains only legal conclusions that require no response. To the extent a response is required, denied.

100. Paragraph 100 contains legal conclusions that require no response. To the extent a response is required, denied. Defendant denies the factual allegations in Paragraph 100.

101. Deny.

102. Paragraph 102 contains only legal conclusions that require no response. To the extent a response is required, denied.

103. Deny.

104. Paragraph 104 contains legal conclusions that require no response. To the extent Paragraph 104 contains factual allegations requiring a response, denied.

105. Paragraph 105 contains only a legal statement that requires no response.

## SECOND CLAIM OF RELIEF
## VIOLATIONS OF REHABILITATION ACT
### (By Plaintiff against All Defendants)

106. Defendant incorporates by reference its responses to Paragraphs 1 through 105, inclusive, as though fully set forth herein.

107. Paragraph 107 contains only legal statements that require no response. To the extent a response is required, denied.

108. Paragraph 108 contains only legal conclusions that require no response. To the extent a response is required, denied.

109. Defendant admits it receives federal funding. The remainder of the allegations in Paragraph 109 are legal conclusions that require no response. To the extent a response is required, denied.

110. Paragraph 100 contains only legal statements that require no response. To the extent a response is required, denied.

111. Paragraph 111 contains only legal conclusions that require no response. To the extent a response is required, denied.

112. Defendant lacks sufficient knowledge to respond to the allegations in Paragraph 112 and, on that basis, denies.

113. Defendant admits Plaintiff requested test-taking accommodations due to his stated disability. Defendant denies the remainder of the allegations in Paragraph 113.

114. Defendant admits it was on notice of Plaintiff's requests for accommodations for his stated disability. Defendant denies the remainder of the allegations in Paragraph 114.

115. Paragraph 115 contains only legal conclusions that require no response. To the extent a response is required, denied.

116. Paragraph 116 contains legal conclusions that require no response. To the extent Paragraph 116 contains factual allegations requiring a response, denied.

117. Paragraph 117 contains only legal conclusions that require no response. To the extent a response is required, denied.

118. Paragraph 118 contains only legal conclusions that require no response. To the extent a response is required, denied.

119. Paragraph 119 contains only legal conclusions that require no response. To the extent a response is required, denied.

120. Paragraph 120 contains only legal conclusions that require no response. To the extent a response is required, denied.

/ / /

121. Paragraph 121 contains only legal conclusions that require no response. To the extent a response is required, denied.

122. Paragraph 122 contains only legal conclusions that require no response. To the extent a response is required, denied.

123. Paragraph 123 contains only legal conclusions that require no response. To the extent a response is required, denied.

124. Paragraph 124 contains only legal conclusions that require no response. To the extent a response is required, denied.

125. Paragraph 125 contains only legal conclusions that require no response. To the extent a response is required, denied.

126. Paragraph 126 contains only legal conclusions that require no response. To the extent a response is required, denied.

127. Paragraph 127 contains only legal conclusions that require no response. To the extent a response is required, denied.

128. Paragraph 128 contains only a legal statement that requires no response.

## THIRD CLAIM OF RELIEF
## VIOLATIONS OF THE UNRUH ACT
## (By Plaintiff against All Defendants)

129. Defendant incorporates by reference Paragraphs 1 through 128, inclusive, as though fully set forth herein.

130. Paragraph 130 contains only legal conclusions that require no response. To the extent a response is required, denied.

131. Paragraph 131 contains only legal conclusions that require no response. To the extent a response is required, denied.

132. Paragraph 132 contains only a legal statement that requires no response. To the extent a response is required, denied.

///

1  133.  Paragraph 133 contains only a legal conclusion that requires no
2 response.  To the extent a response is required, denied.
3  134.  Paragraph 134 contains only legal conclusions that require no response.
4 To the extent a response is required, denied.
5  135.  Deny.
6  136.  Paragraph 136 contains only legal conclusions that require no response.
7 To the extent a response is required, denied.
8  137.  Paragraph 137 contains only legal conclusions that require no response.
9 To the extent a response is required, denied.
10  138.  Paragraph 138 contains only legal conclusions that require no response.

