ROSA K. HIRJI | SBN 204722
  rosa@rkhlawoffice.com
ALEX RODRIGUEZ | SBN 322700
  alex@rkhlawoffice.com
**LAW OFFICES OF HIRJI & CHAU, LLP**
5173 Overland Avenue
Culver City, CA 90230
Tel. (310) 391-0330 // Fax (310) 943-0311

*Attorneys for Plaintiff* JOHN DOE

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN DOE,<br><br>    Plaintiff,<br><br>v.<br><br>REGENTS OF THE UNIVERSITY OF CALIFORNIA, and DOES 1 through 10, inclusive,<br><br>    Defendants. | Case No.: 22-CV-1506 JLS (WVG)<br>*Judge: Hon. Janis L. Sammartino*<br>*Mag. Judge: Hon. William V. Gallo*<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S NOTICE OF MOTION AND MOTION TO STRIKE DEFENDANT'S AFFIRMATIVE DEFENSES RAISED IN DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT**<br><br>**[Fed. R. Civ. P. 12(f)]**<br><br>Hearing Date:    June 22, 2023<br>Hearing Time:   1:30 PM<br>Courtroom:       4D |

//
//
//
//
//
//

i

[22-CV-1506 JLS (WVG)]

## I. INTRODUCTION

This lawsuit arises from Plaintiff John Doe seeking equitable relief and monetary damages for alleged disability discrimination against Defendant Regents of the University of California under Title II of the Americans with Disabilities Act ("ADA") and Section 504 of the Rehabilitation Act ("Rehabilitation Act").

Plaintiff JOHN DOE attended the University of California San Diego ("UCSD") School of Medicine. For his first two years, Plaintiff proceeded through his medical program at a normal schedule and was in good academic standing. However, on May 16, 2015, a drunk driver crashed into a vehicle that contained Plaintiff, along with other classmates. Two students died in this tragic accident. Plaintiff suffered a fractured sternum, and a traumatic brain injury with loss of consciousness. He was subsequently diagnosed with a Specific Learning Disability, Post-Traumatic Stress Disorder, Post-Concussion Syndrome, and Specific Memory Difficulty. This accident derailed Plaintiff's life, and the pace upon which he could complete his M.D. graduation requirements.

Despite his challenges, by September 1, 2020, Plaintiff had completed all of Defendant's graduation requirements with the exception of one medical licensing exam, the Step 2 examination, administered by the National Board of Medical Examiners ("NBME"). Before September 1, 2020, Plaintiff requested extra time to compete this graduation requirements in accordance of his academic accommodations the Defendant had been previously afforded to Plaintiff on February 1, 2018. However, Defendant refused to allow him extra time to take and pass the Step 2 examination, and on September 1, 2020, Defendant summarily dismissed Plaintiff from the UCSD School of Medicine, effectively ending his medical career.

Plaintiff brings this motion to strike Defendant's 2nd, 4th, 5th, 6th, 7th, 8th, 10th, 11th, and 12th affirmative defenses raised in Defendant's Answer to Plaintiff's Complaint. A motion to strike is appropriate here because Defendant's Answer

takes the "kitchen sink" approach when pleading affirmative defenses that are either not affirmative defenses, not supported by fact pleading to satisfy the fair notice standard, or both. Furthermore, a motion to strike is appropriate because Defendant's Answer contains affirmative defenses that are insufficient, immaterial, impertinent, or scandalous matter. Defendant should not be granted leave to amend because Defendant was given the opportunity during the meet and confer process to amend their defenses but choose not to do so. Plaintiff respectfully requests that the Court grant Plaintiff's Motion to strike Defendant's affirmative defenses.

## II.   PROCEDURAL HISTORY

On August 31, 2022, Plaintiff John Doe filed a complaint against Defendant Regents of the University of California with the United States District for the Court Central District of California. See Dkt. No. 1.

On September 28, 2022, the United States Court for the Central District of California granted Plaintiff's Motion to Transfer Venue to the United States District Court for the Southern District of California. See Dkt. No. 13. And on October 5, 2022, Plaintiff's Complaint was assigned to Judge Janis L. Sammartino and Magistrate Judge William V. Gallo with desigated Case No. 22-CV-1506 JLS (WVG). See Dkt. No. 15.

On November 23, 2022, Defendant filed a Motion to Dismiss Plaitniff's Complaint. See Dkt. No. 19.

On April 10, 2023, this Court issued an Order on Defendant's Motion to Dismiss Plaintiff's Complaint, and found that Plaintiff's First Claim for Relief under Title II of the ADA and Second Claim for Relief Under the Rehabilitation Act did not require administrative or judicial exhaustion, and neither claim was barred by Eleventh Amendment Immunity. See Dkt. No. 27; Decl. Rodriguez, ¶8.

On April 24, 2023, Defendant filed an Answer to Plaintiff's Complaint. See Dkt. No. 28.

