# Law Offices of Hirji & Chau, LLP

May 10, 2023

Kelly M. Butler
Quarles & Brady LLP
101 West Broadway, Ninth Floor
San Diego, CA 92101
Tel: (619) 237-5200

Sent Via Email: Kelly.butler@quarles.com, and sandy.mcdonough@quarles.com

**Re:  John Doe v. Regents of the University of California, Case No. 22-CV-1506 JLS (WVG)
Plaintiff's Meet and Confer Regarding Motion to Strike Defendant's Answer**

Dear Ms. Butler,

  We have reviewed Defendant Regents of the University of California's Answer to Plaintiff's Complaint. I am writing to request a meet and confer by telephone regarding Plaintiff's intent to file a motion to strike Defendant's affirmative defenses raised in its Answer to the Complaint.

  A motion to strike will be necessary as Defendant's Answer contains "insufficient defenses, or redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "[T]he function of a 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 973 (9th Cir. 2010)(quoting *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993). An Answer should contain affirmative defenses that the defendant may have, and that would otherwise not be at issue. An affirmative defense must be at minimum provide 'fair notice' require some pleading of facts: 'Neither mere reference to a legal doctrine, nor a bare recitation of statutory provisions, provides fair notice of an affirmative defense absent some fact or argument explaining the defenses. *Conley v. Gibson*, 355 U.S. 41, 47-48 (1957)(citing *Arthur v. Constellation Brands, Inc.*, No. 16-cv-004680-RS, 2016 WL 6248905, at *2 (N.D. Cal. Oct. 26, 2016). Lastly, prohibiting the Defendants from asserting insufficient affirmative defenses saves time, money, and judicial resources. *Barnes v. AT&T Pension Benefit Plan-Nonbargained Program*, 718 F. Supp. 2d 1167, 1173 (N.D. Cal. 2010).

5173 Overland Avenue, Culver City, CA 90230
Tel. (310) 391-0330  Fax. (310) 943-0311  lawyer4children.com

| Rosa K. Hirji<br>Managing Partner<br>rosa@rkhlawoffice.com | Jenny Chau<br>Partner<br>jenny@rkhlawoffice.com | Julie Stromberg<br>Senior Attorney<br>julie@rkhlawoffice.com | Diana Maltz<br>Associate Attorney<br>diana@rkhlawoffice.com | Alexander Rodriguez<br>Associate Attorney<br>alex@rkhlawoffice.com |
|---|---|---|---|---|
| Robert D. Skeels<br>Associate Attorney<br>robert@rkhlawoffice.com | Tania Garcia<br>Administrative Assistant<br>tania@rkhlawoffice.com | Travis Wester<br>Paralegal<br>travis@rkhlawoffice.com | Jonathan Melena<br>Legal Assistant<br>jonathan@rkhlawoffice.com | |

May 10, 2023

      Here, Defendant's Answer takes the "kitchen sink" approach which alleges every possible affirmative defense without supporting facts. Defendant's Answer includes twelve (12) affirmative defenses. Defendant fails to plead facts to support any of those defenses, or pleads affirmative defenses that are redundant, immaterial, impertinent, or scandalous matter. Plaintiff intends to strike Defendant's 2nd, 4th, 5th, 6th, 7th, 8th, 10th, 11th, and 12th affirmative defenses individually and specifically due to Defendant's failure to plead specific facts to satisfy the fair notice standard. More specifically, Defendant's aforementioned affirmative defenses are immaterial, impertinent, and insufficient as a matter of law because they bear no relation whatsoever to Plaintiff's claims asserted in Plaintiff's Complaint and/or because the Court already dismissed those affirmative defenses in the Court's April 10, 2023 Order on Defendant's Motion to Dismiss, and thus should be stricken. In regard to Defendant's 12th affirmative defense, this is a boilerplate reservation of a right to assert additional affirmative defense and is legally meaningless, therefore it should be stricken. Overall, if Defendant's continue with the aforementioned affirmative defenses, then Plaintiff will suffer prejudice because it will result in expensive, unnecessary, and irrelevant discovery that would make a trial more complicated. See *Barnes v. AT&T Pension Benefit Plan-Nonbargained Program*, 718 F. Supp. 2d 1167, 1173 (N.D. Cal. 2010).

      Based on the foregoing, Plaintiff intends to file a motion to strike to Defendant's Answer on or prior to May 15, 2023. I look forward to discussing these issues with you at our meet and confer meeting. Plaintiff's counsel is available in the afternoon on May 11, 2023, or the morning of May 12, 2023. Given the fast-approaching deadline for Plaintiff to file the motion to strike, I would advise that the parties meet and confer sooner as to not have to engage in needless motion practice.

Sincerely,

Alex Rodriguez
Attorney for Plaintiff