SANDRA L. McDONOUGH (SBN 193308)
sandy.mcdonough@quarles.com
KELLY M. BUTLER (SBN 342394)
kelly.butler@quarles.com
**QUARLES & BRADY LLP**
101 West Broadway, Ninth Floor
San Diego, California 92101-8285
Telephone: 619-237-5200
Facsimile: 619-615-0700

Attorneys for THE REGENTS OF THE UNIVERSITY OF CALIFORNIA

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN DOE,<br><br>   Plaintiff,<br><br> v.<br><br>REGENTS OF THE UNIVERSITY OF CALIFORNIA and DOES 1 through 10, inclusive,<br><br>   Defendant. | Case No. 22-CV-1506 JLS (WVG)<br><br>**DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE DEFENDANT'S AFFIRMATIVE DEFENSES RAISED IN DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT**<br><br>Judge:  Janis L. Sammartino<br>Mag. Judge: William V. Gallo<br>Crtrm.:  4D<br>Trial Date: Not Set |

**TABLE OF CONTENTS**

I. INTRODUCTION ........................................................................................... 1

II. PROCEDURAL BACKGROUND ................................................................. 1

III. LEGAL STANDARD ..................................................................................... 2

IV. LEGAL ARGUMENT .................................................................................... 3

    A. The Regents' Answer Provides Plaintiff with Fair Notice of its Affirmative Defenses ........................................................................... 3

        1. The Southern District does not require fact pleading to satisfy the fair notice standard. ....................................................... 3

        2. The Regents has satisfied the Southern District fair notice standard. ............................................................................... 6

    B. No Legal Basis Exists to Strike The Regents' Affirmative Defenses ....................................................................................................... 8

    C. Plaintiff Fails to Argue that He Will Be Prejudiced By The Regents' Affirmative Defenses ............................................................. 9

    D. The Regents' Affirmative Defenses are Adequately Pled. ................... 10

        1. The Regents' failure to exhaust defense provides Plaintiff with fair notice and is not redundant, immaterial, or impertinent. ......................................................................... 10

        2. The Regents' laches and statute of limitations defenses satisfy the fair notice standard. ..................................................... 11

        3. The Regents' unclean hands, waiver, and estoppel defenses provide Plaintiff with fair notice. ................................. 12

        4. Plaintiff has failed to allege any prejudice to justify striking The Regents' twelfth affirmative defense. ..................... 13

    E. If This Court Grants Plaintiff's Motion to Strike, The Regents Should be Given Leave to Amend. ...................................................... 13

V. CONCLUSION ............................................................................................. 14

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Arthur v. Constellation Brands, Inc.*,
   2016 WL 6248905 (N.D. Cal. Oct. 26, 2016) ........................................................6

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009) ................................................................................................4

*Barrileaux v. Mendocino Cnty.*,
   2016 WL 1298860 (N.D. Cal. Apr. 4, 2016) ...........................................................6

*Bell Atlantic Corporation v. Twombly*,
   550 U.S. 544 (2007) ................................................................................................4

*Cal. Dep't of Toxic Substances Control v. Alco Pac., Inc.*,
   217 F. Supp. 2d 1028 (C.D. Cal 2002) ................................................................3, 9

*Conley v. Gibson*,
   355 U.S. 41 (1957) ...............................................................................................5, 6

*Cota v. Aveda Corp.*,
   2020 WL 6083423 (S.D. Cal. Oct. 14, 2020) ..........................................................4

*Diaz v. Alternate Recovery Management*,
   2013 WL 1942198 (S.D. Cal. 2013) ......................................................4, 9, 10, 13

*E.digital Dorp. v. PNY Electronics, Inc.*,
   2014 WL 12516022 (S.D. Cal. July 24, 2014) .......................................................7

*Fantasy, Inc. v. Fogerty*,
   984 F.2d 1524 (9th Cir. 1993) .................................................................................8

*Finjan, Inc. v. ESET, LLC*,
   2017 WL 4358128 (S.D. Cal. Oct. 2, 2017) .......................................................2, 3

*Helstern v. City of San Diego*,
   2014 WL 294496 (S.D. Cal. Jan. 24, 2014) .............................................4, 7, 9, 12

*Henry v. Ocwen Loan Servicing, LLC*,
  2018 WL 1101097 (S.D. Cal. Feb. 26, 2018)......................................................4, 7

