ROSA HIRJI, ESQ. | SBN 204722
  rosa@rkhlawoffice.com
ALEX RODRIGUEZ | SBN 322700
  alex@rkhlawoffice.com
**LAW OFFICES OF HIRJI & CHAU, LLP**
5173 Overland Avenue
Culver City, CA  90230
Tel. (310) 391-0330 // Fax (310) 943-0311

*Attorneys for Plaintiff* JOHN DOE

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN DOE,<br><br>　　　　　　　　Plaintiff,<br><br>v.<br><br>REGENTS OF THE UNIVERSITY OF CALIFORNIA, and DOES 1 through 10, inclusive,<br><br>　　　　　　　　Defendants. | Case No.: 22-cv-1506 JLS (WVG)<br>*Judge: Hon. Janis L. Sammartino*<br>*Mag. Judge: Hon. William V. Gallo*<br><br>**PLAINTIFF'S REPLY TO PLAINTIFF'S MOTION TO STRIKE DEFENDANT'S AFFIRMATIVE DEFENSES RAISED IN DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT**<br><br>Hearing Date:　　June 22, 2023<br>Hearing Time:　　1:30 PM<br>Courtroom:　　　4D |

//
//
//
//
//
//
//

i

## I. ARGUMENT

Defendant The Regents of the University of California has either not satisfied the fair notice standard, and/or put forth affirmative defenses that are legally insufficient.

An affirmative defense may be insufficient either as a matter of pleading or as a matter of law. It is insufficient as a matter of pleading if it fails to provide fair notice of the "grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957); see also *Wyshak v. City Nat. Bank*, 607 F.2d 824, 827 (9th Cir. 1979). While this standard does not require Defendant to provide a detailed statement of facts, merely "alleging that the affirmative defense exists" is insufficient. *Barnes v. AT&T Pension Benefit Plan*, 718 F.Supp. 2d 1167, 1172 (N.D. Cal. 2010); see also *Kohler v. Islands Restaurant*, LP, 280 F.R.D. 560, 564 (S.D. Cal. Feb. 16. 2012). Alternatively, an affirmative defense may be legally insufficient if it "clearly lacks merit under any set of facts the defendant might allege." *Kohler v. Islands Restaurant*, 280 F.R.D. at 564. In addition, "the function of a 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 973 (9th Cir. 2010)(quoting *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993).

Here, Defendant's 2nd affirmative defense for "Failure to Exhaust Administrative or Judicial Remedies" is legally irrelevant because this Court in its April 10, 2023 Order on Defendant's Motion to Dismiss has found that Plaintiff's First Claim for Relief under Title II of the ADA and Second Claim for Relief Under the Rehabilitation Act did not require administrative or judicial exhaustion. See Court's Order on Defendant's Motion to Dismiss, 14:1-7, "As there is no requirement that plaintiffs exhaust administrative remedies prior to bringing claims under Title II of the ADA or § 504 of the Rehabilitation Act, supra pp. 10–12, imposing a requirement that plaintiffs challenge final administrative decisions in

state court prior to filing suit would be nonsensical." Thus, similar in *Kohler v. Staples the Office Superstore LLC*, 291 F.R.D. 464, 470 (S.D. Cal. 2013), this Court should strike Defendant's 2nd affirmative defense because it is legally irrelevant. In addition, this Court should strike Defendant's 2nd affirmative defense because Defendant also fail to provide any indication what the alleged unmet prerequisites might be for Plaintiff.

    Defendant's 4th affirmative defense for "Unclean Hands" should be struck because it fails to provide fair notice on the grounds upon which it rests. Defendant provides no basis for an assertion of unclean hands, and therefore the Court should strike Defendant's 4th affirmative defense. See *Kohler v. Islands Restaurant*, 280 F.R.D. at 572.

    Defendant's 5th affirmative defense for "Laches", 6th affirmative defense for "Estoppel", and 7th affirmative defense for "Waiver" should all be stricken because these statements are all insufficient to provide fair notice. Defendants provide no basis for these claims in their answer, and reference to a doctrine should be considered insufficient. See *Kohler v. Staples the Office Superstore LLC*, 291 F.R.D. 464, 470 (S.D. Cal. 2013).

