**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JOHN DOE,<br><br>                  Plaintiff,<br><br>v.<br><br>REGENTS OF THE UNIVERSITY OF CALIFORNIA, and DOES 1 through 10, inclusive,<br><br>                  Defendants. | Case No.: 22-cv-01506-JLS-VET<br><br>**ORDER GRANTING IN PART JOINT MOTION TO EXTEND CERTAIN DEADLINES IN THE SCHEDULING ORDER**<br><br>**[Doc No. 39]** |

      Before the Court is the Parties' Stipulation to Extend Certain Deadlines in the Scheduling Order Regulating Discovery and Other Pre-Trial Proceedings (the "Joint Motion").[1] Doc. No. 39. Therein, the parties propose extending eight dates or deadlines. *Id.* at 4. Based on a review of the Joint Motion and the record, the Court **GRANTS IN PART** the Joint Motion.

---

[1] Pursuant to Civ. Loc. R. 7.2, the Court construes the Parties' Stipulation as a "Joint Motion." *See* Civ. Loc. R. 7.2 ("Any stipulation for which court approval is sought must first be filed as a 'joint motion.'").

1

## I.    LEGAL STANDARD

In determining whether to modify a scheduling order, the Court considers the "good cause" standard set forth in Federal Rule of Civil Procedure 16(b)(4). Fed. R. Civ. P. 16(b)(4). Pursuant to Rule 16(b)(4), a "schedule may be modified *only* for good cause and with the judge's consent." *Id.* (emphasis added); *Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002) ("the pretrial scheduling order can only be modified upon a showing of good cause"). Rule 16(b)(4)'s "good cause" standard "primarily considers the diligence of the party seeking the amendment." *Learjet, Inc. v. Oneok, Inc. (In re W. States Wholesale Natural Gas Antitrust Litig.)*, 715 F.3d 716, 737 (9th Cir. 2013). "The district court may modify the pretrial schedule 'if it cannot reasonably be met despite the diligence of the party seeking the extension.'" *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992) (citing to Fed. R. Civ. P. 16 advisory committee's notes on the 1983 amendment); *see also Zivkovic*, 302 F.3d at 1087; 6A Wright, Miller & Kane, *Federal Practice and Procedure* § 1522.1 at 231 (2d ed. 1990) ("good cause" means scheduling deadlines cannot be met despite party's diligence). "[C]arelessness is not compatible with a finding of diligence and offers no reason for a grant of relief." *Johnson*, 975 F.2d at 609. The focus of the inquiry is upon the moving party's reasons for seeking modification. *Id*. "If the moving party was not diligent, the inquiry should end." *Id*.; *Branch Banking & Tr. Co. v. D.M.S.I., LLC*, 871 F.3d 751, 764 (9th Cir. 2017) (same).

Further, Civil Local Rule 16.1(b) requires that all counsel "proceed with diligence to take all steps necessary to bring an action to readiness for trial." Civ.LR 16.1(b). Similarly, this Court's Civil Chambers Rules require that any motion to continue a scheduling order deadline include a showing of good cause, supported by a "declaration from counsel that details steps taken by the parties to meet current deadlines and reasons why the parties can no longer meet those deadlines." J. Torres Civ. Chambers R. VI.D.

## II.    PARTIES' JOINT MOTION TO EXTEND

The parties' Joint Motion states that additional time is necessary to take and schedule the deposition of a Rule 30(b)(6) witness. Doc. No. 39. Specifically, Plaintiff noticed said

deposition for November 30, 2023, but following subsequent meet and confer discussions, learned that the relevant Rule 30(b)(6) witness is not available until an unspecified date in January 2024. *Id*. Citing to this scheduling conflict, the Parties seek extending those dates and deadlines occurring prior to October 2024 by 45 to 90 days. *Id*. This is the Parties' first request for an extension. *Id*.

### III. ANALYSIS

Pursuant to the operative Scheduling Order, the parties had over seven months to conduct all fact discovery, including working to schedule and take the deposition of any Rule 30(b)(6) witnesses. Doc. No. 36. The Parties seek an additional ninety (90) days to complete fact discovery. Doc. No. 39. However, other than the need to complete a Rule 30(b)(6) deposition, the Parties do not identify any other delays or discovery issues that necessitate extending fact discovery by 90 days.[2] *Id.* Moreover, while the Court understands that corporate representatives may have limited availability, the Parties affirmatively represent that the relevant Rule 30(b)(6) witness Plaintiff seeks to depose is available in January 2024. *Id.* at 3. As such, the deposition can presumably occur on or before the close of fact discovery on January 31, 2024.[3]

Absent additional facts, the parties fail to demonstrate the requisite diligence and corresponding good cause to support extending fact discovery and subsequent deadlines as requested. Nevertheless, to accommodate any discovery disputes that may arise during the course of the referenced Rule 30(b)(6) deposition, the Court finds good cause to grant a partial extension of the requested deadlines. Therefore, the Court will modify the Scheduling Order to provide a limited extension for the requested deadlines. The Parties

---

[2] The Court notes that other than a reference to issuing "numerous subpoenas to Plaintiff's medical providers" and the Rule 30(b)(6) deposition, the Parties make no reference to any other fact discovery. Doc. No. 39.

