UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN DOE,<br><br>         Plaintiff,<br><br>v.<br><br>REGENTS OF THE UNIVERSITY OF CALIFORNIA and DOES 1 through 10, inclusive,<br><br>         Defendants. | Case No.: 22-CV-1506 JLS (AHG)<br><br>**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO STRIKE DEFENDANT'S AFFIRMATIVE DEFENSES**<br><br>(ECF No. 30) |

  Presently before the Court is Plaintiff John Doe's ("Plaintiff") Motion to Strike Defendant's Affirmative Defenses ("Mot.," ECF No. 30). Defendant Regents of the University of California ("Defendant") filed an Opposition to the Motion ("Opp'n," ECF No. 32), and Plaintiff filed a Reply ("Reply," ECF No. 33) thereto. The Court took the matter under submission without oral argument pursuant to Civil Local Rule 7.1(d)(1). *See* ECF No. 34. Having carefully reviewed the Parties' briefing and the applicable law, the Court **GRANTS IN PART AND DENIES IN PART** Plaintiff's Motion.

/ / /

/ / /


# BACKGROUND

As the Parties are familiar with this action's history, the Court incorporates by reference the factual and procedural background set forth in the Court's April 10, 2023 Order ("Order," ECF No. 27) and states here only additional information relevant to the instant Motion.

On April 10, 2023, the Court granted in part and denied in part Defendant's Motion to Dismiss Plaintiff's Complaint ("MTD," ECF No. 19). *See* Order at 20. The Court dismissed without prejudice Plaintiff's state-law causes of action, including claims for violation of California's Unruh Civil Rights Act and California Government Code § 11135. *Id.* at 8–9. The Court, however, retained both of Plaintiff's federal causes of action, having found that (1) based on the allegations in his Complaint, Plaintiff was not required to exhaust administrative or judicial remedies prior to bringing his causes of action under Title II of the Americans with Disabilities Act ("ADA") or § 504 of the Rehabilitation Act; and (2) Title II of the ADA constitutes a valid, congressional abrogation of Defendant's sovereign immunity pursuant to § 5 of the Fourteenth Amendment. *Id.* at 9–19.

Defendant answered Plaintiff's Complaint ("Compl.," ECF No. 1) on April 24, 2023. *See* Answer, ECF No. 28. In its Answer, Defendant asserted twelve affirmative defenses: (1) Failure to State a Claim; (2) Failure to Exhaust Administrative or Judicial Remedies; (3) Failure to Mitigate Damages; (4) Unclean Hands; (5) Laches; (6) Estoppel; (7) Waiver; (8) Statute of Limitations; (9) Substantial Modification; (10) Governmental Immunities; (11) Eleventh Amendment Immunity; and (12) Reservation of Rights. *Id.* at 16–18. Plaintiff then filed the instant Motion, which seeks to strike affirmative defenses two, four through eight, and ten through twelve. Mot. at 1–2.

# LEGAL STANDARD

The Parties dispute much of the applicable legal standard. Therefore, the Court will first describe the uncontested elements of said standard and then resolve the Parties' arguments regarding the standard's remaining elements.

///

I.     **Uncontested Elements**

Federal Rule of Civil Procedure 12(f) provides that courts "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). As with other challenges to a party's pleading, "[w]hen ruling on a motion to strike, th[e] Court 'must view the pleading under attack in the light most favorable to the pleader.'" *Novick v. UNUM Life Ins. Co. of Am.*, 570 F. Supp. 2d 1207, 1208 (C.D. Cal. 2008) (quoting *RDF Media Ltd. v. Fox Broad. Co.*, 372 F. Supp. 2d 556, 561 (C.D. Cal. 2005)). Moreover, when a Court strikes matter from a pleading, "[i]n the absence of prejudice to the opposing party, leave to amend should be freely given." *Wyshak v. City Nat. Bank*, 607 F.2d 824, 826 (9th Cir. 1979).

