UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN DOE,<br><br>　　　　　　　　　　　Plaintiff,<br><br>v.<br><br>REGENTS OF THE UNIVERSITY OF CALIFORNIA and DOES 1 through 10, inclusive,<br><br>　　　　　　　　　　　Defendants. | Case No.: 22-CV-1506 JLS (VET)<br><br>**ORDER ORDERING PLAINTIFF TO FILE MOTION TO PROCEED ANONYMOUSLY**<br><br>(ECF No. 72) |

　　　　Presently before the Court is Defendant Regents of the University of California's *Ex Parte* Motion to Strike or Seal Filings that Inadvertently Included Private Information ("Mot.," ECF No. 72). Defendant notes that, when it filed its pretrial disclosures with the Court on January 21, 2025, ECF No. 69, it mistakenly included the real names of Plaintiff John Doe's parents in its list of possible witnesses at trial, *see* Mot. at 2. Plaintiff has been using the pseudonym John Doe throughout this action, and Defendant wishes to ensure Plaintiff's parents' names are also not publicly disseminated so as not to tip off Plaintiff's identity to the public. *See* Mot. at 3. Defendant, therefore, asks the Court to either seal or strike the previously filed pretrial disclosures. *See id.* It attached to its *Ex Parte* Motion an amended copy of its pretrial disclosures with Plaintiff's parents under pseudonym. *See id.* Defendant indicates that Plaintiff does not oppose the *Ex Parte* Motion. *Id.* at 2.

In reviewing the docket while considering the instant *Ex Parte* Motion, the Court has reached the belated, yet curious, conclusion that Plaintiff may not have, at any point during the pendency of this case, moved for leave to proceed anonymously. This case was transferred to this Court from the United States District Court for the Central District of California on September 28, 2022, ECF No. 13, and since that time, the Court has been operating under the assumption that Plaintiff's anonymity is justified. But the "normal presumption in litigation is that parties must use their real names," and it does not appear to the Court that Plaintiff has articulated why that presumption has been overcome here. *See Doe v. Kamehameha Schs./Bernice Pauahi Bishop Est.*, 596 F.3d 1036, 1042 (9th Cir. 2010) (citing *Does I Thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1067–68 (9th Cir. 2000)). Not only does Federal Rule of Civil Procedure 10(a) require the "title of the complaint [to] name all the parties," but it is possible that the Court, as a matter of first principles, may lack jurisdiction over unnamed parties who "wish[] to file a case anonymously or under a pseudonym [if they do not] first petition the district court for permission to do so." *See W.N.J. v. Yocom*, 257 F.3d 1171, 1172 (10th Cir. 2001) (citing *Nat'l Commodity & Barter Ass'n v. Gibbs*, 886 F.2d 1240, 1245 (10th Cir. 1989) (per curiam)).

Generally speaking, the public has a "common law right of access to judicial proceedings," *Advanced Textile*, 214 F.3d at 1067 (first citing *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598–99 (1978); and then citing *Equal Emp. Opportunity Comm'n v. Erection Co.*, 900 F.2d 168, 169 (9th Cir. 1990)), and a party's use of a pseudonym is reserved for "the 'unusual case' when nondisclosure of the party's identity 'is necessary . . . to protect a person from harassment, injury, ridicule or personal embarrassment,'" *id.* at 1067–68 (quoting *United States v. Doe*, 655 F.2d 920, 922 n.1 (9th Cir. 1981)). Because of "the paramount importance of open courts," plaintiffs are expected to "use their true names" unless they demonstrate the need for anonymity. *Kamehameha*, 596 F.3d at 1046. As far as the Court can tell, Plaintiff has not, thus far, made that showing.

As relevant to the *Ex Parte* Motion pending before the Court, whether or not Plaintiff is truly entitled to anonymity is likely dispositive of whether his parents are entitled to the same. If Plaintiff may proceed with a fictitious name, then allowing his parents to proceed with a fictitious name is possibly the only way to maintain the integrity of his own identity. *See, e.g.*, *Doe v. USD No. 237*, No. 16-2801-JWL-TJJ, 2019 WL 687888, at *2 (D. Kan. Feb. 19, 2019) ("Jane Doe Witness's father's name shall also be redacted to further protect his daughter's identity."). But if Plaintiff may not proceed with a fictitious name, then it is difficult for the Court to see why his parents should proceed under pseudonyms without him. Thus, the Court finds it appropriate—albeit at this late stage in the litigation—to resolve the important "balance between [Plaintiff's] need for anonymity and the interests weighing in favor of open judicial proceedings . . . ." *Advanced Textile*, 214 F.3d at 1069.

Accordingly, the Court **ORDERS** Plaintiff to **SHOW CAUSE** why Plaintiff should be permitted to proceed anonymously in this matter.[1] Plaintiff **SHALL FILE**, within fourteen (14) days of the date on which this Order is electronically docketed, a motion to proceed anonymously, or in the alternative, Plaintiff **MAY** refile his Complaint with his true name. If he chooses to file a motion to proceed anonymously, Plaintiff **SHALL** indicate whether Defendant consents to his use of a fictitious name. Meanwhile, Defendant's *Ex Parte* Motion (ECF No. 72) will remain pending, but the Court will restrict viewing privileges of the erroneously filed pretrial disclosures (ECF No. 69) to only the

///
///
///
///
///

---

[1] Plaintiff should not construe this Order as suggesting that the Court is tentatively inclined to deny him to right to proceed anonymously. But "the common law rights of access to the courts and judicial records are not taken lightly" in this circuit, so the Court must ensure it obeys its duty to the public while respecting Plaintiff's privacy concerns. *Kamehameha*, 596 F.3d at 1042.

Parties and Court to mitigate any potential prejudice to Plaintiff due to the mistaken disclosure of his parents' names.

**IT IS SO ORDERED.**

Dated: February 20, 2025

*Janis L. Sammartino*
Hon. Janis L. Sammartino
United States District Judge