UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN DOE,<br><br>   Plaintiff,<br><br>v.<br><br>REGENTS OF THE UNIVERSITY OF CALIFORNIA,<br><br>   Defendant. | Case No.: 22-CV-1506 JLS (VET)<br><br>**ORDER SUA SPONTE STRIKING PLAINTIFF'S OPPOSITIONS TO DEFENDANT'S MOTIONS IN LIMINE NOS. 1 & 2**<br><br>(ECF Nos. 92, 93) |

Presently before the Court are Plaintiff John Doe's Oppositions to Defendant's Motions *in Limine* Nos. 1 and 2. ECF Nos. 92, 93. Throughout the exhibits attached to the Oppositions, Plaintiff redacted, without authority, Plaintiff's real name. *See* ECF No. 48 ("No party may file any document under seal, expect [sic] pursuant to a court order that authorizes filing of the document, *or portion of the document*, under seal." (emphasis added)). The Court recently made clear that, while Plaintiff's Motion to Proceed Anonymously remains pending, the Parties are to follow proper sealing procedures for redacting portions of filed documents. ECF No. 85 at 1–2 (outlining the procedures the Parties are expected to utilize). Thus, the Court *sua sponte* **STRIKES** Plaintiff's Oppositions to Defendant's Motions *in Limine* Nos. 1 and 2 (ECF Nos. 92, 93) pursuant to its inherent authority to manage its docket. *See Cahill v. Insider Inc.*, No. 24-2199, 2025 WL 838264, at *4 (9th Cir. Mar. 18, 2025).

The Court recognizes that it did not police the Parties' persistent redaction of Plaintiff's name throughout this litigation with the careful attention that it deserves. Nevertheless, it should be apparent that, after *sua sponte* ordering Plaintiff to file his Motion to Proceed Anonymously on February 20, 2025, the Court is taking the public's right of access to the judicial system seriously. The Parties are expected to do the same.

Plaintiff **SHALL**, while following proper sealing procedures, re-file its oppositions to Defendant's Motions *in Limine* Nos. 1 and 2 <u>on or before April 9, 2025</u>. Plaintiff is cautioned that requests to seal must be narrowly tailored—a party may not seek to seal an entire document where redaction would suffice. *See Apex.AI, Inc. v. Langmead*, No. 5:23-CV-02230-BLF, 2023 WL 4157629, at *1 (N.D. Cal. June 23, 2023).

**IT IS SO ORDERED.**

Dated: April 7, 2025

Hon. Janis L. Sammartino
United States District Judge