UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN DOE,<br><br>Plaintiff,<br><br>v.<br><br>REGENTS OF THE UNIVERSITY OF CALIFORNIA and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No.: 22-CV-1506 JLS (VET)<br><br>**ORDER (1) GRANTING DEFENDANT'S EX PARTE APPLICATION TO SEAL EXHIBITS, AND (2) GRANTING PLAINTIFF'S EX PARTE APPLICATION FOR LEAVE TO FILE UNDER SEAL EXHIBITS**<br><br>(ECF Nos. 87, 98) |

Presently before the Court are Defendant Regents of the University of California's *Ex Parte* Application to Seal Exhibits ("Def.'s Appl.," ECF No. 87) and Plaintiff John Doe's *Ex Parte* Application for Leave to File Under Seal Exhibits ("Pl.'s Appl.," ECF No. 98). Both Applications were filed as a consequence of Plaintiff maintaining his anonymity throughout pretrial proceedings, permission for which was granted on April 7, 2025. *See* ECF No. 97. Because Plaintiff's true name appears throughout the exhibits attached to certain of Defendant's Motions *in Limine* and certain of Plaintiff's Oppositions to Defendant's Motions *in Limine*, the Parties request permission to seal said exhibits.

"[T]he courts of this country recognize a general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner*

*Commc'ns, Inc.*, 435 U.S. 589, 597 (1978). "Unless a particular court record is one 'traditionally kept secret,' a 'strong presumption in favor of access' is the starting point." *Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (citing *Foltz v. State Farm Mut. Auto Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)). "The presumption of access is 'based on the need for federal courts, although independent—indeed, particularly because they are independent—to have a measure of accountability and for the public to have confidence in the administration of justice.'" *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1096 (9th Cir. 2016) (quoting *United States v. Amodeo*, 71 F.3d 1044, 1048 (2d Cir. 1995)).

A party seeking to seal a judicial record bears the burden of overcoming the strong presumption of access. *Foltz*, 331 F.3d at 1135. The showing required to meet this burden depends upon whether the documents to be sealed relate to a motion that is "more than tangentially related to the merits of the case." *Ctr. for Auto Safety*, 809 F.3d at 1102. When the underlying motion is more than tangentially related to the merits, the "compelling reasons" standard applies. *Id.* at 1096–98. When the underlying motion does not surpass the tangential relevance threshold, the "good cause" standard applies. *Id.* Briefing on "motions in limine [is] more than tangentially related to the merits of the case," and is thus subject to the "compelling reasons" standard. *See Avalyn Pharma, Inc. v. Vincent*, 2023 WL 8582630, at *1 (S.D. Cal. June 15, 2023) (citing *Cleveland v. Behemoth*, No. 3:19-cv-672-RBM-BGS, 2022 WL 5313598, at *1 (S.D. Cal. Oct. 6, 2022)).

"In general, 'compelling reasons' sufficient to outweigh the public's interest in disclosure and justify sealing court records exists when such 'court files might have become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Kamakana*, 447 F.3d at 1179 (quoting *Nixon*, 435 U.S. at 598). However, "[t]he mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." *Id.* (citing *Foltz*, 331 F.3d at 1136). The decision to seal documents is "one best left to the sound

discretion of the trial court" upon consideration of "the relevant facts and circumstances of the particular case." *Nixon*, 435 U.S. at 599.

Here, the Parties' Applications seek to seal portions of their exhibits that reveal Plaintiff's true identity, the disclosure of which Plaintiff has sought to prevent throughout this action. The Court has already concluded that, during pretrial proceedings, Plaintiff's interests in maintaining anonymity outweigh the possible risk of prejudice to Defendant and interests of the public. *See generally* ECF No. 97. Such a conclusion militates in favor of granting the instant Applications. *See Doe v. Progressive Casualty Ins. Co.*, 2023 WL 5960772, at *2 (N.D. Cal. Aug. 21, 2023) (citing *Jane Roes 1–2 v. SFBSC Mgmt., LLC*, 77 F. Supp. 3d 990, 993 (N.D. Cal. 2015)).

Accordingly, Defendant's *Ex Parte* Application to Seal (ECF No. 87) and Plaintiff's *Ex Parte* Application to Seal (ECF No. 98) are **GRANTED** as to the redacted portions of the documents below:

1. Defendant's Motion *in Limine* No. 2 (ECF No. 90): Exhibits 1–6;
2. Defendant's Motion *in Limine* No. 3 (ECF No. 91): Exhibits 1–6 and 8–10;
3. Plaintiff's Opposition to Defendant's Motion *in Limine* No. 1 (ECF No. 101: Exhibits 1–9;
4. Plaintiff's Opposition to Defendant's Motion *in Limine* No. 2 (ECF No. 102): Exhibits 1–8.

The Clerk of Court **SHALL FILE** the lodged unredacted copies of Defendant's Motions *in Limine* Nos. 2 and 3 (ECF Nos. 88, 89) and Plaintiff's Oppositions to Defendant's Motions *in Limine* Nos. 1 and 2 (ECF Nos. 99, 100) under seal.

**IT IS SO ORDERED.**

Dated: April 14, 2025

Hon. Janis L. Sammartino
United States District Judge