UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN DOE,<br><br>                         Plaintiff,<br><br>v.<br><br>REGENTS OF THE UNIVERSITY OF CALIFORNIA and DOES 1 through 10, inclusive,<br><br>                       Defendants. | Case No.: 22-CV-1506 JLS (VET)<br><br>**ORDER ON MOTIONS *IN LIMINE***<br><br>(ECF Nos. 79, 81, 84, 90, 91) |

      Presently before the Court are Plaintiff John Doe and Defendant Regents of the University of California's ("University") Motions *in Limine* ("MILs" or "Mots.," ECF Nos. 79, 81, 84, 90, 91). On April 23, 2025, the Court held a hearing on the Motions and issued tentative rulings. ECF No. 110. Having considered the Parties' moving papers, the arguments made at the hearing, and the applicable law, the Court **DENIES IN PART** and **RESERVES RULING IN PART** on the MILs, as discussed below. However, the Court emphasizes that, given the nature of motions *in limine*, the rulings that follow are necessarily tentative and may be revisited during trial. *See United States v. Bensimon*, 172 F.3d 1121, 1127 (9th Cir. 1999) ("The district court may change its ruling at trial

because testimony may bring facts to the district court's attention that it did not anticipate at the time of its initial ruling.").

## PLAINTIFF'S MOTION *IN LIMINE*

### I. Motion *in Limine* No. 1 to Preclude Defendant from Asserting or Arguing Affirmative Defenses Nos. 2 and 4

Plaintiff's MIL seeks to preclude Defendant from asserting or arguing affirmative defenses Nos. 2 and 4, which are, respectively, failure to exhaust administrative or judicial remedies and statute of limitations. ECF No. 79-1 at 9. Plaintiff argues that (1) both defenses fail as a matter of law, (2) Defendant cannot produce evidence to prevail on affirmative defense No. 2, and (3) affirmative defense No. 2 fails on the merits. *Id.* at 5–8. Defendant counters that Plaintiff is essentially seeking summary adjudication of the affirmative defenses, an objective that is improper for a motion *in limine*. ECF No. 86 at 2–3.

With respect to the statute of limitations affirmative defense, it appears as though Defendant has been reserving its right to assert the defense in the event that Plaintiff may argue at trial that his causes of action accrued at some time before September 2020, which is when the accommodation request at issue in this case was denied. If Plaintiff did indeed advance the position that his claims were triggered by some event occurring before that date, then the statute of limitations could, if available for claims under the Americans with Disabilities Act ("ADA") or Rehabilitation Act ("RA"), be a potential impediment to this suit, which was brought on August 31, 2022. ECF No. 1. Plaintiff, however, agreed at oral argument that the factual basis of his claims did not arise until the accommodation request denial in September 2020, a concession that Defendant agreed would render the statute of limitations defense inapplicable. Thus, the Parties are in agreement that determining the merits of the statute of limitations defense has no bearing on the upcoming trial. So to the extent Plaintiff seeks to preclude Defendant from asserting the statute of limitations defense, the Motion is **DENIED AS MOOT**.

///

With respect to the failure to exhaust remedies defense, Plaintiff's argument is not suitable for a motion *in limine*. In its initial response to the Complaint, Defendant had moved to dismiss this case on the ground that Plaintiff had failed to exhaust his administrative or judicial remedies, ECF No. 19-1 at 11, but the Court concluded that exhaustion was not necessary for Plaintiff's particular claims. ECF No. 27 at 14. Nevertheless, when Plaintiff subsequently moved to strike the exhaustion defense, ECF No. 30 at 6, the Court refrained from granting the request because of the possibility that discovery could "undermine the distinctions upon which this Court relied when it denied Defendant's [Motion to Dismiss]," ECF No. 42 at 11. In other words, despite "express[ing] considerable skepticism regarding the merits of Defendant's exhaustion argument," *id.*, the Court left open the possibility that discovery could "reveal[] that an administrative proceeding with sufficient 'judicial characteristics' occurred such that California courts would accord it 'collateral estoppel effect,'" *id.* at 11 n.2.

