UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN DOE<br><br>                              Plaintiff,<br><br>v.<br><br>REGENTS OF THE UNIVERSITY OF CALIFORNIA and DOES 1 through 10, inclusive,<br><br>                              Defendant. | Case No.: 22-cv-1506-JES-VET<br><br>**ORDER DENYING MOTION FOR AMENDED FINDING AND MOTION FOR A NEW TRIAL**<br><br>**[ECF No. 180]** |

Before the Court is *pro se* Plaintiff John Doe's motion for an amended finding and motion for a new trial. ECF No. 180 ("Mot."). Defendant Regents of the University of California, San Diego School of Medicine ("Defendant") filed a response in opposition. ECF No. 182 ("Opp'n"). Plaintiff filed a reply. ECF No. 183 ("Reply"). For the reasons set forth below, the Court **DENIES** the motions.

## I.      BACKGROUND

Plaintiff is a former student of the University of California, San Diego School of Medicine ("UCSD") who brought this lawsuit challenging his dismissal. ECF No. 1 ("Compl.") at 1. Plaintiff challenged his dismissal under the Americans with Disabilities

Act ("ADA"), alleging that Defendant discriminated against him by refusing to allow him extra time to take and pass the Step 2 examination, a test required to reach the next stage of his training. *Id.* ¶¶ 85-105.

The Court held a jury trial in this matter, which began on December 1, 2025. ECF No. 147. At trial, both parties had the opportunity to call witnesses and present evidence to the jury. *See* ECF Nos. 148-158 (minute entries for trial). On December 12, 2025, the jury returned a verdict form finding that (1) Plaintiff had a "disability," as defined in the jury instructions, while he was enrolled at UCSD School of Medicine; (2) at the time Plaintiff's request for a graduation deadline extension was denied, he was a "qualified individual" as defined in the jury instructions to remain as a medical student at UCSD School of Medicine; and (3) Defendant did not deny Plaintiff's request for a graduation extension because of his disability. ECF No. 162 ("Verdict Form") at 1-2. The jury did not fill out the remaining questions on the jury form, pursuant to the forms instructions to skip all remaining questions and sign where indicated upon a "NO" answer to the third question. *Id.* The verdict form was dated and signed by the foreperson. *Id.* at 4.

## II.   LEGAL STANDARD

### A. Motion for Amended Finding

"After a nonjury trial, the court may, on motion for a new trial, open the judgment if one has been entered, take additional testimony, amend findings of fact and conclusions of law or make new ones, and direct the entry of a new judgment." Fed. R. Civ. P. 59(a)(2); *see also* Fed. R. Civ. P. 52(b) (allowing a court to amend findings in a nonjury trial).

### B. Motion for New Trial

A court may grant a new trial on some or all issues on motion by a party, "after a jury trial, for any reason for which a new trial has heretofore been granted in an action at law in federal court." Fed. R. Civ. P. 59(a). A new trial is "an extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enters., Inc. v. Est. of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) (internal quotation omitted). While a new trial may be granted for newly discovered evidence, clear error

committed by the court, or a change in law, a new trial will not be granted on the basis of arguments or evidence that could have been raised earlier. *Id.*

## III.    DISCUSSION

Plaintiff moves for an amended finding and for a new trial. *See generally,* Mot. As a threshold matter, a motion for an amended finding is not available in a jury trial. *See* Fed. R. Civ. P. 59(a)(2); Fed. R. Civ. P. 52(b). The Court addresses Plaintiff's remaining arguments below.

### A. Challenge to the Verdict Form

Plaintiff argues that the verdict form was biased because (1) it allowed the jury to skip remaining questions if they answered "NO" to a single question; (2) question 1, regarding whether Plaintiff had a disability, should not have been included; and (3) question 7, regarding deliberate indifference, misstated the law. Mot. at 7-8.