## FOURTH CLAIM OF RELIEF

## VIOLATIONS OF CALIFORNIA GOVERNMENT CODE §11135

### (By Plaintiff against All Defendants)

14  139.  Defendant incorporates by reference Paragraphs 1 through 138,
15 inclusive, as though fully set forth herein.
16  140.  Paragraph 140 contains only legal statements that require no response.
17  141.  Paragraph 141 contains only legal conclusions that require no response.
18 To the extent a response is required, denied.
19  142.  Admit.
20  143.  Paragraph 143 contains only a legal statement that requires no
21 response.  To the extent a response is required, denied.
22  144.  Paragraph 144 contains only legal conclusions that require no response.
23 To the extent a response is required, denied.
24  145.  Paragraph 145 contains only legal conclusions that require no response.
25 To the extent a response is required, denied.
26  146.  Paragraph 146 contains only legal conclusions that require no response.
27 To the extent a response is required, denied.
28 / / /

147. Paragraph 147 contains only a legal statement that requires no response.

## PRAYERS

Defendant denies that Plaintiff is entitled to any form of relief requested in the Complaint.

## AFFIRMATIVE DEFENSES

For a further and separate answer to the allegations contained in Plaintiff's Complaint, Defendant submits the following affirmative defenses:

### FIRST AFFIRMATIVE DEFENSE
**(Failure to State a Claim)**

Each cause of action against Defendant fails to state facts sufficient to constitute a cause of action against Defendant.

### SECOND AFFIRMATIVE DEFENSE
**(Failure to Exhaust Administrative or Judicial Remedies)**

Plaintiff's claims are barred by reason of the fact that he has failed to exhaust all administrative or judicial remedies.

### THIRD AFFIRMATIVE DEFENSE
**(Failure to Mitigate Damages)**

Defendant is informed and believes that Plaintiff has failed to mitigate his damages for a period of time, and to the extent of such failure to mitigate, any damages awarded to Plaintiff must be reduced accordingly.

### FOURTH AFFIRMATIVE DEFENSE
**(Unclean Hands)**

Plaintiff's claims are barred, in whole or in part, by the doctrine of unclean hands.

/ / /

/ / /

/ / /

## FIFTH AFFIRMATIVE DEFENSE

### (Laches)

Plaintiff's claims are barred, in whole or in part, by the doctrine of laches.

## SIXTH AFFIRMATIVE DEFENSE

### (Estoppel)

Plaintiff's claims are barred, in whole or in part, by the doctrine of estoppel.

## SEVENTH AFFIRMATIVE DEFENSE

### (Waiver)

Plaintiff's claims are barred, in whole or in part, by the doctrine of waiver.

## EIGHTH AFFIRMATIVE DEFENSE

### (Statute of Limitations)

Plaintiff's claims are barred by the applicable statutes of limitations, including but not limited to California Code of Civil Procedure sections 335.1, 338(a), and 340(a); and United States Code, title 29, section 794a.

## NINTH AFFIRMATIVE DEFENSE

### (Substantial Modification)

Defendant is informed and believes, and on that basis alleges, that Plaintiff's requested accommodations would require a fundamental and/or substantial modification to its program or standards.

## TENTH AFFIRMATIVE DEFENSE

### (Governmental Immunities)

Defendant is informed and believes, and on that basis alleges, that Plaintiff's claims are barred by governmental immunities provided to public entities, including, but not limited to, the immunities provided in Government Code sections 815, 815.2, 818, 818.8, 820.2, 820.8, 821.6, and 822.2, including all relevant subsections.

/ / /

/ / /

/ / /

## ELEVENTH AFFIRMATIVE DEFENSE

**(Eleventh Amendment Immunity)**

Defendant is informed and believes, and on that basis alleges, Plaintiff's claims are barred by the Eleventh Amendment of the United States Constitution and the doctrine of sovereign immunity.

## TWELFTH AFFIRMATIVE DEFENSE

**(Reservation of Rights)**

Defendant is informed and believes, and thereon alleges, that it may have additional, as yet unasserted defenses to Plaintiff's Complaint or the purported causes of action contained therein. Defendant specifically reserves the right to assert additional defenses as deemed appropriate at a later time.

Dated: April 24, 2023			QUARLES & BRADY LLP


By:	*/s/ Sandra L. Mcdonough*
	SANDRA L. McDONOUGH
	KELLY M. BUTLER
	Attorneys for THE REGENTS OF THE
	UNIVERSITY OF CALIFORNIA