On May 10, 2023, Plaintiff's counsel sent Defendant's counsel a letter

1  requesting a telephonic meet and confer regarding this instant Motion to Strike to
2  Defendant's affirmative defenses. See Decl. Rodriguez, ¶10; Exhibit A.
3       On May 12, 2023, Plaintiff's counsel and Defendant's counsel engaged in a
4  telephonic meet and confer regarding this instant Motion to Strike. See Decl.
5  Rodriguez, ¶11. During the meet and confer, Defendant's counsel communicated
6  that Defendant would not withdraw any of its affirmative defenses, and believed
7  they were all necessary for litigation. *Id*. As a result of Defendant's position,
8  Plaintiff was forced to bring this instant motion before this Court in order to save
9  time, money, and judicial resources that would be expended litigating these
10 defenses prior to trial.

**III.     ARGUMENT**

12      A motion to strike will be necessary as Defendant's Answer contains
13 "insufficient defenses, or redundant, immaterial, impertinent, or scandalous
14 matter." Fed. R. Civ. P. 12(f). "[T]he function of a 12(f) motion to strike is to
15 avoid the expenditure of time and money that must arise from litigating spurious
16 issues by dispensing with those issues prior to trial." *Whittlestone, Inc. v. Handi-*
17 *Craft Co.*, 618 F.3d 970, 973 (9th Cir. 2010)(quoting *Fantasy, Inc. v. Fogerty*, 984
18 F.2d 1524, 1527 (9th Cir. 1993). An Answer should contain affirmative defenses
19 that the defendant may have, and that would otherwise not be at issue. An
20 affirmative defense must at minimum provide 'fair notice' and requires some
21 pleading of facts: 'Neither mere reference to a legal doctrine, nor a bare recitation
22 of statutory provisions, provides fair notice of an affirmative defense absent some
23 fact or argument explaining the defenses. *Conley v. Gibson*, 355 U.S. 41, 47-48
24 (1957)(citing *Arthur v. Constellation Brands, Inc.*, No. 16-cv-004680-RS, 2016
25 WL 6248905, at *2 (N.D. Cal. Oct. 26, 2016). Lastly, prohibiting the Defendants
26 from asserting insufficient affirmative defenses saves time, money, and judicial
27 resources. *Barnes v. AT&T Pension Benefit Plan-Nonbargained Program*, 718 F.
28 Supp. 2d 1167, 1173 (N.D. Cal. 2010).

Here, Defendant's 2nd, 4th, 5th, 6th, 7th, 8th, 10th, 11th, and 12th affirmative defenses (1) are pleaded without supporting facts to satisfy the fair notice standard, (2) contain affirmative defenses that are redundant, immaterial, or impertinent, and/or (3) are not affirmative defenses. Plaintiff moves to strike these nine (9) aforementioned affirmative defenses individually and specifically due to Defendant's failure to plead specific facts to satisfy the fair notice standard as all Defendant's affirmative defenses merely make bare reference to legal doctrine without any discussion on how they may apply to the single cause of action in Plaintiff's case. Overall, if Defendant's continue with their 2nd, 4th, 5th, 6th, 7th, 8th, 10th, 11th, and 12th insufficient affirmative defenses, then Plaintiff will suffer prejudice because it will result in expensive, unnecessary, and irrelevant discovery that would make a trial more complicated. See *Barnes v. AT&T Pension Benefit Plan-Nonbargained Program*, 718 F. Supp. 2d 1167, 1173 (N.D. Cal. 2010).

### A. Defendant's Affirmative Defenses are Factually Insufficient Defenses

An affirmative defense may be insufficient as a matter of pleading or as a matter of law. It may be insufficiently pleaded where it fails to provide the plaintiff with fair notice of the defense asserted. *Wyshak v. City Nat'l Bank*, 607 F.2d 824, 827 (9th Cir. 1979). It also may be insufficient as a matter of law where "there are no questions of fact, that any questions of law are clear and not in dispute, and that under no set of circumstances could the defense succeed." *Ganley v. Cnty. of San Mateo*, No. C06–3923 TEH, 2007 WL 902551, at *1, (N.D. Cal. Mar. 22, 2007). Because the purpose of pleading an affirmative defense is simply to give fair notice to the plaintiff of the defense being asserted, leave to amend should be freely granted in the absence of prejudice to the opposing party. *Wyshak*, 607 F.2d at 826–27.