*J & J Sports Prods. v. Delgado*,
  No. 10-2517, 2011 U.S. Dist. LEXIS 9013 (E.D. Cal. Jan. 19, 2011)...................13

*Kohler v. Flava Enter., Inc.*,
  779 F.3d 1016 (9th Cir. 2015) .............................................................................3, 6

*Kohler v. Island Rests., LP*,
  280 F.R.D. 560 (S.D. Cal. 2012) ........................................................................6, 12

*Meas v. CVS Pharmacy, Inc.*,
  2011 WL 283742 (S.D. Cal. July 14, 2011) .......................................................4, 5

*Muhammed v. Reese Law Group, APC*,
  2017 WL 6944416 (S.D. Cal. Feb. 1, 2017)........................................................7, 11

*Neveu v. City of Fresno*,
  392 F. Supp. 2d 1159 (E.D. Cal. 2005) ..................................................................2

*American GNC Corp. v. LG Electronics Inc.*,
  2017 WL 4792373 (S.D. Cal. Oct. 24, 2017).........................................................11

*Price v. Peerson*,
  643 Fed.Appx. 637 (9th Cir. 2016).........................................................................2

*Puccio v. Love*,
  2018 WL 1449399 (S.D. Cal. Feb. 26, 2018).........................................................11

*Rapp v. Lawrence Welk Resort*,
  2013 WL 358268 (S.D. Cal. Jan. 28, 2013) .................................................. Passim

*Roe v. City of San Diego*,
  289 F.R.D. 604 (S.D. Cal. 2013) .............................................................................4

*Schutte & Koerting*,
  298 Fed.Appx. 613 (9th Cir. 2008)..........................................................................4

*Simmons v. Navajo Co.*,
  609 F.3d 1011 (9th Cir. 2010) .......................................................................3, 4, 6

*Smith v. Cobb*,
  2017 U.S. Dist. LEXIS 144328 (S.D. Cal. 2017) ................................................... 10

*Smith v. Wal-Mart Stores*,
  2006 WL 2711468 (N.D. Cal. Sep. 20, 2006) ......................................................... 9

*Vistan Corp. v. Fadei USA Inc.*,
  2011 WL 1544796 (N.D. Cal. Apr. 25, 2011) ......................................................... 7

*Weddle v. Bayer AG Corp.*,
  2012 WL 1019824 (S.D. Cal. 2012) ............................................................. 4, 9, 13

*Weintraub v. Law Office of Patenaude & Felix, A.P.C.*,
  299 F.R.D. 661 (S.D. Cal. 2014) ............................................................................. 4

*Whittlestone, Inc. v. Handi-Craft Co.*,
  618 F.3d 970 (9th Cir. 2010) ................................................................................... 8

*Willson v. Cagle*,
  711 F. Supp. 1521 (N.D. Cal. 1988) ........................................................................ 9

*Wyshak v. City Nat'l Bank*,
  607 F.2d 824 (9th Cir. 1979) ....................................................................... 4, 11, 13

*Zivkovic v. S. Cal. Edison Co.*,
  302 F.3d 1080 (9th Cir. 2002) ............................................................................... 13

**Statutes**

California Code of Civil Procedure section 335.1 ....................................................... 11

California Code of Civil Procedure section 338 .......................................................... 11

California Code of Civil Procedure section 340 .......................................................... 11

United States Code, title 29, section 794a .................................................................... 11

**Rules**

Fed. R. Civ. Proc. 8..................................................................................................5

Fed. R. Civ. Proc. 12........................................................................................8, 10

# I.
# INTRODUCTION

Defendant The Regents of the University of California's ("The Regents") answer to Plaintiff John Doe's ("Plaintiff") complaint provided Plaintiff with fair notice of its affirmative defenses as required by the Federal Rules of Civil Procedure. The Regents was not required to plead factual details in support of its defenses at this stage in the litigation, particularly given that discovery has not yet commenced and neither party has exchanged documents. Further, Plaintiff has not sustained his burden to show that any of The Regents' defenses are legally impossible to apply, as required to sustain a motion to strike. Finally, Plaintiff has entirely failed to show (or even allege) any prejudice.

The Regents therefore respectfully requests that this Court deny Plaintiff's motion to strike The Regents' answer in part or, in the alternative, that The Regents be given leave to amend.