    Defendant's 8th affirmative defense for "Statute of Limitations" should be struck because Defendant makes no mention of the application of a statute of limitations to Plaintiff's claims within its Answer, and has attached no supplemental briefing to this point. Defendant Answer cites to California Code of Civil Procedure Sections 335.1, which states in pertinent parts "within two years: an action for assault, battery, or injury to, or for the death of, an individual caused by the wrongful act or neglect of another." In addition, Defendant's Answer cites to California Code of Civil Procedure Section 338(a), which states in pertinent parts "within three year for an action for trespass upon or injury to real property". In addition, Defendant's Answer cites to California Code of Civil Procedure Section 340(a), which states in pertinent parts "Within one year; (a) An action

1  upon a statute for a penalty or forfeiture, if the action is given to an individual, or
2  to an individual and the state, except if the statute imposing it prescribes a different
3  limitation". Lastly, Defendant's Answer cites to United States Code, title 29,
4  section 794a, which doesn't even state any applicable statute of limitations. All of
5  Defendant's citations fails to provide Plaintiff fair notice of how they relate to the
6  statute of limitations applicable to Plaintiff's First Claim for Relief under Title II of
7  the ADA and Second Claim for Relief Under the Rehabilitation Act, therefore
8  Defendant's 8th affirmative defense should be struck. See *Kohler v. Staples the*
9  *Office Superstore LLC*, 291 F.R.D. 464, 470 (S.D. Cal. 2013).

10      Defendant's 10th affirmative defense for "Governmental Immunities" is legally
11 irrelevant to Plaintiff's First Claim for Relief under Title II of the ADA and
12 Second Claim for Relief Under the Rehabilitation Act. Defendant's citation to
13 immunities in California Government Code sections are legally insufficient against
14 Plaintiff's federal law claims, therefore Defendant's 10th affirmative defense
15 should be struck. See *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1528 (9th Cir. 1993)
16 (stating an allegation is "immaterial" if there is no essential or important
17 relationship to the pleaded claims or defenses); *Vargas v. Cty. of Yolo*, No. 2:15-
18 cv-02537 TLN CKD, 2018 WL 2970800, at *3 (E.D. Cal. June 11, 2018) (striking
19 affirmative defense only "to the extent it is asserted against [p]laintiffs' federal law
20 claims"). In addition, Defendant's 10th affirmative defense should be struck
21 because this defense is too vague to give Plaintiff faire notice of which immunities
22 Defendant intends to assert against Plaintiff's claims and on the basis of what
23 statues. Instead, Plaintiff is left to guess at who is actually alleging the immunity,
24 what conduct was allegedly entitled to immunity, and how the immunity might
25 apply. Thus, Defendant's 10th affirmative defense should be struck for this reason
26 as well.

27      Defendant's 11th affirmative defense for "Eleventh Amendment Immunity" is
28 legally irrelevant because this Court in its April 10, 2023 Order on Defendant's

Motion to Dismiss has found that Plaintiff's First Claim for Relief under Title II of the ADA. See Court's Order on Defendant's Motion to Dismiss, 19:17-20 "Accordingly, the Court concludes that Congress constitutionally abrogated state sovereign immunity under Title II of the ADA. Plaintiff's Title II claim against Defendant, therefore, is not barred by the Eleventh Amendment, and the Court DENIES Defendant's Motion to the extent it is based on this ground.." In addition, Defendant's eleventh amendment immunity does not apply to Plaintiff's Second Claim for Relief under Section 504 of the Rehabilitation Act due to the Spending Clause under the authority of Congress. Thus, similar to Defendant's 2nd affirmative defense, this Court should strike Defendant's 11th affirmative defense because it is legally irrelevant.

    Lastly, Defendant's 12th affirmative defense for "Reservation of Rights" is meaningless and should be struck. See *E.E.O.C. v. Timeless Investments, Inc.*, 734 F.Supp.2d 1035, 1055 (E.D. Cal. 2010). Defendants are "either entitled to raise additional defenses at a later time or [they are] not," but any attempt to reserve their right to do so in advance is a "legal nullity." *U.S. v. Global Mortg. Funding, Inc.*, No. 07-1275, 2008 WL 5264986 at *5 (C.D. Cal. May 15, 2008); see also *Polk v. Legal Recovery Law Offices*, 291 F.R.D. 485, 493 (S.D. Cal. 2013). If Defendant later encounters "knowledge or information on which to form a belief" that additional affirmative defenses may be available it may amend its pleadings in accordance with Rule 15. *Global Mortg. Funding*, 2008 WL 5264986 at *5; *Timeless Investments*, 734 F.Supp.2d at 1055 ("Rule 15 does not require a defendant to "expressly reserve" unnamed affirmative defenses in its answer."). Therefore, Defendant's 12th affirmative defense should be struck.

//
//
//
//

## II. CONCLUSION

For all the foregoing reasons, Plaintiff respectfully requests that the Court GRANT Plaintiff's Motion to Strike Defendant's 2nd, 4th, 5th, 6th, 7th, 8th, 10th, 11th, and 12th affirmative defenses plead in Defendant's Answer to Plaintiff's Complaint.

DATED: June 15, 2023

LAW OFFICES OF HIRJI & CHAU, LLP

Alexander F. Rodriguez
Attorney for Plaintiff