[3] The Court further notes that Defendant has had notice since November 3, 2023 of Plaintiff's intent to depose a Rule 30(b)(6) witness. Accordingly, Defendant has had two months to identify and prepare a witness or witnesses to testify.

are advised that any further extension is strongly disfavored absent facts, supported by a declaration from counsel, that demonstrate the diligence of the Parties in meeting current deadlines and the reasons why the Parties cannot meet those deadlines.

### IV. MODIFIED SCHEDULING ORDER

Good cause appearing, the Court **GRANTS IN PART** the Parties' Joint Motion and **ORDERS** as follows:

1. All fact discovery shall be completed by all parties by **March 1, 2024**. "Completed" means that all discovery under Fed. R. Civ. P. 30-36, and discovery subpoenas under Fed. R. Civ. P. 45, must be initiated a sufficient period of time in advance of the cut-off date, **so that it may be completed by the cut-off date**, taking into account the times for service, notice, and response as set forth in the Federal Rules of Civil Procedure. Counsel shall promptly and in good faith meet and confer regarding all discovery disputes in compliance with Local Rule 26.1(a). The Court expects counsel to make every effort to resolve all disputes without court intervention through the meet and confer process. If the parties reach an impasse on any discovery issue, counsel shall follow the procedures governing discovery disputes set forth in Judge Torres' Civil Chambers Rules. **A failure to comply in this regard will result in a waiver of a party's discovery issue.** Absent an order of the Court, no stipulation continuing or altering this requirement will be recognized by the Court.

2. The MSC currently set for February 15, 2024 at 9:00 a.m. is hereby **VACATED** and **RESET** for a **videoconference MSC** on Wednesday, **March 20, 2024 at 9:30 a.m.** before **Magistrate Judge Valerie E. Torres**.

   a. The following are **mandatory** procedures to be followed in preparation for the MSC. Absent express permission from this Court, counsel must timely comply with the dates and deadlines herein. Questions regarding the MSC or the mandatory guidelines set forth herein may be directed to Judge Torres' Chambers at (619) 557-6384.

   b. **Full Settlement Authority Required**. Pursuant to Local Rule 16.1.c.1, all parties, party representatives, including claims adjusters for insured parties, and the

principal attorney(s) responsible for the litigation must participate in the MSC.[4] This appearance must be made with full and complete authority to negotiate and enter into a binding settlement.[5]

    c. **Confidential Settlement Brief**. No later than seven (7) calendar days before the MSC, each party must lodge a Confidential Settlement Brief by email to efile_torres@casd.uscourts.gov. The Confidential Settlement Brief should not exceed ten (10) pages, excluding exhibits, and must be formatted according to the requirements of Local Rule 5.1(a). Parties attaching exhibits must attach only the relevant pages of multi-page exhibits and must highlight the relevant portions.

    d. **Contents of Settlement Brief.** All Confidential Settlement Briefs shall include the content specified in the Court's Chambers Rules, available at https://www.casd.uscourts.gov/Judges/torres/docs/Civil%20Chambers%20Rules.pdf.

    3. The parties shall designate their respective experts in writing by **March 29, 2024**. The parties must identify any person who may be used at trial to present evidence pursuant to Fed. R. Evid. 702, 703 or 705. This requirement is not limited to retained experts. The parties shall designate rebuttal experts in writing by **April 19, 2024**. The written expert designations shall include the name, address and telephone number of the expert and a reasonable summary of the testimony the expert is expected to provide,

---

[4] The attendance requirement includes parties that are indemnified by others. Any deviation from this Order requires prior Court approval.