"Motions to strike are 'generally disfavored because they are often used as delaying tactics and because of the limited importance of pleadings in federal practice.'" *Cortina v. Goya Foods, Inc.*, 94 F. Supp. 3d 1174, 1182 (S.D. Cal. 2015) (quoting *Rosales v. Citibank*, 133 F. Supp. 2d 1177, 1180 (N.D. Cal. 2001)). Thus, courts will not strike defenses as insufficient unless "the insufficiency of the defense is . . . clearly apparent." *Devermont v. City of San Diego*, No. 12-CV-01823 BEN KSC, 2013 WL 2898342, at *2 (S.D. Cal. June 14, 2013) (internal quotation marks omitted) (quoting 5C Charles Alan Wright et al., *Federal Practice & Procedure* § 1381 (3d ed. 2004)). Nor will courts resolve factual or legal disputes that are better addressed through summary judgment or at trial. *See, e.g.*, *Cobra Sys., Inc. v. Accuform Mfg., Inc.*, No. 2:13-CV-5932-ODW, 2014 WL 218209, at *3 (C.D. Cal. Jan. 14, 2014) ("All of [the plaintiff's] remaining arguments regarding the second affirmative defense require a factual inquiry that is entirely inappropriate at this stage of the litigation."); *SEC v. Sands*, 902 F. Supp. 1149, 1166 (C.D. Cal. 1995) ("Even when the defense under attack presents a purely legal question, courts are reluctant to determine disputed or substantial questions of law on a motion to strike."), *aff'd sub nom. SEC v. First Pac. Bancorp*, 142 F.3d 1186 (9th Cir. 1998). Ultimately, "[d]eciding whether to 'grant a motion to strike lies within the sound discretion of the district court.'" *Citizens Ins. Co. of Am. v. Chief Digit. Advisors*, 578 F. Supp. 3d 1113, 1118 (S.D. Cal.

2020) (quoting *Holmes v. Elec. Document Processing, Inc.*, 966 F. Supp. 2d 925, 930 (N.D. Cal. 2013)).

"An affirmative defense may be insufficient as a matter of pleading or as a matter of law." *Roe v. City of San Diego*, 289 F.R.D. 604, 608 (S.D. Cal. 2013). A defense is legally insufficient if "it clearly lacks merit 'under any set of facts the defendant might allege.'" *Kohler v. Islands Rests., LP*, 280 F.R.D. 560, 564 (S.D. Cal. 2012) (quoting *McArdle v. AT & T Mobility LLC*, 657 F. Supp. 2d 1140, 1149–50 (N.D. Cal. 2009), *rev'd on other grounds*, 474 F. App'x 515 (9th Cir. 2012)); *see also Sands*, 902 F. Supp. at 1165 (noting that a defense is insufficient as a matter of law if "there are no questions of fact, . . . any questions of law are clear and not in dispute, and . . . under no set of circumstances could the defense succeed." (internal quotation marks omitted) (quoting William W. Schwarzer et al., *Federal Civil Procedure Before Trial* § 9:381 (1995))).

The standard for pleading insufficiency is less settled. Where a plaintiff argues that a defendant has not pleaded enough facts to support its affirmative defenses, district courts in the Ninth Circuit have split over whether to subject the defendant's pleadings to the fair notice standard applied by the Ninth Circuit in *Wyshak* or the plausibility standard articulated in *Twombly* and *Iqbal*. *Compare Polk v. Legal Recovery L. Offs.*, 291 F.R.D. 485, 489–90 (S.D. Cal. 2013), *with Barnes v. AT & T Pension Benefit Plan-Nonbargained Program*, 718 F. Supp. 2d 1167, 1171–72 (N.D. Cal. 2010). The Ninth Circuit has yet to explicitly resolve this split. *See Philpot v. Balt. Post-Exam'r*, No. 3:20-CV-00872-H-MSB, 2020 WL 6449199, at *3 (S.D. Cal. Nov. 3, 2020).

In the case *G&G Closed Circuit Events, LLC v. California Center for the Arts*, this Court sided with the "clear majority of courts within this District" and applied the fair notice standard. No. 20-CV-2137-JLS (NLS), 2021 WL 1263952, at *2 (S.D. Cal. Apr. 6, 2021). This Court found persuasive cases where, post-*Iqbal*, the Ninth Circuit continued to recognize *Wyshak*'s fair-notice standard. *Id.*; *e.g.*, *Kohler v. Flava Enters., Inc.*, 779 F.3d 1016, 1019 (9th Cir. 2015) ("[T]he 'fair notice' required by the pleading standards only requires describing the defense in 'general terms.'" (quoting 5 Charles Alan

Wright et al., *Federal Practice & Procedure* § 1274 (3d ed. 1998))); *Simmons v. Navajo Cnty.*, 609 F.3d 1011, 1023 (9th Cir. 2010) (citing *Wyshak*, 607 F.2d at 827), *abrogated on other grounds by Castro v. Cnty. of L.A.*, 833 F.3d 1060, 1071 (9th Cir. 2016). As the Parties agree that the Court should apply *Wyshak*'s fair notice standard to Defendant's affirmative defenses, the Court does not revisit its decision in *California Center for the Arts*. *See* Pl.'s Mem. Supp. Mot. Strike ("Mem."), ECF No. 30-1 at 4; Opp'n at 3–4.