Defendant remained free, the Court clarified, to "renew its second affirmative defense in an appropriate motion," *id.*, but an appropriate motion should have possessed summary judgment-like procedural safeguards. Such safeguards would include "notice to the non-moving party that its claims or defenses will be dismissed unless it marshals actual evidence to support its position." *Carpenter v. Forest Meadows Owners Ass'n*, No. 1:09-CV-01918-JLT, 2011 WL 3207778, at *1–2 (E.D. Cal. July 27, 2011). Neither Party can now argue, after summary judgment, that the exhaustion defense lacks evidentiary support because a determination like that would require the Court to weigh the evidence, a task not proper when resolving a motion *in limine*. *See C & E Servs., Inc. v. Ashland, Inc.*, 539 F. Supp. 2d 316, 323 (D.D.C. Mar. 26, 2008). Plaintiff cannot "use the instant Motion as a substitute for a dispositive motion which he could have previously filed prior to the deadline for filing dispositive motions . . . ." *Arriaga v. Logix Fed. Credit Union*, No. CV-18-9128-CBM-(AGRx), 2022 WL 3099220, at *1 (C.D. Cal. Apr. 22, 2022); *LA Printex Indus., Inc. v. Belk, Inc.*, No. CV 08-08268 DMG (AJWx), 2011 WL 13213606, at *1 (C.D. Cal. Mar. 15, 2011). At this juncture, the evidence at trial

will show what the evidence at trial will show; if exhaustion remains central to the University's defense, the Court can revisit the existence of evidentiary support at that time. Accordingly, to the extent Plaintiff seeks to preclude Defendant from asserting the failure to exhaust defense, the Motion is **DENIED**.

## DEFENDANT'S MOTIONS *IN LIMINE*

### I. Motion *in Limine* No. 1 to Exclude Evidence of the May 2015 Motor Vehicle Accident and June 2015 Student Suicide

Defendant's MIL No. 1 seeks to exclude evidence or reference to the May 16, 2015 car accident that led to Plaintiff's disabilities other than to indicate that Plaintiff incurred brain trauma, ECF No. 81 at 2, and to exclude evidence or reference to the June 22, 2015 student suicide other than to indicate that a student death profoundly impacted UCSD as a whole and was the reason why Plaintiff was granted an exam deadline extension, *id.* at 7.

Defendant argues that Plaintiff's traumatic brain injury and resulting neuropsychological diagnosis are relevant to his claims, but the means by which he suffered the injury is not. *Id.* at 5. Nor, Defendant argues, are the deaths of the other students in the car relevant to the University's denial of an accommodation request. *Id.* Even if relevant, Defendant argues that such evidence could provoke an emotional reaction from the jury that would result in prejudice to Defendant, prejudice that is enhanced because the evidence is "connect[ed] . . . with a highly charged public issue." *Id.* at 6 (quoting *United States v. Blackstone*, 56 F.3d 1145, 1146 (9th Cir. 1995)). Plaintiff responds that facts pertaining to the underlying car accident and student suicide provide necessary background and context to Plaintiff's claims and that both events are critical for understanding the severity and impact of Plaintiff's disabilities. ECF No. 101 at 4–5.

The Court appreciates the emotionally charged nature of these incidents but finds Plaintiff's position more persuasive. The May 16, 2015 car accident and June 22, 2015 student suicide are both relevant to understanding the basis of Plaintiff's disabilities, which, if the evidence so demonstrates, may include conditions such as anxiety, depression, and post-traumatic stress disorder. Though a detailed accounting of every particular nuance of

the car accident may not be probative of the severity of these disorders, the jury is entitled to know the alleged source of the disorders and to have the opportunity to hear about the gravity of the events.  That said, the Court is sensitive to the potential for these events to provoke extreme emotional responses from the jury, so it will carefully police Plaintiff's probing of the events such that Plaintiff may only explore the events to the extent they establish the factual predicate to Plaintiff's claims.  With that caveat, Defendant's MIL No. 1 is **DENIED**.

## II. Motion *in Limine* No. 2 to Exclude Evidence of Disabilities Not At-Issue

Defendant's MIL No. 2 seeks to exclude evidence of any mental health or medical conditions other than (1) specific learning disability; (2) post-traumatic stress disorder; (3) post-concussive syndrome; (4) specific memory difficulty with free auditory recall only; and (5) cyclothymia.  ECF No. 90 at 3–5.  Motivating this request is Defendant's resistance to Plaintiff being able to introduce evidence of non-diagnosed conditions such as major depressive disorder, clinical anxiety, and attention deficit disorder.  *Id.* at 3.

Defendant argues that Plaintiff's claims are exclusively based on his diagnosed conditions of which Defendant was aware at the time the accommodation request at issue was denied.  *Id.*  Based on its understanding that Plaintiff's allegations are limited to discrimination on the basis of only certain diagnosed conditions, Defendant contends that evidence of Plaintiff's non-diagnosed conditions is not relevant under Federal Rule of Evidence 401.  *Id.*  Alternatively, if such evidence is relevant, Defendant contends that any probative value this evidence might have is outweighed by the risk of unfair prejudice, as its introduction would confuse the issues and mislead the jury.  *Id.* at 4 (citing *Phipps v. Potter*, No. CV 07-07274 SJO (SHx), 2011 WL 13213656, at *2–3 (C.D. Cal. Nov. 8, 2011)).