A jury form which asks the jury to answer specific questions regarding their findings of fact is a well-recognized type of form called a "Special Verdict" form. *See* Fed. R. Civ. P. 49. Here, the parties had the opportunity to submit their own proposed jury forms prior to the trial. *See* ECF Nos. 122, 123. The verdict form that was used at trial was based upon the elements that Plaintiff had to prove to win his case. *See* Verdict Form; *Zukle v. Regents of Univ. of Cal.,* 166 F.3d 1041, 1045 (9th Cir. 1999) (explaining the elements of a prima facia ADA claim in the medical school dismissal context). If the jury found that Plaintiff failed to prove any element of his case, represented by answering "NO" to any question on the verdict form, Plaintiff lost because he failed to prove all of the elements of his case. *See id.* One of those elements was the existence of a disability, which the jury found Plaintiff had proven. *See id.* Because the jury found for Plaintiff on that element, it is immaterial that Defendants also did not contest it. Another element of Plaintiff's claim was a causal connection between Plaintiff's disability and Defendant's denial of an extension, which the jury found Plaintiff had not proven. *See id.* The instruction to skip remaining questions was proper, because Plaintiff could not win his case after the jury found that Defendant did not deny Plaintiff's request for an extension because of his disability. *See*

*id.* Because the jury did not reach question 7, any issues with that question are irrelevant. The motion for a new trial on the basis of issues with the verdict form is **DENIED**.

### B. Ineffective Assistance of Counsel

Plaintiff raises many complaints about his counsel in his motion, including that his counsel declined to raise intentional discrimination, did not use evidence Plaintiff emailed to them, and did not follow all of Plaintiff's instructions at trial. Mot. at 8-11.

"Generally, a plaintiff in a civil case has no right to effective assistance of counsel." *Nicholson v. Rushen,* 767 F.2d 1426, 1427 (9th Cir. 1985). There is no historically recognized ground for a new trial in federal court based upon counsel using a different legal strategy than their client would like. *See* Fed. R. Civ. P. 59(a). While the model rules of ethics for lawyers require attorneys to abide by their clients' decisions in regards to the objective of representation, they are only required to "consult with the client" as to the means by which they are pursued. Model Rules of Pro. Conduct r. 1.2 (A.B.A. 2026).

Here, Plaintiff's complaints regarding ineffective assistance of counsel amount to a challenge to strategy. *See* Mot. at 8-11. Defendant correctly points out that Plaintiff's issues with his former counsel are addressable, if at all, through litigation with counsel themselves. *See* Opp'n at 6-7. While Plaintiff raises troubling allegations regarding counsel's apparent withholding of evidence in discovery, Plaintiff also appears to admit that he perjured himself on the stand. *See* ECF No. 180-16 (Plaintiff's emails with his counsel regarding a recorded meeting); Opp'n at 3-4 (Defendant's statement that the recording was not mentioned or produced in discovery); Mot. at 5 (Plaintiff's statement that he testified at trial that his absences were not disability related when he knew that they were). In the spirit of judicial economy, the Court declines to analyze these claims in depth as they are unnecessary to decide these motions. Plaintiff has not shown a historically recognized ground for a new trial based upon his counsel's behavior. *See Nicholson*, 767 F.2d at 1427; Fed. R. Civ. P. 59(a). The motion for a new trial on the basis of ineffective assistance of counsel is **DENIED**.

//

4

**C. Newly Discovered Evidence**

Plaintiff also moves for a new trial on the basis of newly discovered evidence. Mot. at 12-15.

"Newly discovered evidence within Civil Procedure Rule 59 […] refers to evidence of facts existing at time of trial, of which aggrieved party was excusably ignorant." *United States v. Bransen*, 142 F.2d 232, 235 (9th Cir. 1944) (internal quotation omitted). "Evidence in the possession of the party before the judgment was rendered is not newly discovered." *Feature Realty, Inc. v. City of Spokane*, 331 F.3d 1082, 1093 (9th Cir. 2003) (internal quotation omitted).