Here, Defendant's 2nd, 4th, 5th, 6th, 7th, 8th, 10th, 11th, and 12th affirmative defenses raised in Defendant's Answer are not supported by fact pleading to satisfy the fair notice standard. Defendant does not allege any facts to establish any of the

affirmative defenses pleaded. For example Defendant's Fourth Affirmative Defense for Unclean Hands, states "Plaintiff's claims are barred, in whole or in part, by the doctrine of unclean hands." In addition, Defendant's Fifth Affirmative Defense for Laches, states "Plaintiff's claims are barred, in whole or in part, by the doctrine of laches." Defendant does not plead any facts to support these affirmative defenses, which would inform Plaintiff of the basis for the defenses raised. In addition, Defendant's affirmative defenses are just barebone recitations of legal doctrines, which leaves Plaintiff guessing how the defenses apply to her one claim for relief raised. In addition, Defendant's 8th affirmative defense for Statute of Limitations, and 11th affirmative defense for Eleventh Amendment Immunity, must be pleaded with particularity, which Defendant fails to do. Plaintiff could go on and on through each one of Defendant's affirmative defenses, but every affirmative defense suffers from the same malady. For the sake of brevity, Plaintiff respectfully requests that the Court strike Defendant's 2nd, 4th, 5th, 6th, 7th, 8th, 10th, 11th, and 12th affirmative defenses.

**B.     Defendant's Affirmative Defenses are Redundant, Immaterial, or Impertinent**

In addition to failing pleading standards and alleging non-affirmative defenses, Defendant's 2nd, 4th, 5th, 6th, 7th, 8th, 10th, and 11th affirmative defenses are redundant, immaterial, or impertinent defenses because they bear no relation whatsoever to Plaintiff's First Claim for Relief under Title II of the ADA, and Plaintiff's Second Claim for Relief under the Rehabilitation Act asserted in Plaintiff's Complaint. Redundant has been defined as including allegations that are wholly foreign to the issues involved or the needless repetition of allegations. *Sliger v. Prospect Mortg., LLC*, 789 F.Supp.2d 1212, 1216 (E.D. Cal. 2011). Immaterial matters are those with no essential or important relationship to the pleaded claims or defenses. *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993). Impertinent allegations are those that are not relevant to issues involved in the action. *Id.*

Here, Defendant's 2nd affirmative defense for "Failure to Exhaust Administrative/Judicial Remedies" and 11th affirmative defense for "Eleventh Amendment" are redundant, immaterial, or impertinent because this Court in its April 10, 2023 Order on Defendant's Motion to Dismiss has found that Plaintiff's First Claim for Relief under Title II of the ADA and Second Claim for Relief Under the Rehabilitation Act did not require administrative or judicial exhaustion, and neither claim was barred by Eleventh Amendment Immunity. See Dkt. No. 27; Decl. Rodriguez, ¶8.

Defendant's 5th affiramtive defense for "Laches" and 8th affirmative defense for "Statute of Limitations" are redundant, immaterial, or impertinent because Defendant has failed to challenge via a Motion to Dismiss that Plaintiff failed to timely file his lawsuit. In addition, there is no factual support that either of Plaintiff's two Claims for Relief are time barred.

Furthermore, Defendant's 4th affirmative defense for "Unclean Hands" is redundant, immaterial, or impertinent because there are no facts to support Plaintiff has engaged in inequitable behavior. Defendant's 6th affirmative defense for "Estoppel" is redundant, immaterial, or impertinent because Plaintiff has not intentionally or deliberately induced reliance, or engaged in conduct upon which Defendant relied and that Defendant acted or changed its position to its detriment. In addition, Defendant's 7th affirmative defense for "Wavier" is redundant, immaterial, or impertinent because there are no facts to support Plaintiff has intentionally or unintentionally relinquished his right, or adopted a position, action, or attitude inconsistent with an earlier position. Instead, Plaintiff has maintained that Defendant discriminated against him when he was dismissed because Defendant was not willing to grant his request for accommodations. And, Defendant's 10th affirmative defense for "Governmental Immunities" is redundant, immaterial, or impertinent because there is no immunity for seeking equitable and monetary relief under Title II of the ADA, and/or the Rehabilitation Act. In

addition, the "Governmental Immunities" is redundant, immaterial, or impertinent because there are no government employees that are parties to this instant litigation.

### C. Defendant's "Affirmative Defenses" are Not Affirmative Defenses

In addition to failing pleading standards and alleging affirmative defenses that are redundant, immaterial, or impertinent, Defendant's 11th affirmative defense is not affirmative defenses at all. An affirmative defense absolves a defendant of liability "even where the plaintiff has stated a *prima facie* case for recovery." *Quintana v. Baca*, 233 F.R.D. 562, 564 (C.D. Cal. 2005). An attack on a plaintiff's case-in-chief is not an affirmative defense. *Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1088 (9th Cir. 2002). Here, Defendant's 11th affirmative defense simply reserves the right to assert unspecified defenses later. This is not a defense at all, affirmative or otherwise.

### IV. CONCLUSION

For all the foregoing reasons, Plaintiff respectfully requests that the Court GRANT Plaintiff's Motion to Strike Defendant's 2nd, 4th, 5th, 6th, 7th, 8th, 10th, 11th, and 12th affirmative defenses pleaded in Defendant's Answer to Plaintiff's Complaint.

DATED: May 15, 2023                        LAW OFFICES OF HIRJI & CHAU, LLP

                                           Alexander F. Rodriguez
                                           Attorney for Plaintiff