# II.
# PROCEDURAL BACKGROUND

Plaintiff alleges violations of the Americans with Disabilities Act ("ADA") and the Rehabilitation Act based on his dismissal from the University of California, San Diego ("UCSD") School of Medicine. In essence, he claims he was discriminated against on the basis of his disability after The Regents provided him with numerous accommodations, including multiple extensions of his deadline to take a nationally required exam, multiple leaves of absence, multiple extensions of his graduation deadline, and test-taking accommodations. Plaintiff was eventually dismissed after he failed to meet the UCSD School of Medicine graduation requirements even when granted an additional two years and three months to complete the requirements.

The Regents filed a motion to dismiss Plaintiff's complaint on November 23, 2022, asserting immunity from Plaintiff's claims. *See* Dkt. No. 19. The Regents

also asserted that Plaintiff failed to exhaust his administrative and judicial remedies as required by law. *Id.* The Court denied The Regents' motion to dismiss on April 10, 2023. Dkt. No. 27.

On April 24, 2023, The Regents filed an answer to Plaintiff's complaint, asserting the following eleven defenses: (1) failure to state a claim; (2) failure to exhaust administrative or judicial remedies; (3) failure to mitigate damages; (4) unclean hands; (5) laches; (6) estoppel; (7) waiver; (8) statute of limitations; (9) substantial modification required to accommodate Plaintiff; (10) governmental immunities; and (11) Eleventh Amendment immunity. *See* Dkt. No. 28. The Regents also included a twelfth affirmative defense reserving its right to assert additional affirmative defenses as facts are discovered. *Id.*

The parties exchanged initial disclosures on May 16 and 23, 2023. Declaration of Kelly Butler ("Butler Decl."), ¶ 2. Neither party exercised its option to exchange documents as part of the initial disclosures, and neither party has propounded discovery or received documents to date. Butler Decl., ¶ 3.

Plaintiff now moves to strike The Regents' second defense for failure to exhaust administrative or judicial remedies; fourth defense for unclean hands; fifth defense for laches; sixth defense for estoppel; seventh defense for waiver; eighth defense for expiration of the statute of limitations; tenth defense for governmental immunities; eleventh defense for Eleventh Amendment immunity; and twelfth defense reserving The Regents' rights.

## III.
## LEGAL STANDARD

Motions to strike are disfavored by federal courts. *Price v. Peerson*, 643 Fed.Appx. 637 (9th Cir. 2016). Accordingly, a motion to strike "should not be granted unless it is clear that the matter to be stricken could have no possible bearing on the subject matter of the litigation." *Finjan, Inc. v. ESET, LLC*, 2017 WL 4358128, at *1 (S.D. Cal. Oct. 2, 2017) (quoting *Neveu v. City of Fresno*, 392

F. Supp. 2d 1159, 1170 (E.D. Cal. 2005)). Courts are to view "the pleadings in the light most favorable to the non-moving party" and "resolve any doubt as to the … sufficiency of a defense in the defendant's favor." *Id*. "'[C]ourts often require a showing of prejudice by the moving party before' granting a motion to strike, and '[u]ltimately, whether to grant a motion to strike lies within the sound discretion of the district court." *Id.* (quoting *Cal. Dep't of Toxic Substances Control v. Alco Pac., Inc.*, 217 F. Supp. 2d 1028, 1033 (C.D. Cal 2002)). "Even when the defense under attack presents a purely legal question, courts are reluctant to determine disputed or substantial questions of law on a motion to strike." *Id.* (quotation omitted).

## IV.
## LEGAL ARGUMENT

**A. The Regents' Answer Provides Plaintiff with Fair Notice of its Affirmative Defenses**

    **1. The Southern District does not require fact pleading to satisfy the fair notice standard.**

Plaintiff asserts in his Motion to Strike that The Regents did not provide fair notice of its defenses because it did not allege facts in support of those defenses. *See* Plf.'s Motion, p. 4. This assertion is incorrect, as fact pleading is not required for affirmative defenses, and The Regents' answer placed Plaintiff on fair notice of its defenses. Importantly, Plaintiff fails to acknowledge not only the prominent split in the Southern and Northern District Courts, but also the previous findings of this Court, which has conclusively found that fact pleading is not required to satisfy the fair notice standard.