[5] Full authority to settle means that the individuals at the MSC are authorized to fully explore settlement options and to agree at that time to any settlement terms acceptable to the parties. *Heileman Brewing Co., Inc. v. Joseph Oat Corp.*, 871 F.2d 648, 653 (7th Cir. 1989). Party participants need to have "unfettered discretion and authority" to change the settlement position of a party. *Pitman v. Brinker Int'l, Inc.*, 216 F.R.D. 481, 485-486 (D. Ariz. 2003). One of the purposes of requiring a person with complete settlement authority to attend the conference is that the person's view of the case may be altered during the face-to-face conference. *Id.* at 486. Limited or sum certain authority is not adequate. *Nick v. Morgan's Foods, Inc.*, 270 F.3d 590, 595-597 (8th Cir. 2001).

including any summary of facts and opinions required by Fed. R. Civ. P. 26(a)(2)(C). The designations shall also include the normal rates the expert charges for deposition and trial testimony.

4. By **May 17, 2024**, each party shall comply with the disclosure provisions in Fed. R. Civ. P. 26(a)(2)(A) and (B). This disclosure requirement applies to all persons retained or specially employed to provide expert testimony, or whose duties as an employee of the party regularly involve giving expert testimony. **Except as provided in the paragraph below, any party that fails to make these disclosures shall not, absent substantial justification, be permitted to use evidence or testimony not disclosed at any hearing or at the time of trial. In addition, the Court may impose sanctions as permitted by Fed. R. Civ. P. 37(c).**

5. Any party shall supplement its disclosure regarding contradictory or rebuttal evidence under Fed. R. Civ. P. 26(a)(2)(D) by **May 31, 2024**.

6. All expert discovery shall be completed by all parties by **June 14, 2024**. The parties shall comply with the same procedures set forth in the paragraph governing fact discovery.

7. All pre-trial motions must be filed by **June 28, 2024**. Counsel for the moving party must obtain a motion hearing date from the law clerk of the judge who will hear the motion. The period of time between the date you request a motion date and the hearing date may vary from one district judge to another. Please plan accordingly. Failure to make a timely request for a motion date may result in the motion not being heard. Motions in limine are to be filed as directed in the Local Rules, or as otherwise set by the district judge.

8. Counsel shall file their Memoranda of Contentions of Fact and Law and take any other action required by Local Rule 16.1(f)(2) by **October 10, 2024**.

9. Counsel shall comply with the pre-trial disclosure requirements of Fed. R. Civ. P. 26(a)(3) by **October 10, 2024**. Failure to comply with these disclosure requirements could result in evidence preclusion or other sanctions under Fed. R. Civ. P. 37.

10. Counsel shall meet and take the action required by Local Rule 16.1(f)(4) by

1  **October 17, 2024**. At this meeting, counsel shall discuss and attempt to enter into
2  stipulations and agreements resulting in simplification of the triable issues. Counsel shall
3  exchange copies and/or display all exhibits other than those to be used for impeachment.
4  The exhibits shall be prepared in accordance with Local Rule 16.1(f)(4)(c). Counsel shall
5  note any objections they have to any other parties' Pretrial Disclosures under Fed. R. Civ.
6  P. 26(a)(3). Counsel shall cooperate in the preparation of the proposed pretrial conference
7  order.

8        11.    Counsel for plaintiff will be responsible for preparing the pretrial order and
9  arranging the meetings of counsel pursuant to Civil Local Rule 16.1(f). By
10 **October 24, 2024**, plaintiff's counsel must provide opposing counsel with the proposed
11 pretrial order for review and approval. Opposing counsel must communicate promptly with
12 plaintiff's counsel concerning any objections to form or content of the pretrial order, and
13 both parties shall attempt promptly to resolve their differences, if any, concerning the order.

14       12.    The Proposed Final Pretrial Conference Order, including objections to any
15 other parties' Fed. R. Civ. P. 26(a)(3) Pretrial Disclosures shall be prepared, served, and
16 lodged with the assigned district judge by **October 31, 2024**, and shall be in the form
17 prescribed in and comply with Local Rule 16.1(f)(6).

18       13.    The final Pretrial Conference is scheduled on the calendar of the Honorable
19 Janis L. Sammartino on **November 7, 2024 at 1:30 p.m.**.

20       14.    The parties must review the chambers' rules for the assigned magistrate judge.

21       15.    A post trial settlement conference before a magistrate judge may be held
22 within 30 days of verdict in the case.

23       16.    The dates and times set forth herein will not be modified except for good cause
24 shown.

25       17.    Briefs or memoranda in support of or in opposition to any pending motion
26 shall not exceed twenty-five (25) pages in length without leave of a district court judge. No
27 reply memorandum shall exceed ten (10) pages without leave of a district court judge.
28 Briefs and memoranda exceeding ten (10) pages in length shall have a table of contents

and a table of authorities cited.

18. Plaintiff's counsel shall serve a copy of this order on all parties that enter this case hereafter.

**IT IS SO ORDERED**

Dated: January 4, 2024

Honorable Valerie E. Torres
United States Magistrate Judge