## II. Disputed Elements

### A. *Appropriateness of Boilerplate Pleading*

The Parties first disagree about what amount of information a defendant must plead to satisfy *Wyshak*'s fair notice standard. Per Plaintiff, "[n]either mere reference to a legal doctrine, nor a bare recitation of statutory provisions, provides fair notice of an affirmative defense absent some fact or argument explaining the defense." *Arthur v. Constellation Brands, Inc.*, No. 16-CV-04680-RS, 2016 WL 6248905, at *2 (N.D. Cal. Oct. 26, 2016) (internal quotation marks omitted) (quoting *Barrilleaux v. Mendocino Cnty.*, No. 14-CV-01373-TEH, 2016 WL 1298860, at *2 (N.D. Cal. Apr. 4, 2016)). Defendant counters that it need only "state the nature and grounds for [each] affirmative defense." *Islands Rests.*, 280 F.R.D. at 564. Per Defendant, "[b]arebone" and "[c]onclusory" defenses are appropriate in an answer. Opp'n at 7.

Though the correct approach falls between the Parties' positions, the ultimate standard is closer to the one advanced by Plaintiff. Contrary to Defendant's assertion, barebone recitations of legal doctrines do not necessarily satisfy the fair notice standard. In *Wyshak*, the Ninth Circuit implied that the statement "plaintiff's claims are barred by the applicable statute of limitations" does not provide fair notice; instead, a defendant must identify the specific statute of limitations which they contend bars the suit. *See* 607 F.2d at 827 (citing *Conley v. Gibson*, 355 U.S. 41, 47–48 (1957)). So, though a defendant need not provide a "detailed statement of facts," *Islands Rests.*, 280 F.R.D. at 564, *Wyshak* requires the defendant to do more than plead the name of a possibly relevant defense or category of defenses, 607 F.2d at 827; *see also Woodfield v. Bowman*, 193 F.3d 354, 362

(5th Cir. 1999) (rejecting the defendant's argument that pleading "accord and satisfaction" and "waiver and/or release" gave the plaintiff fair notice absent more "specificity or factual particularity").

A defendant need not, however, *always* plead facts or provide argument accompanying an asserted defense. In some instances, "merely pleading the name of the affirmative defense . . . may be sufficient." *Id.*; *see also Ganley v. Cnty. of San Mateo*, No. C06-3923 TEH, 2007 WL 902551, at *2 (N.D. Cal. Mar. 22, 2007) ("While in some cases, merely naming a particular defense will be sufficient to satisfy the notice pleading standard, other affirmative defenses require greater specificity, including additional factual allegations, in order to be properly pleaded."); *DC Labs Inc. v. Celebrity Signatures Int'l, Inc.*, No. 12-CV-01454 BEN DHB, 2013 WL 4026366, at *4 (S.D. Cal. Aug. 6, 2013) ("What constitutes fair notice . . . depends on the nature of the defense being asserted."); *Rosen v. Masterpiece Mktg. Grp., LLC*, 222 F. Supp. 3d 793, 804 (C.D. Cal. 2016) (similar). So, boilerplate pleading is appropriate in at least some circumstances.

Courts split, however, regarding *how often* such boilerplate pleading is appropriate. Some courts have concluded that so long as it is clear to which specific defense the defendant's answer refers, the defendant need not provide any additional facts or argument demonstrating why the defense is relevant to the plaintiff's claims. *See, e.g.*, *Helstern v. City of San Diego*, No. 13-CV-0321-LAB RBB, 2014 WL 294496, at *1 (S.D. Cal. Jan. 24, 2014); *Springer v. Fair Isaac Corp.*, No. 14-CV-02238-TLN-AC, 2015 WL 7188234, at *4 (E.D. Cal. Nov. 16, 2015); *DC Labs*, 2013 WL 4026366, at *8. Per these courts, merely identifying a broad category of defenses (*e.g.*, pleading "statute of limitations" without identifying the relevant statute) does not provide fair notice, but pleading only the name of a well-established, specific defense (*e.g.*, unclean hands) is sufficient. *See, e.g.*, *id.* at *5, *8. Put differently, a defendant need only provide fair notice of the *defense*.