Plaintiff counters that Defendant is mischaracterizing the nature of Plaintiff's disabilities in a way that is attempting to exclude disabilities that form the basis of the alleged discrimination.  Put differently, Plaintiff suggests that his disabilities are not limited to those that are expressly diagnosed by a physician but that he can assert disabilities based

5

on any admissible evidence purporting to show that the University was on notice of the factual basis of Plaintiff's accommodation request. ECF No. 102 at 4–5.

Plaintiff has the better of the arguments. The University's decision to deny Plaintiff's accommodation request on September 1, 2020 must be considered in light of the entirety of Plaintiff's learning disabilities. Plaintiff produced ample evidence of his purported disabilities from sources other than bona fide medical diagnoses arising out of certain neuropsychological evaluations. If Plaintiff can demonstrate at trial that the University was aware of a factual basis of his alleged disabilities from these sources other than medical diagnoses at the time the University denied his accommodation request in September 2020, then such evidence is relevant to his claims. *See Kocsis v. Multi-Care Mgmt., Inc.*, 97 F.3d 876, 884 (6th Cir. 1996) (requiring knowledge of the disability as a prerequisite for discrimination). Defendant's reliance on *Phipps* is misplaced, because there, the court excluded evidence of a medical condition (cancer) that was not related to the plaintiff's purported disability (arm injury). *Phipps*, 2011 WL 13213656, at *3. Here, in contrast, the "additional disabilities" are directly related to the claims of discrimination. Accordingly, Defendant's MIL No. 2 is **DENIED**, conditioned upon Defendant's right to re-raise this objection if Plaintiff attempts to introduce evidence at trial of disabilities that were not made known to Defendant until after September 1, 2020.

### III. Motion *in Limine* No. 3 to Exclude Expert and Lay Testimony Regarding Plaintiff's Test-Taking and Medical Competency

Defendant's MIL No. 3 seeks to preclude all expert and lay testimony regarding Plaintiff's post-UCSD ability to pass the Step II CK exam, ECF No. 91, at 3–4, receive accommodations from the NBME, *id.*, or successfully practice medicine, *id.* at 5.

First, Defendant argues that any testimony about Plaintiff's ability to pass the Step II CK exam or receive NBME accommodations is speculative and not proper for lay testimony. *Id.* at 3–4. Similarly, Defendant argues that lay testimony about Plaintiff's ability to practice medicine is subjective and "not based on any scientific knowledge." *Id.* Thus, according to Defendant, such evidence is improper under Federal Rule of Evidence

602, which permits lay testimony only to the extent the witness "has personal knowledge of the matter." Plaintiff retorts that this argument sweeps too broadly, as such evidence is highly relevant to Plaintiff's claims. ECF No. 94 at 2–3.

Second, Defendant argues that Plaintiff's vocational economics expert, Dr. Vega, should be precluded from testifying because his opinion as to Plaintiff's lost income in this matter is based upon several unsupported and speculative assumptions. ECF No. 91 at 6. Dr. Vega opines that Plaintiff has suffered over $1.8 million in lost earning capacity as a result of Defendant's actions, but Defendant says this opinion should be kept from the jury because it is based on the following assumptions, which are too speculative to satisfy the requirements of Federal Rule of Evidence 703: (1) whether Plaintiff would have received NBME accommodations, (2) whether Plaintiff would have passed the Step II CK exam, (3) whether Plaintiff would have completed his residency programs, (4) whether Plaintiff would have passed the Step III exam, and (5) whether all of the above would have been completed in four years. *Id.* at 7. Plaintiff counters that, while Dr. Vega's opinion is based on a given set of assumptions, no lost income opinion is ever 100% certain. ECF No. 94 at 3. The jury, says Plaintiff, is entitled to an expert opinion of what Plaintiff's income would have been if he had been granted the requested accommodation, even if such an opinion is based on a set of assumptions. *Id.*

Third, Defendant argues that any speculative evidence of Plaintiff's ability to practice medicine or his ability to pass the Step II CK exam are irrelevant to the question of whether he was qualified to remain at UCSD at the time his accommodation request was denied. ECF No. 91 at 7 (citing *Kocsis*, 97 F.3d at 884). As above, Plaintiff argues that this argument sweeps too broadly. ECF No. 94 at 3.