Here, Plaintiff asserts that trial exhibits, trial testimony, discovery productions, deposition testimony, and attachments to Defendant's motion for summary judgment are newly discovered evidence. *See* Mot. at 12-15. That is not possible because those exhibits were available to the parties at or before the time of trial, and actually involved in the adjudication of this case. *See Bransen*, 142 F.2d at 235. Plaintiff also asserts that the undisclosed recording, a post-it note he wrote to his counsel, and an email thread between himself and the medical school are newly discovered evidence. *See* Mot. at 12-15. This is not possible because this evidence was in Plaintiff's possession before the judgment was rendered. *See Feature Realty, Inc.*, 331 F.3d at 1093. Because the evidence is not newly discovered, Plaintiff's motion for a new trial on this basis is **DENIED**.

**D. Prosecutorial Misconduct**

Plaintiff also argues, under the heading "Prosecutorial Misconduct," that his attorneys and Defendant colluded to obscure evidence that was helpful to him and that Defendant presented inappropriate evidence. Mot. at 15-18. The term "Prosecutorial Misconduct" in the legal field refers to actions by criminal prosecutors, which are not at issue in this civil case. *See, e.g., Towery v. Schriro*, 641 F.3d 300, 310 (9th Cir. 2010) (discussing prosecutorial misconduct). To the extent Plaintiff raises issues with either Defense counsel's strategy or his own counsel's actions at trial, he has not stated a

historically recognized ground for new trial. *See* Fed. R. Civ. P. 59. The motion for new trial on this basis is **DENIED**.

### E. Verdict Against the Weight of the Evidence

Plaintiff also argues that the verdict was against the weight of the evidence because the record shows he made a prima facie showing of his case. Mot at 18.

On motion for new trial, "the district court has the duty to weigh the evidence as the court saw it, and to set aside the verdict of the jury, even though supported by substantial evidence, where, in the court's conscientious opinion, the verdict is contrary to the clear weight of the evidence." *Molski v. M.J. Cable, Inc.*, 481 F.3d 724, 729 (9th Cir. 2007) (cleaned up, internal quotations omitted).

As Plaintiff states, he was required to show at trial that (1) he was disabled; (2) he was otherwise qualified to remain a student at the medical school; (3) he was dismissed solely because his disability; and (4) the Medical School received federal financial assistance. *See* Mot. at 18; *Zulke*, 166 F.3d at 1045. The jury decided for Plaintiff on the first two elements, and the fourth element was not contested. *See* Verdict Form. Thus, the issue is whether the jury's conclusion that Plaintiff was not dismissed solely because of his disability was against the clear weight of the evidence. *See Molski*, 481 F.3d at 729.

At trial, the jury heard that the University denied Plaintiff's petition for a third extension to take the Step 2 exam because he had not passed his second attempt, which he had been told was his last attempt, and that he had in fact done worse on his second attempt. ECF No. 169 at 5. The jury also heard many hours of testimony regarding the accommodations the University made for Plaintiff over the course of his time as a student prior to his dismissal. *See, e.g.,* ECF Nos. 168, 170 (partial transcripts of trial, including testimony that University officials had met with Plaintiff on many occasions and that the University had granted him several extensions). The jury heard that the University had professionalism concerns about Plaintiff as a future doctor starting in 2014 due to his failure to prioritize medical school. ECF No. 168 at 36-38. The jury also learned that Plaintiff had previously lied to University officials by stating that he had pursued

22-CV-1506-JES-VET

accommodations from the organization administering the test when he in fact had not. *See* ECF No. 166 at 24-26. The jury was entitled to use this evidence of Plaintiff's dishonesty in their decision to weigh his testimony and his other statements in the record. In short, based upon the evidence produced at trial, the Court finds that the jury had sufficient grounds on which to base their finding that Plaintiff's disability was not the reason for his dismissal. *See Molski*, 481 F.3d at 729. The Court thus **DENIES** the motion for new trial on this basis.

## IV.   CONCLUSION

For the foregoing reasons, the Court **DENIES** Plaintiff's motion for an amended verdict and **DENIES** Plaintiff's motion for new trial. The Clerk of the Court is **DIRECTED** to **CLOSE** this case.

**IT IS SO ORDERED.**

Dated: June 23, 2026

_____
Honorable James E. Simmons Jr.
United States District Judge

22-CV-1506-JES-VET