The fair notice standard is used in evaluating whether an affirmative defense should be stricken. *See Kohler v. Flava Enter., Inc.*, 779 F.3d 1016, 1019 (9th Cir. 2015); *Simmons v. Navajo Co.*, 609 F.3d 1011, 1023 (9th Cir. 2010) ("The key to determining the sufficiency of pleading an affirmative defense is whether it gives plaintiff fair notice of the defense."). Neither the Supreme Court nor the Ninth

Circuit have addressed the question of whether the fair notice standard encompasses the fact pleading standards set forth in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544 (2007). However, the Ninth Circuit subsequent to *Iqbal* and *Twombly* has continued to recognize that the "fair notice" standard of affirmative defense pleading does not require factual pleading. *See Simmons*, 609 F.3d at 1023 (citing *Wyshak v. City Nat'l Bank*, 607 F.2d 824, 827 (9th Cir. 1979)); *Schutte & Koerting*, 298 Fed.Appx. 613, 615 (9th Cir. 2008) (denying motion to strike affirmative defense because plaintiff failed to show prejudice). "This strongly suggests that the Ninth Circuit does not believe the more stringent *Twombly/Iqbal* standard should be applied to affirmative defenses." *Roe v. City of San Diego*, 289 F.R.D. 604, 609 (S.D. Cal. 2013).

Federal district courts in California are split on this issue of whether the fair notice standard requires fact pleading for affirmative defenses. However, the majority of judges in the Southern District of California have declined to apply the *Twombly/Iqbal* standard to affirmative defenses, including this Court. *See Weddle v. Bayer AG Corp.*, No. 11CV817 JLS (NLS), 2012 WL 1019824, at *2 (S.D. Cal. 2012) (Sammartino, J.) (denying a plaintiff's motion to strike the defendant's answer after declining "to extend the heightened pleading standards of *Twombly* to the pleading of affirmative defenses.").[1] This is because, as this Court has stated,

---

[1] *See also Diaz v. Alternate Recovery Management*, 2013 WL 1942198 (S.D. Cal. 2013) (Anello, J.) ("The Court joins the conclusions of the judges of this District" declining "to apply *Twombly* and *Iqbal* to affirmative defenses." (citations omitted)); *Weintraub v. Law Office of Patenaude & Felix, A.P.C.*, 299 F.R.D. 661, 665 (S.D. Cal. 2014) (Whelan, J.) ("this Court declines to extend the *Twombly/Iqbal* pleading standards to affirmative defenses."); *Helstern v. City of San Diego*, 2014 WL 294496, at *1 (S.D. Cal. Jan. 24, 2014) (Burns, J.) (rejecting the Northern District's extension of *Twomby* and *Iqbal* to affirmative defenses); *Rapp v. Lawrence Welk Resort*, 2013 WL 358268, at *2 (S.D. Cal. Jan. 28, 2013) (Benitez, J.) ("the Court concludes that the traditional fair notice standard applies to affirmative defenses."); *Meas v. CVS Pharmacy, Inc.*, 2011 WL 283742, at *3 (S.D.

"differences in the plain language of Rule 8(a)(2) and Rule 8(c)² suggest that less is required for pleading affirmative defenses. Unlike Rule 8(a)(2)'s requirement that a pleader 'show' an entitlement to relief, Rule 8(c) requires only that the responding party 'affirmatively state' any affirmative defenses." *Id*. (citations omitted). "Moreover, 'practical and judicial economy considerations further support application of the traditional pleading standards for affirmative defenses.'" *Id*. (quoting *Meas*, 2011 WL 2837432 at *3.) "Some of these considerations include the limited time a defendant has to prepare an answer to the complaint, avoidance of the need to repeatedly amend an answer to assert later-discovered defenses, and discouragement of motions to strike for dilatory or harassment purposes." *Id*.

The only legal argument Plaintiff asserts in support of his position that fair notice requires fact pleading is a quotation purportedly from *Conley v. Gibson*, a United States Supreme Court case decided in 1957. Plf.'s Motion, p. 3; *Conley v. Gibson*, 355 U.S. 41 (1957) (holding railway employees adequately stated a claim against their union). However, *Conley v. Gibson* addressed the pleading standard for complaints, not answers, and the quotation provided in Plaintiff's motion does not exist in *Conley*. Plaintiff's provided quotation is actually from *Arthur v.*

---

Cal. July 14, 2011) (Miller, J.) (declining to extend fact pleading to fair notice because policy considerations "caution against the application of a heightened pleading standard to affirmative defenses."); *Cota v. Aveda Corp.*, 2020 WL 6083423, at *3 (S.D. Cal. Oct. 14, 2020) (Benitez, J.) ("the fair notice standard does not require factual support for affirmative defenses"); *Henry v. Ocwen Loan Servicing, LLC*, 2018 WL 1101097, at *3 (S.D. Cal. Feb. 26, 2018) (Miller, J.) ("the court concludes that affirmative defenses are not subject to a heightened pleading standard.").