Another group of courts has held that a defendant must not only identify its asserted defense with specificity, but also provide at least "some fact or argument" demonstrating

the connection between the defense and the plaintiff's claims. *Stevens v. Corelogic, Inc.*, No. 14-CV-1158-BAS-JLB, 2015 WL 7272222, at *4 (S.D. Cal. Nov. 17, 2015); *see also, e.g.*, *Heller Fin., Inc. v. Midwhey Powder Co.*, 883 F.2d 1286, 1295 (7th Cir. 1989) (affirming the district court's decision to strike defenses that were "nothing but bare bones conclusory allegations" lacking "any short and plain statement of facts"); *United States v. Gibson Wine Co.*, No. 1:15-CV-1900-AWI-SKO, 2016 WL 1626988, at *5 (E.D. Cal. Apr. 25, 2016); *G & G Closed Cir. Events, LLC v. Nguyen*, No. 10-CV-00168-LHK, 2010 WL 3749284, at *2–3 (N.D. Cal. Sept. 23, 2010). These courts reason that *Conley v. Gibson*—the case from which *Wyshak* derived its standard—requires a pleader to not only provide fair notice of their legal claim, but also of the "grounds upon which [that claim] rests." *E.g.*, *Islands Rests.*, 280 F.R.D. at 567 (quoting *Conley*, 355 U.S. at 47).

For this latter group, merely pleading the name of a defense is sufficient only where a defense's application to the plaintiff's causes of action is readily apparent from the allegations in the complaint or answer. *See Woodfield*, 193 F.3d at 362 & n.30 (explaining that in a simple negligence action arising from a car collision, pleading "contributory negligence" without extensive factual allegations may provide sufficient notice (quoting *Am. Motorists Ins. Co. v. Napoli*, 166 F.2d 24, 26 (5th Cir. 1948))); *Obesity Rsch. Inst., LLC v. Fiber Rsch. Int'l, LLC*, No. 15-CV-00595-BAS(MDD), 2016 WL 739795, at *3 (S.D. Cal. Feb. 25, 2016). Outside of these limited circumstances, a defendant must demonstrate the connection between each of its asserted defenses and the plaintiff's claims.

This Court previously sided with the latter group of courts, *Cal. Ctr. for the Arts*, 2021 WL 1263952, at *4 ("[The defendant] must at least provide notice of how each of the doctrines apply to this case."), and Defendant does not persuade the Court to alter its approach. Requiring Defendant to provide at least some indication of how its asserted defenses apply to Plaintiff's claims is consistent with precedent and provides a check against the scattershot, overcautious assertion of irrelevant defenses. Moreover, this approach does not unduly burden Defendant. Defendant need not provide a detailed statement of facts or make a plausible case for relief, but instead need only (1) identify

each defense it asserts with specificity and (2) demonstrate, through fact or argument, the connection between its asserted defense and Plaintiff's claims.

### B.  *Prejudice Requirement*

The Parties also dispute whether Plaintiff must show actual prejudice to prevail on a Rule 12(f) motion.  Defendant points out that "courts have . . . held that motions to strike should be denied unless the moving party demonstrates that the matter sought to be stricken will result in prejudicial harm if not stricken."  Opp'n at 9.  Plaintiff responds that "prohibiting [Defendant] from asserting insufficient affirmative defenses saves time, money, and judicial resources."  Mem. at 3 (citing *Barnes*, 718 F. Supp. 2d at 1173).

The Court declines to require Plaintiff to make an affirmative showing of prejudice with respect to each challenged affirmative defense.  First, Rule 12(f) and Ninth Circuit precedent together suggest that Defendant's purported prejudice requirement rests on a scant doctrinal foundation.  "The plain language of Rule 12(f) does not require a moving party to show prejudice," and "no published Ninth Circuit authority requires a showing of prejudice to strike affirmative defenses."  *G & G Closed Cir. Events, LLC v. Alfaro*, No. 1:22-CV-0543 JLT SKO, 2023 WL 1803399, at *3 (E.D. Cal. Feb. 7, 2023).  Moreover, in the related context of Federal Rule of Civil Procedure 9(b), the Ninth Circuit has rejected courts' attempts to "add new requirements"—mentioned nowhere in the text of the Rule—"simply because [they] like the effects of doing so."  *In re GlenFed, Inc. Sec. Litig.*, 42 F.3d 1541, 1546 (9th Cir. 1994), *superseded by statute on other grounds*, 15 U.S.C. § 78u–4(b).  Though a court may consider prejudice to the moving party when exercising its discretion to grant or deny a Rule 12(f) motion, requiring a moving party to show prejudice in all instances is unsupported by the text of Rule 12(f).