To the extent Defendant argues that Plaintiff should be excluded from presenting lay testimony regarding Plaintiff's aptitude for test-taking or clinical skills, the Motion is **DENIED**. Opinion testimony is plainly permissible by a lay witness under Federal Rule of Evidence 701 so long as the Rule's requirements are satisfied. If they are, such evidence is directly relevant to whether Plaintiff was "otherwise" qualified to remain at the medical

school at the time he was denied the requested accommodation.

To the extent Defendant argues that Plaintiff should be excluded from presenting any evidence of his ability to pass the Step II CK exam or to become a doctor, the Court **RESERVES RULING** on such a request. The Court requires more context as to the speculative nature of any given item of evidence before determining whether it has a sound basis.

Finally, to the extent Defendant argues that Dr. Vega's expert testimony should be excluded, the Motion is **DENIED**, as questions regarding the factual basis underlying Dr. Vega's opinion go more to the weight of his testimony than the admissibility of his testimony. *See Hangarter v. Provident Life & Accident Ins. Co.*, 373 F.3d 998, 1017 n.14 (9th Cir. 2004). Though an expert's testimony should be excluded "if it is based on unrealistic assumptions regarding the plaintiff's future employment prospects," *Boucher v. U.S. Suzuki Motor Corp.*, 73 F.3d 18, 21 (2d Cir. 1996), it should not be excluded simply because the expert's assumptions are "rosy," *Dykzeul v. Charter Commc'ns, Inc.*, No. 18-5826 DSF (GJSx), 2021 WL 4522545, at *7 (C.D. Cal. Feb. 3, 2021). For the Court to exclude expert testimony on these grounds, the expert's calculations must be "so 'fundamentally unsupported' that they 'offer[] no assistance to the jury.'" *Norton v. Caremark, Inc.*, 20 F.3d 330, 340 (8th Cir. 1994) (quoting *Loudermill v. Dow Chem. Co.*, 863 F.2d 566, 570 (8th Cir. 1988)). Here, although Dr. Vega, without a doubt, relied on rather optimistic assumptions, this is not a case where the assumptions are so unrealistic as to be divorced from reality. *Cf. Sclafani v. Air & Liquid Sys. Corp.*, Nos. 2:12-cv-3013-SVW-PJW, 2:12-cv-3037-SVW-PJW, 2013 WL 2477077, at *1 (C.D. Cal. May 9, 2013) (excluding expert testimony because the expert assumed the plaintiff would take on a full-time minimum wage job despite having been self-employed with no income at the time of his mesothelioma diagnosis).

Accordingly, for the reasons stated above, the Court **DENIES IN PART** and **RESERVES RULING IN PART** on Defendant's MIL No. 3.

///

## IV. Motion *in Limine* No. 4 to Exclude Evidence Above and Beyond Garden Variety Emotional Distress

Defendant's MIL No. 4 seeks to preclude evidence of emotional distress above and beyond garden variety emotional distress. ECF No. 84 at 2–3. According to Defendant, Plaintiff informed Defendant that he sought only noneconomic damages in the form of garden variety emotional distress. *Id.* at 2. In reliance on that disclaimer, Defendant declined to retain an expert to conduct an independent mental examination of Plaintiff, as such discovery is not permitted where a Plaintiff seeks only garden variety emotional distress damages. *Id.* at 3 (citing *Fitzgerald v. Cassil*, 216 F.R.D. 632, 637 (N.D. Cal. 2003)). Defendant argues that allowing evidence beyond garden variety emotional distress would, as a result be prejudicial. *Id.* at 4. It also argues that such evidence is not relevant to Plaintiff's claims for relief and would confuse the issues and mislead the jury. *Id.*

Plaintiff does not oppose this MIL. *See* ECF No. 95. Accordingly, the Court **GRANTS** Defendant's MIL No. 4, as it is reasonable and unopposed.

## CONCLUSION

In light of the foregoing, the Court:

1) **DENIES** Plaintiff's first Motion *in Limine* (ECF No. 79);
2) **DENIES** Defendant's first Motion *in Limine* (ECF No. 81);
3) **DENIES** Defendant's second Motion *in Limine* (ECF No. 90);
4) **DENIES IN PART** and **RESERVES RULING IN PART** on Defendant's third Motion *in Limine* (ECF No. 91); and
5) **GRANTS** Defendant's fourth Motion *in Limine* (ECF No. 84).

///
///
///
///
///
///

The Court reiterates that these rulings are without prejudice, and that the Parties may make valid contemporaneous objections at trial concerning the matters discussed in this Order. The Court also reserves the right to change any of these rulings based on the testimony developed at trial.

**IT IS SO ORDERED.**

Dated: April 24, 2025

Hon. Janis L. Sammartino
United States District Judge