² Rule 8 of the Federal Rules of Civil Procedure governs the general rules of pleading. Rule 8(a)(2) provides that "A pleading that states a claim for relief must contain…a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. Proc. 8(a)(2). Rule 8(c) provides that, "[i]n responding to a pleading, a party must affirmatively state any avoidance or affirmative defense." Fed. R. Civ. Proc. 8(c)(1).

1 *Constellation Brands, Inc.*, 2016 WL 6248905, at *2 (N.D. Cal. Oct. 26, 2016), a Northern District of California case from 2016, which quotes another Northern District of California case. *See* Plf.'s Motion, p. 3; *Arthur*, 2016 WL 6248905, at *2 (quoting *Barrileaux v. Mendocino Cnty.*, No. 14-cv-1373, 2016 WL 1298860 (N.D. Cal. Apr. 4, 2016)).

However, this quotation is inapposite given the circuit split between the Southern and Northern District Courts, as the Northern District applies a higher standard of fact pleading to affirmative defenses. *See Arthur*, 2016 WL 6248905, at *2 ("Courts in this district have generally construed 'fair notice' to require that affirmative defenses satisfy the *Twombly/Iqbal* plausibility standard."). Plaintiff's singular argument is therefore unpersuasive; rather, it is evident that Plaintiff's motion relies on his incorrect application of the Northern District fair notice standard to The Regents' answer. *See* Plf.'s Motion, p. 4 ("Defendant's…affirmative defenses raised in Defendant's Answer are not supported by fact pleading to satisfy the fair notice standard.") The Southern District does not require fact pleading, but requires only that The Regents place Plaintiff on fair notice of its defenses. As discussed in Section IV(A)(2), *infra*, The Regents has satisfied this standard.

**2.     The Regents has satisfied the Southern District fair notice standard.**

The law is clear that traditional fair notice, or the notice used in the Southern Circuit, "only requires describing the defense in 'general terms.'" *Kohler*, 779 F.3d at 1019; *see also Simmons*, 609 F.3d at 1023 ("The key to determining the sufficiency of pleading an affirmative defense is whether it gives plaintiff fair notice of the defense."). This "requires that the defendant state the nature and grounds for the affirmative defense." *Kohler v. Island Rests., LP*, 280 F.R.D. 560, 565 (S.D. Cal. 2012). "It does not, however, require a detailed statement of facts." *Id*. Rather, under the fair notice standard, "[a]ll that a defendant needs to allege is the

nature and grounds of the defense." *Rapp*, 2013 WL 358268, at *4. Thus, "[f]or well-established defenses, merely naming them may be sufficient." *Muhammed v. Reese Law Group, APC*, 2017 WL 6944416, at *1 (S.D. Cal. Feb. 1, 2017) (finding the defendant provided fair notice merely by identifying the specific statute of limitations allegedly barring plaintiff's claims).

Barebone recitations of legal doctrines are sufficient to satisfy the fair notice standard. *See Helstern*, 2014 WL 294496, at *1 (finding "shotgun, laundry-list, boilerplate" affirmative defenses satisfied fair notice standard); *Henry*, 2018 WL 1101097, at *3 ("Plaintiffs accurately represent that the affirmative defenses asserted by Defendants are, in essence boilerplate in nature and not necessarily applicable under the particular circumstances of the case. At this early stage, nothing more is required."); *E.digital Dorp. v. PNY Electronics, Inc.*, 2014 WL 12516022, at *3 (S.D. Cal. July 24, 2014) (denying motion to strike defendant's affirmative defenses even though they included "sparse factual detail").

Conclusory defenses are appropriate at this stage because discovery has not yet commenced, and "[a]ny lack of factual detail in [affirmative] defenses may be remedied through the formal discovery process, as is done in the vast majority of cases." *Diaz*, WL 1942198, at *1; *see also Vistan Corp. v. Fadei USA Inc.*, No. 10-cv-04862, 2011 WL 1544796, at *7 (N.D. Cal. Apr. 25, 2011) (finding that "boilerplate" affirmative defenses "are standard affirmative defenses, appropriate at the outset of the case before discovery has commenced."). Thus, "[t]o the extent [a plaintiff] thinks the affirmative defenses are factually or legally baseless…[the plaintiff] can make her arguments at the summary judgment phase or trial." *Helstern*, 2014 WL 294496, at *1. To require more at this stage would be to require The Regents to already have its case in chief prepared at the outset of the case, with no factual discovery received from Plaintiff.