Second, even courts that require an affirmative showing of prejudice often do so only where a party seeks to strike redundant, scandalous, or impertinent material.  Indeed, multiple district courts have noted that where a party challenges the sufficiency of another party's defenses, the challenging party need not show specific prejudice.  *Stevens*, 2015 WL 7272222, at *2; *Barnes*, 718 F. Supp. 2d at 1173.  These courts reason that allowing

insufficient defenses to remain in a defendant's answer is inherently prejudicial, as so doing would require plaintiffs to "conduct expensive and potentially unnecessary and irrelevant discovery." *Id.*

Defendant's argument to the contrary is not persuasive. Defendant cites to this Court's opinion in *Weddle v. Bayer AG Corp.*, No. 11CV817 JLS NLS, 2012 WL 1019824, at *4 (S.D. Cal. Mar. 26, 2012) for the proposition that Plaintiff must show prejudice. Opp'n at 9. Defendant, however, extrapolates this Court's reasoning too far. In *Weddle*, the Court concluded that a denial should not be struck just because it was mistakenly designated as a defense, reasoning (in part) that such a mistake causes no prejudice. *Id.* It does not follow, however, that a court should never strike a properly labeled defense, regardless of its insufficiency, unless a plaintiff can affirmatively demonstrate prejudice. Rather, prejudice to the moving party is simply a factor a court may consider when exercising its sound discretion to grant or deny a motion to strike.

Having now resolved the Parties' disputes relating to the applicable legal standard, the Court turns to Plaintiff's arguments regarding the sufficiency of Defendant's affirmative defenses.

## ANALYSIS

Plaintiff asserts that Defendant has failed to provide sufficient facts or argument to provide fair notice as to how any of the challenged defenses apply to Plaintiff's claims. Mem. at 4–5. Plaintiff also contends that certain defenses are legally insufficient. Reply at 1–4. The Court addresses each defense in turn.[1]

///

---

[1] Though Plaintiff also asserts that Defendant's challenged affirmative defenses are "redundant, immaterial, or impertinent," Plaintiff's arguments in this regard largely restate his claims that Defendant's affirmative defenses either (1) are legally insufficient or (2) fail to provide fair notice. Mem. at 5–7. Indeed, Plaintiff does not revisit his redundancy, immateriality, and impertinence arguments in his Reply, save his challenge to Defendant's twelfth affirmative defense. *See generally* Reply. The Court only addresses Plaintiff's redundancy, immateriality, and impertinence arguments to the extent that they differ from Plaintiff's fair notice and legal insufficiency arguments.

## I.    Voluntarily Withdrawn Defenses

Defendant indicates that it does not oppose dismissal without prejudice of its tenth affirmative defense (governmental immunities) and its eleventh affirmative defense (Eleventh Amendment immunity). Opp'n at 14. Accordingly, the Court **STRIKES WITHOUT PREJUDICE** Defendant's tenth and eleventh affirmative defenses.

## II.    Second Affirmative Defense (Failure to Exhaust)

Defendant's second affirmative defense states that "Plaintiff's claims are barred by reason of the fact that he has failed to exhaust all administrative or judicial remedies." Answer at 16. Plaintiff argues that this statement does not provide fair notice, *see* Mem. at 4–5, and if the Court were to review Defendant's second affirmative defense in isolation, the Court would be inclined to agree. To adequately plead the affirmative defense of exhaustion, a defendant must at least identify the statutory or common law source of the exhaustion requirement they allege that the plaintiff has failed to satisfy. *See Smith v. Cobb*, No. 15-CV-00176-GPC, 2017 WL 3887420, at *5 (S.D. Cal. Sept. 5, 2017). Here, Defendant's second affirmative defense—read in isolation—gives no indication of the specific legal doctrine supporting its conclusion that Plaintiff must exhaust administrative or judicial remedies. *See* Answer at 16.

The fact that a defendant's answer does not provide fair notice, however, does not justify striking a defense of which the plaintiff received fair notice through other means. *See Wyshak*, 607 F.2d at 827 (concluding that a defendant could provide fair notice of its statute of limitations defense through a memorandum of points and authorities accompanying its motion for leave to amend its answer). Here, the Court agrees with Defendant's contention that it "thoroughly laid out its position regarding [its exhaustion] defense" in its MTD and related briefing. Opp'n at 10; *see also* Mem. Supp. Def's MTD at 9–13, ECF No. 19-1; Reply Supp. Def's MTD at 2–9, ECF No. 26. Defendant's submissions in this regard are sufficient to provide fair notice of both (1) what Defendant means by "fail[ure] to exhaust all judicial and administrative remedies" and (2) the connection between Defendant's specific exhaustion defense and Plaintiff's claims.

Plaintiff alternatively argues that Defendant's second affirmative defense is legally insufficient, relying on this Court's determination in its prior Order that "Plaintiff was not required to exhaust administrative or judicial remedies prior to bringing suit." Order at 14. The Court made this determination, however, based on the allegations in Plaintiff's Complaint and information derived from materials subject to judicial notice. *See id.* at 6–8 (granting the Parties' requests for judicial notice and describing the standards of review associated with motions brought under Rules 12(b)(1) and 12(b)(6)). Indeed, the Court did not expressly hold that a plaintiff bringing claims under Title II of the ADA or § 504 of the Rehabilitation Act is never required to exhaust administrative or judicial remedies. *Id.* at 9–14. Instead, the Court reached its decision in part based on its finding that Plaintiff was neither challenging a final administrative decision nor a quasi-legislative decision. *Id.* at 11–12. In addition, the Court distinguished Ninth Circuit precedent that applied a judicial exhaustion requirement where the plaintiff had participated in an adjudicatory, administrative hearing prior to bringing suit. *Id.* at 12–13.