As stated, all of The Regents' affirmative defenses clearly describe in general terms the nature and grounds for its defenses. *See* Def.'s Answer, pp. 16-18. While

The Regents did not plead facts in support of its defenses, it was not required to do so. Thus, The Regents has properly provided fair notice of its defenses to Plaintiff, and Plaintiff's Motion to Strike should be denied as a result.

**B.     No Legal Basis Exists to Strike The Regents' Affirmative Defenses**

Motions to strike pursuant to Rule 12(f), which permits the court to strike from the pleading any redundant, immaterial, impertinent, or scandalous matter, are generally disfavored and should not be granted unless it is clear that the matter to be stricken could have no possible bearing on the subject matter of the litigation. Fed. R. Civ. Proc. 12(f); *see Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 974-74 (9th Cir. 2010) (denying motion to strike because "[i]t is quite clear that none of the five categories covers the allegations in the pleading sought to be stricken.").

Here, it is clear that none of the five categories contemplated by Rule 12(f) are present in The Regents' answer. First, The Regents' affirmative defenses cannot be redundant, as each defense only appears once in its answer. *Whittlestone, Inc.*, 618 F.3d at 974 (finding that a claim for damages alleged in a defendant's answer "could not be redundant, as it does not appear anywhere else in the complaint.").

Second, The Regents' affirmative defenses are not immaterial or impertinent, as they all directly relate to Plaintiff's claims. While Plaintiff argues the defenses are immaterial because they lack factual support, this is not the standard: "'Immaterial' matter is that which has no essential or important relationship to the claim for relief or the defenses being pled." *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993), *rev'd on other grounds by Fogerty v. Fantasy, Inc.*, 510 U.S. 517 (1994). Similarly, "'impertinent' matter consists of statements that do not pertain, and are not necessary, to the issues in question." *Id*.

*Diaz v. Alternate Recovery Management* provides an example of the type of defenses which could be considered immaterial or impertinent. In *Diaz*, the Southern District struck an unconscionability defense because "[u]nconscionability is a defense available in cases involving contracts for the purposes of invalidating a

1 contract," and the case at-issue did not involve a contract. 2013 WL 1942198, at *2. Here, however, all The Regents' affirmative defenses directly relate to Plaintiff's claims of disability discrimination and, if proven, would preclude or limit Plaintiff's recovery. To the extent Plaintiff believes these defenses are factually or legally baseless, Plaintiff "can make [his] arguments at the summary judgment phase or trial." *Helstern*, 2014 WL 294496, at *1.

## C. Plaintiff Fails to Argue that He Will Be Prejudiced By The Regents' Affirmative Defenses

Nowhere in Plaintiff's motion to strike does he argue that he will be prejudiced by any of The Regents' defenses. For this reason alone, this Court should deny Plaintiff's motion. In *Weddle v. Bayer AG Corporation*, this Court denied a motion to strike because the plaintiff had "not claimed any prejudice and the improper designation [of an affirmative defense] does not operate to prejudice Plaintiff in any way. Thus, Plaintiff has not provided sufficient grounds for striking Defendants' denial." 2012 WL 1019824, at *4.

Other courts have similarly held that motions to strike should be denied unless the moving party demonstrates that the matter sought to be stricken will result in prejudicial harm if not stricken. *See, e.g.*, *Willson v. Cagle*, 711 F. Supp. 1521, 1534 (N.D. Cal. 1988) (motions to strike "should be denied unless the allegations have no possible relation to the controversy and cause prejudice to [the moving party]"); *Smith v. Wal-Mart Stores*, 2006 WL 2711468, at *2 (N.D. Cal. Sep. 20, 2006) (noting that prejudice must be shown in order to strike an affirmative defense); *Alco Pac., Inc.*, 217 F. Supp. 2d at 1033 (noting that, because motions to strike are disfavored, "courts often require a showing of prejudice by the moving party before granting the requested relief."). Because of Plaintiff's failure to argue, much less show, prejudice, all of The Regents' defenses should be allowed to stand.