Because the Court's prior Order rested in part on distinctions the Court drew while assuming the truth of Plaintiff's allegations, the Court is unwilling to conclude that—with respect to Defendant's second affirmative defense—"there are no questions of fact, that any questions of law are clear and not in dispute, and that under no set of circumstances could the defense succeed." *Sands*, 902 F. Supp. at 1165 (internal quotation marks omitted) (quoting Schwarzer et al., *supra*, § 9:381). True, the Court's Order expressed considerable skepticism regarding the merits of Defendant's exhaustion arguments. *See* Order at 12. But "[t]he decision to strike is [not] a question of . . . likelihood of success on the merits." *Smith*, 2017 WL 3887420, at *5. Here, discovery could possibly undermine the distinctions upon which this Court relied when it denied Defendant's MTD.[2] The Court

---

[2] If indeed discovery undermines these distinctions—for instance, if discovery reveals that an administrative proceeding with sufficient "judicial characteristics" occurred such that California courts would accord it "collateral estoppel effect," *see McDonald v. Antelope Valley Cmty. Coll. Dist.*, 194 P.3d 1026, 1041 (Cal. 2008), Defendant may renew its second affirmative defense in an appropriate motion.

therefore **DENIES** Plaintiff's Motion with respect to Defendant's second affirmative defense.

### III.   Fourth Affirmative Defense (Unclean Hands)

Defendant's fourth affirmative defense states "Plaintiff's claims are barred, in whole or in part, by the doctrine of unclean hands." Answer at 16. Plaintiff challenges this defense on fair notice grounds only, *see* Mem. at 5–6, and the Court agrees that Defendant has failed to adequately plead this defense. Defendant has indicated the specific defense that it asserts, but Defendant's pleading is devoid of any facts or argument demonstrating a connection between its unclean hands defense and Plaintiff's claims.

Though such boilerplate pleading might be appropriate where the defense's relevance is self-evident, *see supra* p. 7, here, the connection between the Defendant's "unclean hands" defense and Plaintiff's claims is not readily apparent from the allegations in the Complaint and Answer. Unclean hands is an equitable defense that may bar a plaintiff from receiving relief if that plaintiff has failed to act "fairly and without fraud or deceit as to the controversy in issue." *Northbay Wellness Grp., Inc. v. Beyries*, 789 F.3d 956, 959 (9th Cir. 2015) (internal quotation marks omitted) (quoting *Ellenburg v. Brockway, Inc.*, 763 F.2d 1091, 1097 (9th Cir. 1985), *abrogated on other grounds by Watkins v. Westinghouse Hanford Co.*, 12 F.3d 1517, 1527 (9th Cir. 1993)). Defendant does not explain why it believes Plaintiff may have acted unfairly, fraudulently, or otherwise wrongfully while seeking disability-related accommodations, and the Court sees no clear indication of wrongful conduct in Plaintiff's Complaint. *See generally* Answer; Compl. Though Defendant need not provide a "detailed statement of facts" regarding its unclean hands defense, *Island Rests.*, 280 F.R.D. at 564, 572, absent an evident connection Defendant must plead "some fact or argument" explaining the relationship between its defense and Plaintiff's claims, *Stevens*, 2015 WL 7272222, at *4. As Defendant has not done so here, the Court **STRIKES WITHOUT PREJUDICE** Defendant's fourth affirmative defense for failure to provide fair notice of the defense's connection to Plaintiff's claims.

### IV.     Fifth Affirmative Defense (Laches)

Defendant's fifth affirmative defense states "Plaintiff's claims are barred, in whole or in part, by the doctrine of laches." Answer at 17. Plaintiff primarily challenges this defense on fair notice grounds, Mem. at 5, and Defendant responds that because Plaintiff's Complaint alleges when Plaintiff suffered his first injury, Plaintiff has received fair notice of Defendant's laches defense, Opp'n at 11.