/ / /

/ / /

**D. The Regents' Affirmative Defenses are Adequately Pled.**

**1. The Regents' failure to exhaust defense provides Plaintiff with fair notice and is not redundant, immaterial, or impertinent.**

The Regents has placed Plaintiff on fair notice of its second affirmative defense for failure to exhaust. In its answer, The Regents alleges that Plaintiff's claims are barred by reason of the fact that he has failed to exhaust all administrative or judicial remedies. Answer, p. 16. The Regents filed a motion to dismiss prior to filing its answer, which thoroughly laid out its position regarding this defense. *See* Dkt. No. 19. This is more than enough to place Plaintiff on notice of The Regents' failure to exhaust defense; nothing further is required. *See Rapp*, 2013 WL 358268, at \*7 (finding fair notice standard satisfied because allegations in the complaint were sufficient to place the plaintiff on notice); *Smith v. Cobb*, 2017 U.S. Dist. LEXIS 144328, at \*12 (S.D. Cal. 2017) (denying motion to strike failure to exhaust defense because "there is no question that Plaintiff understands the nature of this defense.").

Plaintiff argues that the failure to exhaust defense should be stricken because the Court denied The Regents' motion to dismiss, which asserted the same defense. *See* Dkt. No. 27. In *Smith v. Cobb*, however, the Southern District considered and rejected this argument, finding it "misplaced." 2017 U.S. Dist. LEXIS 144328, at \*13. In doing so, the court noted that a "Rule 12(f) order is a drastic remedy that should only be exercised when the affirmative defense fails to provide adequate notice. [Citation.] Courts do not strike affirmative defenses simply because they will fail. The decision to strike is a question of notice to Plaintiff, not the likelihood of success on the merits." *Id*. (citations omitted).

Moreover, the Southern District has recognized that asserting defenses to prevent waiver of the defenses is proper. *Diaz*, 2013 WL 1942198, at \*2 (denying motion to strike defenses because they "preserve Defendant's ability to invoke them later in the case, as failing to assert them in the Answer constitutes waiver.") Thus, The Regents' inclusion of its failure to exhaust defense to preserve its right to assert

1  this defense later in the litigation or on appeal is proper.

2        Accordingly, given The Regents has provided Plaintiff with fair notice of its
3  exhaustion defense, no further analysis is required. The Regents should be allowed
4  to preserve its defenses for appeal and its second affirmative defense should not be
5  stricken.

6      **2.**    **The Regents' laches and statute of limitations defenses satisfy the**
7            **fair notice standard.**

8        As required by Rule 8(c)(1), The Regents has affirmatively stated in its
9  Answer its laches and statute of limitations defenses. The rule requires nothing
10 further. *See Puccio v. Love*, No. 16-cv-2890-W-BGS, 2018 WL 1449399, at *10
11 (S.D. Cal. Feb. 26, 2018) (denying motion to strike statute of limitations defense);
12 *Rapp*, 2013 WL 358268, at *7 (denying motion to strike laches defense because
13 complaint alleged when plaintiff suffered first injury and thus plaintiff was on fair
14 notice).

15       In addition, The Regents has directed Plaintiff to the statutory sections
16 containing the applicable statutes of limitations. *See* Answer ("Plaintiff's claims are
17 barred by the applicable statutes of limitations, including but not limited to
18 California Code of Civil Procedure sections 335.1, 338(a), and 340(a); and United
19 States Code, title 29, section 794a.). Plaintiff is thus on fair notice of The Regents'
20 statute of limitations defense. *Wyshak*, 607 F.2d at 827 (holding that affirmative
21 defense "that plaintiff's claims are barred by the applicable statute of limitations"
22 was supported by an attached memorandum making specific reference to the statute
23 of limitations on which the defendant relied); *see also Muhammed*, 2017 WL
24 6944414, at *3 ("Because [the defendant] identified in its Answer the statute upon
25 which its defense rests…the Court finds the statute of limitations defense adequately
26 pled to give Plaintiff fair notice."); *American GNC Corp. v. LG Electronics Inc.*,
27 2017 WL 4792373, at *3 (S.D. Cal. Oct. 24, 2017) ("Defendants' references to
28 specific statutes 'state the nature and grounds' for their defense, and Defendants are

not required to include 'a detailed statement of facts.'" (quoting *Kohler*, 280 F.R.D. at 564)).

Because The Regents has stated its defenses in general terms, and because The Regents has directed Plaintiff to the specific statutes containing the limitations, The Regents has adequately pled both its laches and statute of limitations defense.