Though it presents a closer question, Defendant has not provided fair notice of the connection between its laches defense and Plaintiff's claims. Laches is an equitable defense that may preclude a plaintiff from receiving relief when that plaintiff has "unreasonably delay[ed]" asserting their legal rights in a way that causes "prejudice to [the defendant]." *Danjaq LLC v. Sony Corp.*, 263 F.3d 942, 950–51 (9th Cir. 2001) (quoting *Couveau v. Am. Airlines, Inc.*, 218 F.3d 1078, 1083 (9th Cir. 2000)). Here, though the Complaint sets forth the dates on which Plaintiff sought and was denied accommodations, it is not evident why laches might apply to bar his claims. *See generally* Compl. Nor does Defendant provide facts or argument explaining the defense's connection to this case. *See generally* Answer. Absent at least some indication of the defense's relevance, multiple courts in this district—including this Court—have struck laches defenses from defendants' answers for failure to provide fair notice. *See Cal. Ctr. for the Arts*, 2021 WL 1263952, at *4; *Stevens*, 2015 WL 7272222, at *4; *Polk*, 291 F.R.D. at 491. Accordingly, the Court **STRIKES** Defendant's fifth affirmative defense **WITHOUT PREJUDICE** for failure to provide fair notice of the defense's connection to Plaintiff's claims.

### IV.     Sixth Affirmative Defense (Estoppel)

Defendant's sixth affirmative defense reads as follows: "Plaintiff's claims are barred, in whole or in part, by the doctrine of estoppel." Answer at 17. Plaintiff asserts that this statement alone does not provide fair notice, Mem. at 4–6, and the Court agrees.

Defendant has neither provided fair notice of its asserted defense nor the defense's connection to Plaintiff's claims. In *Qarbon.com Inc. v. eHelp Corp.*, a court rejected a similarly worded defense as vague, noting that it was unclear whether the defendant was

"asserting a single type of estoppel or several types of estoppel." 315 F. Supp. 2d 1046, 1049 (N.D. Cal. 2004); *see also Ganley*, 2007 WL 902551, at *2 ("[T]he mere assertion of a broad category of legal theories, *such as estoppel*, with numerous possible applications requires additional specificity to satisfy the notice pleading standard." (emphasis added)). It is similarly unclear here what Defendant means by estoppel. Thus, the Court **STRIKES** Defendant's sixth affirmative defense **WITHOUT PREJUDICE** for failure to provide fair notice of either the defense or the defense's connection to Plaintiff's claims.³

### V.  Seventh Affirmative Defense (Waiver)

Defendant's seventh affirmative defense reads as follows: "Plaintiff's claims are barred, in whole or in part, by the doctrine of waiver." Answer at 17. Plaintiff again challenges this statement for failure to provide fair notice. Mem. at 4–6.

Here, as with estoppel, Defendant has failed to specify what it means by "the doctrine of waiver." Answer at 17. In *Woodfield*, the Fifth Circuit held that "baldly 'naming' the broad affirmative defenses of 'accord and satisfaction' and 'waiver and/or release' [fell] well short of the minimum particulars needed" to provide the plaintiff with fair notice of the specific, contractual defense asserted by the defendant. 193 F.3d at 362. *Woodfield* demonstrates the danger associated with allowing broadly phrased defenses to stand—so doing renders plaintiffs vulnerable to "unfair surprise." *Id.* (internal quotation marks omitted) (quoting *Home Ins. Co. v. Matthews*, 998 F.2d 305, 309 (5th Cir. 1993)). Indeed, courts applying the fair notice standard have struck generic allegations of waiver. *See, e.g.*, *Puccio v. Love*, No. 16-CV-2890 W (BGS), 2018 WL 1449399, at *9 (S.D. Cal. Feb. 26, 2018).

At a minimum, Defendant must provide some indication of the specific legal doctrine supporting its contention that Defendant has waived his causes of action. In

---

³ However, to the extent that Plaintiff argues that Defendant's estoppel defense should be stricken because "Plaintiff has not intentionally or deliberately induced reliance," Mem. at 6, Plaintiff misunderstands the applicable standard. Resolution of factual disputes is inappropriate on a motion to strike. *See Cobra Sys.*, 2014 WL 218209, at *3.

addition, Defendant must explain, if not readily apparent from the Complaint or the allegations in Defendant's Answer, the connection between that specific legal doctrine and Plaintiff's claims. As Defendant has accomplished neither task here, the Court **STRIKES** Defendant's seventh affirmative defense **WITHOUT PREJUDICE**.