### 3. The Regents' unclean hands, waiver, and estoppel defenses provide Plaintiff with fair notice.

Plaintiff argues The Regents' affirmative defenses of unclean hands (fourth affirmative defense), estoppel (sixth affirmative defense), and waiver (seventh affirmative defense) are "redundant, immaterial, or impertinent because there are no facts to support" the defenses. Plf.'s Motion, p. 6. Specifically, he argues the unclean hands defense fails because "there are no facts to support Plaintiff has engaged in inequitable behavior"; that the estoppel defense fails "because Plaintiff has not intentionally or deliberately induced reliance"; and that the waiver defense fails "because there are no facts to support Plaintiff has intentionally or unintentionally relinquished his right." *Id*.

As discussed above, however, "[t]he fair notice standard only requires the pleading to provide a plaintiff with fair notice of the nature and grounds of the affirmative defense, not to prove that the defendant will ultimately prevail." *Rapp*, 2013 WL 358268, at *7. This is because evaluating a motion to strike "is a question of notice to Plaintiff, not the likelihood of success on the merits." *Smith*, 2017 U.S. Dist. LEXIS 144328, at *13. Thus, "to the extent [a plaintiff] thinks the affirmative defenses are factually or legally baseless, and assuming Defendants stick to them, [the plaintiff] can make [his] arguments at the summary judgment phase or trial." *Helstern*, 2014 WL 294496, at *1.

Similarly here, Plaintiff's arguments are misplaced. The Regents has articulated its defenses in general terms, placing him on fair notice. Any lack of factual pleading can be resolved through the formal discovery process. *See Diaz*,

2013 WL 1942198, at *2 ("Any lack of factual detail in these defenses may be remedied through the formal discovery process, as is done in the vast majority of cases."). At this early stage, The Regents' lack of factual specificity does not render it susceptible to a motion to strike, and Plaintiff's motion to strike the unclean hands, waiver, and estoppel defenses should be denied.

### 4. Plaintiff has failed to allege any prejudice to justify striking The Regents' twelfth affirmative defense.

Plaintiff argues that The Regents' twelfth affirmative defense, which reserves its right to assert affirmative defenses not yet discovered, should be stricken because "[a]n attack on a plaintiff's case-in-chief is not an affirmative defense." Plf.'s Motion, p. 7 (citing *Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1088 (9th Cir. 2002)).

However, this Court has previously held that "denials that are improperly pled as defenses should not be stricken on that basis alone." *Weddle*, 2012 WL 1019824, at *4 (citing *J & J Sports Prods. v. Delgado*, No. 10-2517, 2011 U.S. Dist. LEXIS 9013, at *5 (E.D. Cal. Jan. 19, 2011)). Rather, a plaintiff must show—or at least allege—some prejudice in order to support a motion to strike. *Id*. at *5 ("[B]ecause Plaintiff is not prejudiced by improperly labeling this denial as a defense, the Court DENIES Plaintiff's motion to strike on this basis."). As discussed below, Plaintiff has entirely failed to do so, and The Regents' twelfth affirmative defense should not be stricken from its answer.

### E. If This Court Grants Plaintiff's Motion to Strike, The Regents Should be Given Leave to Amend.

As Plaintiff points out in his motion, "[b]ecause the purpose of pleading an affirmative defense is simply to give fair notice to the plaintiff of the defense being asserted, leave to amend should be freely granted in the absence of prejudice to the opposing party." Plf.'s Motion, p. 4 (citing *Wyshak*, 607 F.2d at 827). As discussed above, Plaintiff has not demonstrated—or even alleged—how he may be prejudiced

by The Regents' affirmative defenses, other than broad assertions regarding saving "time, money, and judicial resources that would be expended litigating these defenses prior to trial." Plf.'s Motion, p. 3. This is insufficient to support a finding of prejudice. Accordingly, if this Court grants Plaintiff's motion, The Regents respectfully requests it be given leave to amend.

## V.
## CONCLUSION

The Regents does not oppose dismissal without prejudice of its tenth and eleventh affirmative defenses. However, for the foregoing reasons, The Regents respectfully requests this Court deny Plaintiff's motion to strike its second, fourth, fifth, sixth, seventh, eighth, and twelfth affirmative defenses or, in the alternative, that The Regents be given leave to amend.

Dated: June 8, 2023                QUARLES & BRADY LLP


                                   By:   */s/ Sandra L. McDonough*
                                         SANDRA L. McDONOUGH
                                         KELLY M. BUTLER
                                         Attorneys for THE REGENTS OF THE
                                         UNIVERSITY OF CALIFORNIA