## VI. Eighth Affirmative Defense (Statute of Limitations)

Defendant's eighth affirmative defense states "Plaintiff's claims are barred by the applicable statutes of limitations, including but not limited to California Code of Civil Procedure sections 335.1, 338(a), and 340(a); and United States Code, title 29, section 794a." Answer at 17. Plaintiff primarily challenges this defense on fair notice grounds, arguing that "[a]ll of Defendant's citations fails [sic] to provide Plaintiff fair notice of how they relate to the statute of limitations applicable to Plaintiff's [claims for relief]." Reply at 3.[4]

The Court concludes that Defendant has provided fair notice of its eighth affirmative defense. In *Wyshak*, the Ninth Circuit determined that a defendant provided fair notice of its statute of limitations defense where a memorandum attached to a copy of the defendant's pleadings "made specific mention of Cal. Code Civ. Proc. § 338.1 as the statute of limitations upon which [the defendant] relied." 607 F.2d at 827. Here too, Defendant has identified the specific statutory provisions that it contends provide the statutes of limitations for Plaintiff's claims. Answer at 17. As the dates of the conduct challenged by Plaintiff are readily apparent from Plaintiff's Complaint, *see, e.g.*, Compl. ¶ 69, fair notice requires nothing more from Defendant.

/ / /

---

[4] Plaintiff's other arguments are patently frivolous. Plaintiff asserts that Defendant is required to plead its statute of limitations defense "with particularity." Mem. at 5. Plaintiff also urges the Court to strike Defendant's statute of limitations and laches defenses because "Defendant has failed to challenge via a Motion to Dismiss that Plaintiff failed to timely file his lawsuit." Mem. at 6. Plaintiff cites no precedent supporting either argument, and the Court is unaware of any. To the contrary, *Wyshak* demonstrates that a statute of limitations defense is subject to the same fair notice standard as are other defenses, 607 F.2d at 827, and timeliness defenses are not included in the list of defenses that a defendant waives if it does not include them in its pre-answer motion, Fed. R. Civ. P. 12(h).

It may well turn out—as Plaintiff implies, Reply at 2–3—that the statutes of limitations cited by Defendant are inapposite. But Plaintiff has not argued that Defendant's statute of limitations defense is legally insufficient, *see* Mot.; Reply, and absent full briefing from the Parties, the Court declines to decide at this juncture what specific statutes of limitations apply to Plaintiff's claims, *see Sands*, 902 F. Supp. at 1166. The Court therefore **DENIES** Plaintiff's Motion as to Defendant's eighth affirmative defense.

## VII. Twelfth Affirmative Defense (Reservation of Rights)

Defendant's twelfth affirmative defense states as follows:

> Defendant is informed and believes, and thereon alleges, that it may have additional, as yet unasserted defenses to Plaintiff's Complaint or the purported causes of action contained therein. Defendant specifically reserves the right to assert additional defenses as deemed appropriate at a later time.

Answer at 18. Plaintiff argues that this defense is not an affirmative defense at all, Mem. at 7, and Defendant responds that this Court has previously declined to strike denials that were improperly pleaded as defenses, Opp'n at 13.

Defendant's twelfth "affirmative defense" is not a denial of one of Plaintiff's allegations, but instead an unnecessary restatement of Defendant's qualified right to amend its Answer pursuant to Federal Rule of Civil Procedure 15. Because a defendant can move the court to amend its answer to incorporate a new affirmative defense regardless of whether it explicitly reserves its right to do so, *see* Fed. R. Civ. P. 15, multiple courts in this Circuit, including this Court, have struck nearly identical "reservations of rights" from defendants' answers. *See Cal. Ctr. for the Arts*, 2021 WL 1263952, at *4; *Hartford Underwriters Ins. Co. v. Kraus USA, Inc.*, 313 F.R.D. 572, 578 (N.D. Cal. 2016); *Nguyen*, 2010 WL 3749284, at *5. As Defendant's twelfth affirmative defense, unlike a denial, can have no possible effect on this litigation, *see Albrecht v. Nat'l Bancorp Holdings, Inc.*, No. SACV190810DOCJDEX, 2019 WL 8138433, at *3 (C.D. Cal. Sept. 13, 2019), the Court **STRIKES** it as immaterial **WITH PREJUDICE**.

///

# CONCLUSION

For the foregoing reasons, the Court **GRANTS IN PART AND DENIES IN PART** Plaintiff's Motion to Strike Defendant's Affirmative Defenses (ECF No. 30). Specifically, the Court **DENIES** Plaintiff's Motion to strike Defendant's second and eighth affirmative defenses and **GRANTS** Plaintiff's Motion to strike Defendant's fourth, fifth, sixth, seventh, tenth, eleventh, and twelfth affirmative defenses.

The Court **STRIKES** Defendant's twelfth affirmative defense **WITHOUT LEAVE TO AMEND**. With respect to all other stricken affirmative defenses, the Court **GRANTS** Defendant **LEAVE TO AMEND** its Answer in a manner not inconsistent with this Order. Any amended answer must be filed <u>within twenty-one (21) days</u> of the date on which this order is electronically docketed.

**IT IS SO ORDERED.**

Dated: January 16, 2024

*Janis L. Sammartino*
Hon. Janis L. Sammartino
United States District Judge